UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 4:24-CV-10017-JEM

AKARI JOHNSON and
HAZEL THOMPSON

    Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO RULE 12 (B)(6) WITH INCORPORATED
MEMORANDUM OF LAW**

Defendants, MMI 82, LLC and THE ENTHUSIAST LLC (collectively referred to as the "Defendants"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby respectfully requests this Honorable Court dismiss Plaintiffs' Complaint against the Defendants pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. As grounds in support thereof, the Defendants state as follows:

**I.    Introduction**

On February 22, 2024, Plaintiffs Akari Johnson and Hazel Thompson (the "Plaintiffs") filed a lawsuit against the Defendants, MMI 82 LLC and THE ENTHUSIAST LLC for (1) 42 U.S.C. § 1981-Race and Color Discrimination; (2) 42 U.S.C. §1981-Hostile Work Environment; (3) 42 U.S.C. § 1981-Retalaition; and (4) 29 U.S.C. § 207(1)-Violation of the Fair Labor Standards Act ("FLSA") (the "Complaint").  D.E. 1. The Complaint is 32 pages and contains 224 paragraphs. Throughout the 224-paragraph Complaint, the Plaintiffs fail to differentiate which specific claims are against which Defendants. *See generally* Compl. Indeed, the causes of action merely assert

they are against "against all defendants" before asserting several alleged wrongful actions. *See* Compl. at 15-32. This type of unspecified pleading behavior has led to the Defendants being utterly unaware of what allegations are pled against each of them, and has left Defendants unable to properly respond to the claims. The two Defendants named are entirely different entities, which is why the Plaintiffs must plead which claims are against each Defendant with specificity.

Further, the Eleventh Circuit has already held that this type of "shotgun pleading" fails to meet the pleading standard and fails to put the Defendants on notice of what claims are alleged against each of them. Therefore, the Complaint must be dismissed, or at the very least, the Court must force the Plaintiffs to replead their Complaint to allow the Defendants an opportunity to properly defend themselves against the allegations.

## MEMORANDUM OF LAW

### II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed as a matter of law for "failure to state a claim for which relief can be granted." In reviewing a motion to dismiss, courts are required to view the complaint in the light most favorable to the Plaintiff. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F. Supp. 572, 573 (M.D. Fla. 1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).

However, only the allegations that are "well pleaded" need be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City of Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary*, 980 F. 2d 1418, 1419 (11th Cir. 1993)). A court need not accept conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F. 2d 278, 284 (5th Cir. 1993). To survive a Motion to Dismiss, a plaintiff must do more than merely "label" his or her claims. *Id.* (*citing Blumen v.*

*Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). To meet the Federal Rules of Civil Procedure pleading requirement, the Plaintiff must plead "a short and plain statement of the claim" that "will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

Further, complaints that violate the pleading rules under the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). When district courts are faced with shotgun pleadings, they have the inherent power to demand that the Plaintiff replead their Complaint. *See Tuscany Cheese, LLC v. True Grade, LLC*, No. 22-20415-CIV, 2022 WL 3701184, at *1 (S.D. Fla. June 3, 2022) ("[the Eleventh Circuit] has also made clear that district courts possess inherent authority to sua sponte demand repleader of shotgun complaints.").

### III. Legal Argument

#### A. Plaintiffs must replead allegations due to shotgun pleading.

The Eleventh Circuit has negatively categorized and condemned the act of a Plaintiff pleading multiple claims against multiple defendants and failing to specify which Defendants are responsible for the specific claims as shotgun pleading. *See Weiland,* 792 F.3d at 1323 (it is called shotgun pleading "when asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (a complaint that was replete with allegations that "the defendants" engaged in certain conduct without making any distinctions among the defendants named, is the type of complaint that the Eleventh Circuit has "criticized time and again"); *Agency, LLC v. Integrated Viral Prot. Sols.,*

*LLC*, No. 22-23472-CIV, 2022 WL 18458162, at *2 (S.D. Fla. Oct. 25, 2022) ("The Eleventh Circuit has repeatedly condemned shotgun pleadings."); *see also Bermeo v. U.S. Dep't of Homeland Sec.*, No. 21-23645-CIV, 2021 WL 9409383, at *1 (S.D. Fla. Oct. 18, 2021).

As pled, the Plaintiffs filed a 32-page and 8-count Complaint against two separate Defendants, yet for each Count, instead of specifying which allegations pertain to each Defendant, the Plaintiffs consistently refer to both Defendants as "Defendants" never distinguishing specific allegations against each Defendant. *See* Compl. at 15-32. This issue is material, because the Defendants are separate companies. Therefore, the allegations as pled do not apply to both Defendants. Throughout Plaintiff's Complaint, they fail to differentiate amongst both Defendants and they fail to properly notify Defendants of which allegations are explicitly against Defendant. Plaintiff's Shotgun Complaint fails to give each Defendant notice of the specific claims against. *See Weiland*, 792 F. 3d at 1323 ("The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.").

At a minimum, the Court should strike the Complaint and require that the Plaintiffs properly replead the various causes of action against the separate and distinct Defendants to permit each Defendant to respond adequately. *See Guillaume v. United States*, No. 23-CV-23287, 2024 WL 915267, at *2 (S.D. Fla. Mar. 4, 2024) ("The district court should strike the complaint and instruct counsel to replead the case if counsel could in good faith make the representations required By Fed. R. Civ. P. 11(b)."); *See Bialek v. Delvista Towers Condo. Ass'n, Inc.*, 994 F. Supp. 2d 1277, 1281 (S.D. Fla. 2014) (the Plaintiff must replead its Complaint because it failed to distinguish between what acts were committed by which Defendants).

WHEREFORE, Defendants, MMI 82, LLC and THE ENTHUSIAST LLC respectfully request that the Court grant its Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted and grant such other relief this Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed in the Court's CM/ECF portal on this 22nd day of April 2024.

**ALMAZAN LAW**
*Counsel for Defendants*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Telephone:   (305) 665-6681
Facsimile:   (305) 665-6684
Service: service@almazanlaw.com

*/s/ Johanna Castellon-Vega*

**ALEXANDER P. ALMAZAN, ESQ.**
Florida Bar No.: 159166
aalmazan@almazanlaw.com

**JOHANNA CASTELLON-VEGA, ESQ.**
Florida Bar No.: 58345
jvega@almazanlaw.com

**CAMERON L. PERKINS, ESQ.**
Florida Bar No. 1039668
cperkins@almazanlaw.com