**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AKARI JOHNSON and
HAZEL THOMPSON,

         Plaintiffs,

    v.

MMI 82, LLC, and
THE ENTHUSIAST LLC,

         Defendants.
_____ /

CASE NO.: 4:24-CV-10017-JEM

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Plaintiffs, AKARI JOHNSON and HAZEL THOMPSON (hereinafter collectively referred to as "Plaintiffs"), by and through their undersigned counsel, hereby file their Response in Opposition to Defendants', MMI 82, LLC and THE ENTHUSIAST LLC (hereinafter collectively referred to as "Defendants"), Motion to Dismiss Plaintiffs' Complaint (hereinafter referred to as "Motion to Dismiss" and/or "Motion"). In support of their Memorandum, Plaintiffs state as follows:

**INTRODUCTION**

Defendants' Motion seeking dismissal of the Plaintiffs' Complaint, is unfounded and must be denied. As set forth herein, Plaintiffs' Complaint properly asserts a joint employer relationship between Defendants, which adequately places each Defendant on notice of the claims asserted against them and the grounds upon which they rest. Plaintiffs' Complaint states facially plausible claims against all Defendants for: (1) Race discrimination in violation of 42 U.S.C. § 1981; (2) Hostile work environment race discrimination in violation of 42 U.S.C. § 1981; (3) Retaliation in

violation of 42 U.S.C. § 1981; and (4) Violations of the Fair Labor Standards Act. Defendants' Motion fails to establish any meaningful pleading deficiencies with regard to Plaintiffs' alleged joint employer relationship, which satisfies the notice and specificity requirements. For this and other reasons, Plaintiffs respectfully request that this Honorable Court deny the Defendants' Motion in its entirety.

## STANDARD OF LAW

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement" of the plaintiff's claims, among other things." Fed. R. Civ. P. 8(a)(2). "The short and plain statement of the claim 'need only give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Charles v. Geo Grp. Inc.*, 2024 U.S.App. LEXIS 9021 at *5 (11th Cir. 2024) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)).

Shotgun pleadings are "complaints that violate federal pleading rules by fail[ing] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). When identifying whether a pleading deficiency is indicative of a shotgun pleading, "'[p]leadings must be construed so as to do justice[,]' which 'excludes requiring technical exactness, or the making of refined inferences against the pleader, and requires an effort fairly to understand what he attempts to set forth.'" *Charles*, 2024 LEXIS 9021 at *5-6 (citing Fed. R. Civ. P. 8(e); *DeLoach v. Corlwey's, Inc.*, 128 F.2d 378, 380 (5th Cir. 1942)). A pleading need not be a "model of efficiency or specificity" so long as it "adequately put [the defendants] on notice of the specific claims against them and the factual allegations that support those claims." *Weiland*, 792 F.3d at 1325. In fact, even if "pleadings bear some characteristics of what we call shotgun pleadings… dismissal [may] not [be] appropriate because

the defendants still had 'adequate notice of the claims against them and the factual allegations that support those claims.'" *Charles*, 2024 LEXIS 9021 at *8 (citing *Weiland*, 792 F.3d at 1325.)

## **LEGAL ARGUMENT**

I. **Plaintiffs' Complaint Properly Asserts Claims Against Defendants Under a Joint Employment Relationship, Making Dismissal Improper**

   a. **Plaintiffs' Complaint is Not a Shotgun Pleading**

Although the Complaint includes two named Defendants, Paragraph 7 explains "Upon information and belief, Defendant MMI & Defendant ENTHUSIAST were the Plaintiffs' joint and/or sole employer during their respective periods of employment." *See* Compl. at ¶ 7. Each count identifies the legal claim being asserted and who it is being asserted against. By means of example, Count I of the Complaint is titled: "42 U.S.C. § 1981 RACE AND COLOR DISCRIMINATION (Plaintiff Johnson against all Defendants)". There is no uncertainty or ambiguity about which allegations apply to each Defendant, as the Complaint makes clear that all allegations of discrimination, retaliation, hostile work environment, and FLSA violations are directed against both Defendants jointly.

Despite the Plaintiffs' efforts, Defendants improperly label Plaintiffs' claims brought under joint employer liability as a form of shotgun pleading warranting dismissal. In *Wright v. Waste Pro USA, Inc.*, the Court explained that when a "Plaintiff is making the same claim against both Defendants as joint employers, the Amended Complaint can be read as making the same allegation against each defendant individually." *Wright*, No. 0:19-CV-62051-KMM, 2020 WL 8230193, at *5 (S.D. Fla. May 28, 2020) (citation omitted). The Court in *Wright* distinguished these types of claims from those where "broad allegations are directed at a large and diverse group of defendants, leaving unclear just who is alleged to have committed which acts." *Id.* at *4 (quoting *Crowe v.*

*Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997)).[1] Similarly, each of the claims asserted in the Plaintiffs' Complaint can be properly read as making the same allegation against each defendant individually.

In support of its argument that Plaintiffs' Complaint is subject to dismissal, Defendants cite to *Magluta v. Samples*. Mot. Dismiss, p. 3. Defendants contend that the Plaintiffs' Complaint suffers from the same shotgun pleading deficiencies as those in *Magluta*. *Id*. at 3-4. Again, Defendants incorrectly conflate claims brought under joint employer liability, which place Defendants on notice of the claims against them, with the kind of claims that are described in *Magluta*, that are "replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Further, the Complaint in *Magluta* named fourteen (14) Defendants with "geographic and temporal realities [that] make plain that all of the defendants could not have participated in every act complained of[,]" and each count in the *Magluta* Complaint incorporated the allegations of any count or counts that precede it. *Id.* Most importantly, the Plaintiff in *Magluta* was not alleging a joint employment relationship. *Id*.

In stark contrast to *Magluta*, Plaintiffs' Complaint in this case does not, as pled, "fail" to identify which claims are being brought against the Defendants. Mot. Dismiss, p. 4. Plaintiffs only name two (2) Defendants, both of whom could have participated in every act complained thereof. Next, Plaintiffs' counts do not incorporate the allegations of any count or counts that precede it. Most importantly, Plaintiffs specifically allege a joint employment relationship. Each of these

---

[1] *See also In re Takata Airbag Prods. Liab. Litig.*, 396 F.Supp. 3d 1101, 1162–63 (S.D. Fla. 2019) (explaining that collective allegations against multiple defendants does not per se violate Rule 8 of the Federal Rules of Civil Procedure).

aspects in Plaintiffs' Complaint is distinct from the Complaint in *Magluta*. Plaintiffs make clear that they are alleging joint claims for race discrimination, retaliation, and hostile work environment under Section 1981, as well as joint claims for violations of the FLSA. *See generally* Compl. Each count also includes specific factual allegations to support the legal claims at issue. Accordingly, the Plaintiffs' Complaint provides Defendants with sufficient notice of the claims brought against them and the facts on which they stand, and therefore cannot be considered a shotgun pleading.

### b. Joint Employment is a Fact-Intensive Determination, Which Cannot be Resolved on a Motion to Dismiss

In making determinations regarding joint employment or integrated employment, the Eleventh Circuit has applied the standard promulgated by the National Labor Relations Board. *Lyes v. City of Rivera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999) (applying NLRB test to Title VII cases). This standard requires the Court to examine "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. Id. (citing *McKenzie v. Davenport–Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir. 1987)). The inquiry into whether a joint employment relationship is "flexible and fact-intensive." *Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *4 (S.D. Fla. Dec. 1, 2014).

Here, the Plaintiffs' Complaint has properly alleged a joint employer relationship and put Defendants on ample notice to engage in discovery on the issue. Due to its fact-intensive nature, the determination of joint employment is inappropriate at the motion to dismiss stage of litigation. *See, e.g, Downie v. BF Weston, LLC*, No. 16-81396-CIV, 2016 WL 7451427, at *4 (S.D. Fla. Dec. 23, 2016) ("[T]he determination requested by Defendants; i.e., that Defendants are not joint employers, is ill-suited at this early stage. Indeed, such a decision requires a factual inquiry that is

best left until an adequate record is developed.").[2] An evidentiary record is necessary for the Plaintiffs to prove the existence of the Defendants' joint employment relationship. Accordingly, Defendants' Motion to Dismiss should be denied until the parties are able to engage in discovery and develop a factual record.

## CONCLUSION

For the reasons set forth above, the Plaintiffs respectfully request that the Court deny the Defendants' Motion to Dismiss Plaintiffs' Complaint.[3]

| | |
|---|---|
| Dated: Miami, Florida<br>May 6, 2024, | **DEREK SMITH LAW GROUP, PLLC**<br>*Counsel for Plaintiffs*<br><br>*/s/ Daniel J. Barroukh*<br>Daniel J. Barroukh, Esq.<br>Florida Bar No.: 1049271<br>Derek Smith Law Group, PLLC<br>520 Brickell Key Drive, Suite O-301<br>Miami, FL 33131<br>Tel: (305) 946-1884<br>Fax: (305) 503-6741<br>Danielb@dereksmithlaw.com |

---

[2] *See also Diaz v. U.S. Century Bank*, 2012 WL 3597510, at *2 (S.D. Fla. Aug. 20, 2013) (denying motion to dismiss for lack of a factual foundation for establishing a joint employment relationship); *Dawkins v. Picolata Produce Farms, Inc.*, 2005 WL 3054054, at *2 (M.D. Fla. Nov.15, 2005) (explaining that determining "employer" and "joint employer" status involves "fact intensive inquiries that need to be developed, and are not readily amenable to resolution on a motion to dismiss").

[3] Alternatively, should the Court find in favor of the Defendants on any of the aforementioned issues, the Plaintiffs respectfully request that this Court grant leave to amend the Complaint and cure any deficiencies.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on May 6, 2024, on all counsel of record on the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**ALMAZAN LAW**
*Counsel for Defendants*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Telephone: (305) 665-6681
Facsimile: (305) 665-6684
Service: service@almazanlaw.com

Alexander P. Almazan, Esq.
Florida Bar No.: 159166
aalmazan@almazanlaw.com

Johanna Castellon-Vega, Esq.
Florida Bar No.: 58345
jvega@almazanlaw.com

Cameron L. Perkins, Esq.
Florida Bar No. 1039668
cperkins@almazanlaw.com