UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 4:24-CV-10017-JEM

AKARI JOHNSON and
HAZEL THOMPSON

    Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

    Defendants.

_____

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINITFFS' COMPLAINT**

    Defendants, MMI 82, LLC and THE ENTHUSIAST LLC (collectively referred to as the "Defendants"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby submit its Reply to Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint (Dkt. No. 10). As grounds in support thereof, the Defendants state as follows:

**I.    Introduction**

    Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint ("Plaintiffs' Response") offers no additional or relevant legal authority to dispel the fact that their Complaint fails to put each of the Defendants on notice of the specific allegations against them. The Plaintiffs are attempting to argue that since they are alleging a joint employer relationship between the Defendants, they are excused from specifying which Defendants are responsible for which acts or omissions or which of the Defendants the claims are brought against. The Plaintiffs' argument defies the unambiguous pleading standard that the Federal Rules of Civil Procedure have

put in place to require plaintiffs to plead in such a way as to put defendants on notice of the specific claims against them and the factual allegations that support those claims. It is vital that the Plaintiffs are forced to replead their allegations because the Defendants are minimally related entities. Indeed, the Defendants that the Plaintiffs have named in this action are sparsely related and are not joint employers of the Plaintiffs. Because the Defendants are not both joint employers, the Plaintiffs must replead their Complaint.

Plaintiffs support their entire Response on a single case where a plaintiff alleges a joint employer relationship between a defendant and the defendant's parent company. As laid out in Plaintiff's Complaint, they allege claims against a Nevada limited liability company and a Florida limited liability company. The named Defendants do not have the same relationship with the Plaintiffs and are both not employers of the Plaintiffs, so the Plaintiffs must be forced to replead their allegations specific to each Defendant. The Plaintiffs' Complaint merely states their claims are "against all defendants" for each claim they are alleging, making it impossible for these two separate entities to form a response to the claims because they are unaware of which allegations are pled against them specifically. The Plaintiffs' Response argues that they should be allowed to plead this way because they allege a joint employer relationship. Still, the two named Defendants are not joint employers, and the plaintiffs have not pleaded anything of substance that shows that the Defendants are joint employers of the Defendants. The Plaintiffs are correct in that it is not the appropriate time to determine the joint employment relationship between the Defendants; however, the Plaintiffs should be required to, at a minimum, replead so that each Defendant is on notice as to what claims are against each of them.

## II.     Legal Argument

### A. Plaintiffs Must Be Forced to Replead their Claims against Defendants

Although the Plaintiffs are alleging a joint employment relationship between the Defendants, that does not permit them to violate the federal pleading rules. *See Charles v. GEO Grp. Inc*., No. 22-13891, 2024 WL 1619911, at *2 (11th Cir. Apr. 15, 2024) ("Shotgun pleadings are complaints that violate federal pleading rules by failing to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). The Plaintiffs' Response does not provide any authority that supports their argument that they should be allowed to plead broad allegations against "all Defendants" instead of complying with the federal rules and allowing the Defendants to be put on notice of the specific claims made against them. *See Weiland,* 792 F.3d at 1323 ("The unifying characteristic of all types of shotgun pleadings is they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). The Plaintiffs attempt to use *Wright v. Waste Pro USA, Inc*, No. 0:19-CV-62051-KNM, 2020 WL 8230193 (S.D. Fla. May 28, 2020), to support their argument that since they are alleging a joint employer relationship, they do not have to plead their claims specifically towards each Defendants. *See* Pls. ['] Resp. at 3-5. In *Wright*, the named Defendants were the direct employer of the Plaintiff and the parent company of the direct employer. *See Id.* These facts were crucial in the Court's determination to permit the Plaintiff to plead in the manner he did because the Complaint alleged a direct correlation between the Defendants as employers and the Plaintiff. *Id.* However, that is not the case here as the Plaintiffs have not shown a clear correlation between entities and the Plaintiffs. As previously stated, the Defendants are minimally related and are both not employers of the Plaintiffs.

The Plaintiffs' Complaint pleads each claim "against all defendants" which not only fails to put the Defendants on notice of the specific claims against them but has also been labeled as shotgun pleading in the 11th Circuit. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (a complaint that was replete with allegations that "the defendants" engaged in certain conduct without making any distinctions among the defendants named, is the type of complaint that the Eleventh Circuit has "criticized time and again"); *Agency, LLC v. Integrated Viral Prot. Sols., LLC*, No. 22-23472-CIV, 2022 WL 18458162, at *2 (S.D. Fla. Oct. 25, 2022) ("The Eleventh Circuit has repeatedly condemned shotgun pleadings."); *see also Bermeo v. U.S. Dep't of Homeland Sec.*, No. 21-23645-CIV, 2021 WL 9409383, at *1 (S.D. Fla. Oct. 18, 2021). The Defendants are two separate entities and therefore need to know specifically which allegations are pled against each of them, so they can defend themselves accordingly. *See Guillaume v. United States*, No. 23-CV-23287, 2024 WL 915267, at *2 (S.D. Fla. Mar. 4, 2024) ("The district court should strike the complaint and instruct counsel to replead the case if counsel could in good faith make the representations required By Fed. R. Civ. P. 11(b)."); *See Bialek v. Delvista Towers Condo. Ass'n, Inc.*, 994 F. Supp. 2d 1277, 1281 (S.D. Fla. 2014) (the Plaintiff must replead its Complaint because it failed to distinguish between what acts were committed by which Defendants). The Plaintiffs 32-page and 8-count complaint fails to differentiate between the Defendants once and fails to put them on notice of the claims against them as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)

WHEREFORE, Defendants, MMI 82, LLC and THE ENTHUSIAST LLC respectfully request that the Court grant its Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted, or in the alternative require that the Plaintiffs replead their allegations and grant such other relief this Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed in the Court's CM/ECF portal on this 13th day of May 2024.

**ALMAZAN LAW**
*Counsel for Defendants*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Telephone:  (305) 665-6681
Facsimile:  (305) 665-6684
Service: service@almazanlaw.com

*/s/ Johanna Castellon-Vega*

**ALEXANDER P. ALMAZAN, ESQ.**
Florida Bar No.: 159166
aalmazan@almazanlaw.com

**JOHANNA CASTELLON-VEGA, ESQ.**
Florida Bar No.: 58345
jvega@almazanlaw.com

**CAMERON L. PERKINS, ESQ.**
Florida Bar No. 1039668
cperkins@almazanlaw.com