**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AKARI JOHNSON and
HAZEL THOMPSON,

      Plaintiffs,                          CASE NO.: 4:24-cv-10017-JEM

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

      Defendants.
_____/

**CONFERRAL REPORT**

      Plaintiffs, AKARI JOHNSON and HAZEL THOMPSON, and Defendants, MMI 82, LLC, and THE ENTHUSIAST LLC, pursuant to Federal Rule of Civil Procedure 26(f) and Southern District of Florida Local Rule 16.1, hereby file this Conferral Report.

**I.    Case Management Track**

      The parties agree with the Case Management Track selected by the Court. *See* D.E. 13.

**II.    Mandatory Areas of Discussion as Required by Federal Rule of Civil Procedure 26(f)**

      The parties recommend that discovery be conducted as set out in Rule 26, and Local Rule 16.1, except as otherwise provided by stipulation of the parties or court order.

      **(A)    Initial Disclosures**

      The parties agree to exchange the initial disclosures required by Rule 26(a)(1) on or before September 1, 2024.

      **(B)    Discovery**

      The parties currently intend to seek discovery with respect to all pleadings and amendments thereto, via propounding written discovery and taking depositions. The parties consent to receive

discovery requests and responses via e-mail, pursuant to Rule 5(b)(2)(E). The parties do not believe discovery should be conducted in phases.

 **(C) Electronically Stored Information**

The parties agree that readily accessible electronically stored information will be produced in .pdf format with bates numbering pursuant to any Request to Produce, provided that such format retains all metadata from the native format. The parties agree to produce pictures and videos in their original digital format, to the extent technically feasible. To the extent electronically stored information is not readily accessible, the parties agree to follow the guidelines provided in Rule 26(b)(2)(B).

 **(D) Privilege and Trial-Preparation Materials**

The parties do not anticipate any issues regarding claims of privilege or protection of trial-preparation materials other than those that arise in the ordinary course of any litigation. The parties agree that the standard procedures contained in Rule 26(b) will govern any such claims. The parties will confer should any privilege issues arise and attempt to professionally resolve any issues that arise before seeking court intervention.

 **(E) Limitations on Discovery**

None at this time.

 **(F) Any Other Orders**

At this time, the parties do not request any other orders pursuant to Fed. Rules 26(c), or 16(b) and (c).

**III. <u>Mandatory Areas of Discussion Under Local Rule 16.1</u>**

 **(A) The Likelihood of Settlement**

The parties are presently reviewing each other's claims and defenses and will continue to make a good faith effort to explore the possibility of settlement. If the parties reach an agreement to settle the case, the parties will promptly notify the Court.

**(B)     The Likelihood of Appearance of Additional Parties**

None that are known at this time.

**(D)     Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defenses and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment**

The parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery.

**(E)     The necessity or desirability of amendments to the pleadings**

Plaintiffs: None at this time. Defendants: Defendants are evaluating the necessity and desirability of bringing certain counterclaims against Plaintiffs at this time.

**(F)     The Possibility of Obtaining Admissions of Fact and of Documents, Electronically Stored Information or Things Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and the Deed for Advance Rulings from the Court on the Admissibility of Evidence**

The parties will work together to streamline the issues before this Court, obtain appropriate admissions and stipulations, and seek advance rulings from the Court regarding the admissibility of evidence.

**(G)     Suggestions for the Avoiding Unnecessary Proof and Cumulative Evidence**

None at this time. However, the parties will consider stipulations, including those regarding the authenticity and admissibility of documents and undisputed facts, to narrow the issues for trial.

**(H)** **Suggestions referring matters to Magistrate Judge**

The parties agree that a United States Magistrate Judge may hear and rule on matters related to 1) Motions for Costs, 2) Motions for Attorney's Fees, 3) Motions for Sanctions, and 4) Discovery. *See Exh. A*. The parties do not consent to the use of a United States Magistrate Judge to rule on dispositive motions or to conduct the trial on this cause.

**(I)** **A preliminary estimate of the time required for trial**

The parties estimate that a five-day jury trial is appropriate based on present information about the facts.

**(J)** **Requested date for conferences before trial, final pretrial conference, and trial**

Pursuant to the Court's Order, the parties agree to appear for Calendar Call on July 14, 2025, and agree for Trial to be scheduled during the two-week period beginning Monday, Juily 28, 2025. *See* D.E. 13.

**(K)** **Issues concerning disclosure, discovery, or preservation of electronically-stored information, claims of privilege or protection as trial-preparation materials, and ESI checklist**

The parties intend to cooperate to the greatest extent possible concerning disclosure, discovery and preservation of electronically-stored discovery. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means. If the receiving party determines in good

faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it.

    **(L)    Other helpful information for setting case for status or pretrial conference:**

## IV. ADDITIONAL INFORMATION REQUIRED BY D.E. 13

  **(1) Whether the Trial will be Jury or Non-Jury:**

  The trial will be a jury trial.

  **(2) An Outline of the Legal Elements of Each Claim and Defense Raised by the Pleadings:**

  **A) Claims**

    i)    <u>Race and Color Discrimination – 42 U.S.C. § 1981</u>

        Defendant took an adverse action against Plaintiff. Race was a motivating factor that prompted Defendant to take that action. Defendant would not have taken the adverse action against Plaintiff if they did not take Plaintiff's race into account.

    ii)    <u>Hostile Work Environment – 42 U.S.C. §1981</u>

        Plaintiff's supervisor harassed him because of his race. The harassment created a hostile work environment for Plaintiff. Defendant did not exercise reasonable care to prevent and promptly correct any harassing behavior in the workplace because of race. Plaintiff took advantage of the preventive or corrective opportunities Defendant provided to avoid the harm. Plaintiff took advantage of the opportunities and Defendant did not take reasonable and prompt corrective action. Plaintiff suffered damages because of the hostile work environment.

    iii)    <u>Retaliation – 42 U.S.C. §1981</u>

       Plaintiff engaged in protected activity. Defendant took an adverse employment action. Defendant took the adverse employment action because of Plaintiff's protected activity. Plaintiff suffered damages because of the adverse employment action.

  iv)    <u>Violation of the FLSA – 29 U.S.C. §§ 201 *et seq.*</u>

       Plaintiff was an employee of the Defendant and was engaged in commerce or in the production of goods for commerce/employed by an enterprise engaged in commerce or in the production of commercial goods. Defendant failed to pay Plaintiff the overtime pay required by law. Plaintiff was not exempt from the Fair Labor Standards Act. Defendant knew or showed reckless disregard for whether the FLSA prohibited its conduct.

**B) Defenses**

  i)    Defendants have filed a Motion to Dismiss the Complaint on the grounds that Plaintiffs pled all their indistinguishably against both Defendants without stating which Defendant did which act alleged, and that this constitutes impermissible "shotgun pleading." If the Court requires Plaintiffs to amend, Defendants will be in a better position to raise particular affirmative defenses to each allegation.

**(3) A Good-Faith Estimate of the Specific Dollar Valuation of Actual Damages and Other Relief at Issue:**

**Plaintiff Johnson:**

Plaintiff is still in the process of calculating his actual damages, however, at this early juncture Plaintiff estimates his actual damages to be $25,000.00, not including attorney's fees and costs, liquidated damages, emotional or punitive damages, which the Plaintiff will request in amounts to be stated in Plaintiff's Initial Disclosures.

**Plaintiff Thompson:**

Plaintiff is still in the process of calculating her actual damages, however, at this early juncture Plaintiff estimates her actual damages to be $52,500.00, not including attorney's fees and costs, liquidated damages, emotional or punitive damages, which the Plaintiff will request in amounts to be stated in Plaintiff's Initial Disclosures.

**(4) The Need for Variance from the Discovery Limitations Imposed by Local Rule and/or the Federal Rules of Civil Procedure:**

None.

DATED this 24th day of June 2024.

Respectfully submitted,

| | |
|---|---|
| **DEREK SMITH LAW GROUP, PLLC** | **ALMAZAN LAW** |
| */s/ Daniel J. Barroukh* | */s/ R. Edson Briggs, Jr.* |
| Daniel J. Barroukh, Esq. | R. Edson Briggs, Jr., Esq. |
| Florida Bar No.: 1049271 | Florida Bar No. 0004448 |
| DEREK SMITH LAW GROUP, PLLC | Cameron L. Perkins, Esq. |
| 520 Brickell Key Drive, Suite O-301 | Florida Bar No. 1039668 |
| Miami, Florida 33131 | ALMAZAN LAW |
| Tel: (786) 688-2335 | 7901 Ludlam Rd., Suite 100 |
| Fax: (305) 503-6741 | Miami FL 33143 |
| danielb@dereksmithlaw.com | Phone: 305-665-6681 |
| | Fax: 305-665-6684 |
| *Counsel for Plaintiffs* | ebriggs@almazanlaw.com |
| | cperkins@almazanlaw.com |
| | *Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on the 25th day of June, 2024, on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## **SERVICE LIST**

**ALMAZAN LAW**
*Counsel for Defendants*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Tel: (305) 665-6681
Fax: (305) 665-6684
service: service@almazanlaw.com

ALEXANDER P. ALMAZON, ESQ.
Florida Bar No.: 159166

JOHANNA CASTELLON-VEGA, ESQ.
Florida Bar No.: 58345

CAMERON L. PERKINS, ESQ.
Florida Bar No.: 1039668