UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
Case Number: 24-10017-CIV-MARTINEZ

AKARI JOHNSON and
HAZEL THOMPSON

    Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' Complaint ("Motion"), (ECF No. 9). The Court reviewed the Motion; Plaintiffs' Response, (ECF No. 10); Defendants' Reply, (ECF No. 11); and pertinent portions of the record and is otherwise fully advised. After careful consideration, and for the reasons set forth herein, the Motion is **DENIED**.

Plaintiffs worked as front desk agents at Casa Morada, a hotel located in Islamorada, Florida, owned and operated by Defendants. (Compl., ECF No. 1 ¶ 3–5). Plaintiffs claim that Defendants were their joint and/or sole employers during their periods of employment. (Compl. ¶ 7). Plaintiffs allege that they were subjected to unlawful discrimination and retaliation during their employment and unlawfully deprived of wages. (*See generally* Compl.). Defendants moved to dismiss the Complaint as a shotgun pleading due to a lack of specificity in attributing actions to individual defendants. (Mot. at 3).

Under Federal Rule of Civil Procedure 12(b)(6), courts will grant a motion to dismiss if a complaint fails to state a claim for which relief can be granted. To survive dismissal, a complaint

must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). A complaint is considered a shotgun pleading when it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Here, Plaintiffs' Complaint is not a shotgun pleading. "When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). Defendants' argument that they are "minimally related entities" and "not both joint employers" goes to the determination of joint employment. (Mot at 2). Given its fact-intensive nature, determining joint employment is inappropriate at the motion to dismiss stage of litigation. *See, e.g., Downie v. BF Weston, LLC*, No. 16-81396-CIV, 2016 WL 7451427, at *4 (S.D. Fla. Dec. 23, 2016) ("[T]he determination requested by Defendants; i.e., that Defendants are not joint employers, is ill-suited at this early stage. Indeed, such a decision requires a factual inquiry that is best left until an adequate record is developed."); *Diaz v. U.S. Century Bank*, No. 12-21224-CIV, 2012 WL 3597510, at *3 (S.D. Fla. Aug. 20, 2012) (denying a motion to dismiss for lacking a factual foundation to establish a joint employment relationship).

The lack of distinction between the two Defendants did not deprive either Defendant of notice, as the collective references indicate that both Defendants are alleged to have participated in the conduct at issue. *See Ritter v. Nonprofit Info. Networking Ass'n*, No. 8:16-cv-01386, 2017 WL 821851, at *2 (M.D. Fla. Mar. 2, 2017) (finding that use of the collective reference

"Defendants" did not deprive defendants of fair notice when the plaintiff had asserted claims against only two defendants). Plaintiffs' complaint can be read in such a way that each defendant is having the allegations made about them individually. Plaintiffs' collective references are not difficult to contextualize and are supported by detailed factual allegations. Therefore, the Complaint does not constitute an improper shotgun pleading.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss, (ECF No. 9), is **DENIED** as set forth herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11 day of October, 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge Sanchez
All Counsel of Record