**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 4:24-CV-10017-JEM

AKARI JOHNSON and
HAZEL THOMPSON

      Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

      Defendants.

_____

## MMI 82, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT

      Defendant, MMI 82, LLC ("Defendant" or "MMI 82"), through undersigned counsel, hereby timely files *MMI 82, LLC's Answer, Affirmative Defenses and Counterclaim to Plaintiffs' Complaint*, and states:

### ANSWER TO COMPLAINT

      A.    Except as expressly admitted or qualified below, each and every statement, allegation, contention, or insinuation of the *Complaint* is denied.

      B.    The *Complaint*'s headings are reproduced herein for ease of reference only. Defendant does not accept, and expressly rejects, both the contentions in the headings and characterizations of the pleadings as set forth in those headings.

      C.    Capitalized terms not otherwise defined herein shall have meanings expressly ascribed to them in the *Complaint*. Plaintiffs AKARI JOHNSON and HAZEL THOMPSON shall be referred to herein as "Plaintiffs".

      D.    Numbered paragraphs 1 through 224 of this *Answer* corresponds to the numbered paragraphs of the *Complaint*.

1

E.      Defendant has retained the undersigned law firm to represent their interests in this matter and is obligated to pay their attorneys a reasonable fee for services provided in connection with this matter. Moreover, Defendant is entitled to recover its reasonable attorneys' fees or costs as provided by law or agreement.

## INTRODUCTION

1.      Defendant denies the allegations in Paragraph 1 of the Complaint.

2.      Defendant admits the nature of the action; however, denies that the Plaintiffs are entitled to relief.

## PARTIES

3.       Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore the allegations are denied.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore the allegations are denied.

5.      Defendant admits the allegations in Paragraph 5 of the Complaint.

6.      Admitted that ENTHUSIAST maintains a website that features Casa Morada and other properties. The Defendant denies the remainder of the allegations and inferences in Paragraph 6 of the Complaint.

7.      Admitted that MMI 82 was the employer of Plaintiffs. Denied that ENTHIAST was the employer of Plaintiffs, and denied that MMI82 was the "joint" employer of Plaintiffs. Unknown whether MMI 82 was the "sole employer" of Plaintiffs at the relevant time. Defendant denies the remainder of the allegations in Paragraph 7 of the Complaint.

8.      Admitted that Plaintiffs were hourly employees of MMI 82; denied as to ENTHUSIAST. Defendant denies the remainder of the allegations in Paragraph 8 of the Complaint as improperly calling for a legal conclusion.

2

9.      Defendant denies the allegations in Paragraph 9 of the Complaint as vague and as calling for a legal conclusion.

10.     Admitted that MMI 82 was the employer of Plaintiffs; denied as to ENTHUSIAST. Defendant denies the allegations in Paragraph 10 of the Complaint as improperly calling for a legal conclusion.

11.     Defendant admits as to MMI 82 and denies as to ENTHUSIAST the allegations in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.     Admitted only that jurisdiction is proper. Denied that Plaintiffs have a valid claim against Defendant or that Defendant has any liability to Plaintiffs.

13.     Admitted only that venue is proper. The remaining allegations of this paragraph are denied.

## FACTUAL ALLEGATIONS

14.     Defendant MMI 82 admits that they hired Plaintiff Thompson in May of 2023; denied as to THE ENTHUSIAST. The remaining allegations of this paragraph are denied.

15.     Admitted only as to Defendant MMI 82; denied as to ENTHUSIAST. The remaining allegations of this paragraph are denied.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant admits that one of the Plaintiff's job responsibilities was welcoming and checking-in the guests of Casa Morada.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint as phrased, and admits only that Mr. Khosa exercised supervisory authority over Plaintiffs as employees of MMI 82.

21.     Defendant admits the allegations in Paragraph 21 of the Complaint as to MMI 82. Any authority Mr. Khosa may or may not exercise over employees of ENTHUSIAST is irrelevant to this action, as ENTHUSIAST was not Plaintiffs' employer.

22.     Admitted only as to MMI 82. Defendant denies the remainder of the allegations in Paragraph 22 of the Complaint.

**Defendants Unlawfully Denied Plaintiffs Overtime in Violation of the FLSA**

23.     Defendant admits that MMI 82 maintained control, oversight, and direction over the Plaintiffs, including the ability to hire, fire, and discipline them. Denied as to The Enthusiast, LLC and the remaining allegations of this paragraph are denied.

24.     Paragraph 24 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

25.     Paragraph 25 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

26.     Paragraph 26 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

27.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore the allegations are denied.

28.     Admitted that Defendant ENTHUSIAST maintains a website. As to the remaining allegations, the term "maintains a collection of properties" is vague and ambiguous and Defendant is unable to admit or deny as a result.

29.     Paragraph 29 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

30.     Paragraph 30 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

31.     Paragraph 31 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

32.     Defendant admits the allegations in Paragraph 32 as it pertains to MMI 82.

33.     Defendant denies the allegations in Paragraph 33 of the Complaint.

34.     Denied.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and therefore the allegations are denied.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Defendant is without knowledge regarding the allegations in Paragraph 38 of the Complaint and therefore, the allegations are denied.

39.     Defendant is without knowledge regarding the allegations in Paragraph 39 of the Complaint and therefore, the allegations are denied.

40.     Defendant is without knowledge regarding the allegations in Paragraph 40 of the Complaint and therefore, the allegations are denied.

41.     Defendant is without knowledge regarding the allegations in Paragraph 41 of the Complaint and therefore, the allegations are denied.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Defendant is without knowledge regarding the allegations in Paragraph 44; therefore, the allegations are denied. Defendant further denies the remaining allegations in Paragraph 44.

45.     Defendant is without knowledge regarding the allegations in Paragraph 45 and therefore, the allegations are denied.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

**<u>Defendants Unlawfully Discriminated Against Plaintiffs on the Basis of their Race and Color</u>**

50.     Denied as phrased. THE ENTHUSIAST was not the supervisor of Plaintiffs and thus Ms. Summers was not in any supervisory role over Plaintiffs to whatever extent she was employed by ENTHUSIAST. Admitted that she was supervisor over Plaintiffs as employees of MMI 82.

51.     Admitted as to MMI 82.

52.     Defendant admits the allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Deny?

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant is without knowledge regarding the allegations in Paragraph 67 and therefore, the allegations are denied.

68. Defendant is without knowledge regarding the allegations in Paragraph 68 and therefore, the allegations are denied.

69. Defendant is without knowledge regarding the allegations in Paragraph 69 and therefore, the allegations are denied.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant is without knowledge regarding the allegations in Paragraph 71 and therefore, the allegations are denied.

72.     Defendant is without knowledge regarding the allegations in Paragraph 72 and therefore, the allegations are denied.

73.     Defendant denies the allegations in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations in Paragraph 77 of the Complaint.

78.     Denied.

**Defendants Unlawfully Retaliated Against Plaintiffs**

79.     Defendant denies the allegations in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     Defendant is without knowledge regarding the allegations in Paragraph 84 and therefore, the allegations are denied.

85.     Defendant is without knowledge regarding the allegations in Paragraph 85 and therefore, the allegations are denied.

86.     Defendant denies the allegations in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations in Paragraph 95 of the Complaint.

**CAUSES OF ACTION**
**COUNT I**
**42 U.S.C. § 1981**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Johnson against all Defendants)**

96.     No response to this allegation. To the extent a response is required, the responses of Defendant are restated herein.

97.     Paragraph 97 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

98.     Paragraph 98 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

99.     Paragraph 99 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

100.    Paragraph 100 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations in Paragraph 103 of the Complaint.

104.     Paragraph 104 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

105.     Paragraph 105 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

106.     Defendant denies Mr. Johnson is entitled to any damages.

107.     Paragraph 107 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

108.     Paragraph 108 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

109.     No response to this allegation. To the extent a response is required, the allegations are denied.

### COUNT II
### 42 U.S.C. § 1981
### HOSTILE WORK ENVIRONMENT
### (Plaintiff Johnson against all Defendants)

110.     No response to this allegation. To the extent a response is required, Defendant restates its responses to those allegations.

111.     Paragraph 111 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

112.    Paragraph 112 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

113.    Paragraph 113 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

114.    Defendant denies the allegations in Paragraph 114 of the Complaint.

115.    Defendant denies the allegations in Paragraph 115 of the Complaint.

116.    Defendant denies the allegations in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations in Paragraph 117 of the Complaint.

118.    Paragraph 118 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

119.    Paragraph 119 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

120.    Defendant denies Mr. Johnson is entitled to any damages.

121.    Paragraph 121 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

122.    Paragraph 122 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

123.    No response to this allegation. To the extent a response is required, the allegations are denied.

## COUNT III
### 42 U.S.C § 1981
### RETALIATION
### (Plaintiff Johnson against all Defendants)

124.    No response to this allegation. To the extent a response is required, the responses to these allegations are restated.

125.    Paragraph 125 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

126.    Paragraph 126 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

127.    Paragraph 127 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

128.    Defendant denies the allegations in Paragraph 128 of the Complaint.

129.    Paragraph 129 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

130.    Defendant denies the allegations in Paragraph 130 of the Complaint.

131.    Defendant denies the allegations in Paragraph 131 of the Complaint.

132.    Paragraph 132 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

133.    Paragraph 133 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

134.    Paragraph 134 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

135.    Paragraph 135 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

136.    Defendant denies the allegations in Paragraph 136 of the Complaint.

137.    Defendant denies the allegations in Paragraph 137 of the Complaint.

138.    Defendant denies the allegations in Paragraph 138 of the Complaint.

139.    Defendant denies the allegations in Paragraph 139 of the Complaint.

140.    Defendant denies the allegations in Paragraph 140 of the Complaint.

141.    Paragraph 141 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

142.    Defendant denies Mr. Johnson is entitled to any damages.

143.    Paragraph 143 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

144.     Paragraph 144 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

145.     No response to this allegation. To the extent a response is required, the allegations are denied.

**COUNT IV**
**42 U.S.C. § 1981**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Thompson against all Defendants)**

146.     No response to this allegation. To the extent a response is required, the allegations are denied.

147.     Paragraph 147 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

148.     Paragraph 148 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

149.     Paragraph 149 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

150.     Paragraph 150 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

151.     Defendant denies the allegations in Paragraph 151 of the Complaint.

152.     Defendant denies the allegations in Paragraph 152 of the Complaint.

153.     Defendant denies the allegations in Paragraph 153 of the Complaint.

154.     Paragraph 154 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

155.     Paragraph 155 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

156.     Defendant denies that Ms. Thompson is entitled to any damages.

157.     Defendant denies the allegations in Paragraph 157 of the Complaint.

158.     Paragraph 158 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

159.     No response to this allegation. To the extent a response is required, the allegations are denied.

**COUNT V**
**42 U.S.C. § 1981**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Thompson against all Defendants)**

160.     No response to this allegation. To the extent a response is required, the responses to the named allegations are restated.

161.     Paragraph 161 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

162.    Paragraph 162 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

163.    Paragraph 163 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

164.    Defendant denies the allegations in Paragraph 164 of the Complaint.

165.    Defendant denies the allegations in Paragraph 165 of the Complaint.

166.    Defendant denies the allegations in Paragraph 166 of the Complaint.

167.    Defendant denies the allegations in Paragraph 167 of the Complaint.

168.    Defendant denies the allegations in Paragraph 168 of the Complaint.

169.    Defendant denies the allegations in Paragraph 169 of the Complaint.

170.    Defendant denies that Ms. Thompson is entitled to any damages.

171.    Defendant denies the allegations in Paragraph 171 of the Complaint.

172.    Paragraph 172 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

173.    No response to this allegation. To the extent a response is required, the allegations are denied.

**COUNT VI**
**42 U.S.C. § 1981**
**RETALIATION**
**(Plaintiff Thompson against all Defendants)**

174.    No response to this allegation. To the extent a response is required, the responses to these allegations are restated.

175.    Paragraph 175 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

176.    Paragraph 176 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

177.    Paragraph 177 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

178.    Defendant denies the allegations in Paragraph 178 of the Complaint.

179.    Paragraph 179 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

180.    Defendant denies the allegations in Paragraph 180 of the Complaint.

181.    Defendant denies the allegations in Paragraph 181 of the Complaint.

182.    Defendant denies the allegations in Paragraph 182 of the Complaint.

183.    Defendant denies the allegations in Paragraph 183 of the Complaint.

184.    Defendant denies the allegations in Paragraph 184 of the Complaint.

185.    Defendant denies the allegations in Paragraph 185 of the Complaint.

186.    Defendant denies the allegations in Paragraph 186 of the Complaint.

187.    Defendant denies the allegations in Paragraph 187 of the Complaint.

188.    Defendant denies the allegations in Paragraph 188 of the Complaint.

189.    Defendant denies the allegations in Paragraph 189 of the Complaint.

190.    Defendant denies the allegations in Paragraph 190 of the Complaint.

191.    Defendant denies that Ms. Thompson is entitled to any damages.

192.    Defendant denies that Ms. Thompson is entitled to any damages.

193.    Defendant denies the allegations in Paragraph 193 of the Complaint.

194.    Defendant denies the allegations in Paragraph 194 of the Complaint.

195.    Denied.

**COUNT VII**
**29 U.S.C. § 207(1)**
**VIOLATION OF THE FLSA**
**(Plaintiff Johnson against all Defendants)**

196.    No response to this allegation. To the extent a response is required, the responses to these allegations are restated.

197.    Paragraph 197 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

198.    Paragraph 198 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

199.    Defendant denies the allegations in Paragraph 199 of the Complaint.

200.    Paragraph 200 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

201.    Paragraph 201 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

202.    Defendant denies the allegations in Paragraph 202 of the Complaint.

203.     Paragraph 203 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

204.     Denied.

205.     Defendant denies the allegations in Paragraph 205 of the Complaint.

206.     Defendant denies the allegations in Paragraph 206 of the Complaint.

207.     Paragraph 207 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

208.     Denied.

209.     Denied.

**COUNT VIII**
**29 U.S.C. § 207(1)**
**VIOLATION OF THE FLSA**
**(Plaintiff Thompson against all Defendants)**

210.     No response to this allegation. To the extent a response is required, the responses to these allegations are restated as if fully set forth herein.

211.     Paragraph 211 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

212.     Paragraph 212 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

213.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the Complaint and therefore the allegations are denied.

214.   Defendant denies the allegations in Paragraph 214 of the Complaint.

215.   Defendant denies the allegations in Paragraph 215 of the Complaint.

216.   Paragraph 216 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

217.   Defendant denies the allegations in Paragraph 217 of the Complaint.

218.   Paragraph 218 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

219.   Paragraph 219 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

220.   Defendant denies the allegations in Paragraph 220 of the Complaint.

221.   Defendant denies the allegations in Paragraph 221 of the Complaint.

222.   Paragraph 222 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

223.   Denied.

224.   Denied.

In answering the unnumbered WHEREFORE clause following Paragraph 224 of the Complaint, Defendant denies Plaintiffs are entitled to any relief whatsoever and, instead, Defendant demands recovery of its recovery attorneys' fees and costs from Plaintiffs for the defense of this action to the greatest extent permitted by law, including, but not limited to, Rule 11 and or § 57.105, Fla. Stat. (2023).

## <u>AFFIRMATIVE DEFENSES</u>

Without assuming the burden of proof where it otherwise rests with Plaintiff and without admitting any of the allegations or claims in the Complaint, Defendant pleads the following defenses to the Complaint. Defendant reserves the right to plead additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against the Defendant upon which relief can be granted. Among other things, the allegations in Plaintiff's Complaint lack factual support.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for injuries and damages resulting from occurrence alleged in the operative complaint are barred, or in the alternative, are subject to reduction, by any benefits paid or payable.

### THIRD AFFIRMATIVE DEFENSE

Any damages, which are expressly denied, were not the result of Defendant's actions or omissions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering any alleged or purported damages which are speculative, uncertain, or incapable of calculation.

### RESERVATION OF RIGHTS

Defendant hereby reserves the right to assert any additional defenses or matters in avoidance that may be disclosed during the course of additional investigation and discovery.

### <u>DEMAND FOR JURY TRIAL</u>

Defendant demands a trial by jury on all issues so triable.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, MMI 82, LLC a Florida Limited Liability Company, ("Counter-Plaintiff" or "MMI 82"), by and through its undersigned attorneys, hereby sues Plaintiff/Counter-Defendants, AKARI JOHNSON and HAZEL THOMPSON, LLC ("Counter-Defendants") and states as follows:

## PARTIES

1.       Counter-Defendant, AKARI JOHNSON ("Johnson"), is an individual, a resident of Miami-Dade County, Florida, over the age of eighteen years, and otherwise sui juris.

2.       Counter-Defendant, HAZEL THOMPSON ("Thompson"), is an individual, a resident of Miami-Dade County, Florida, over the age of eighteen years, and otherwise sui Juris.

3.       Counter-Plaintiff, MMI 82, LLC is a Florida limited liability company, authorized to do and doing business in the State of Florida, that owns, manages, exercises control over, possess and/or operates the hotel called Casa Morada ("Casa Morada"), which is located at 136 Madeira Road, Islamorada, FL 33036.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction pursuant to 28 U.S.C. §1367.

5.       Venue is proper in this Court under 28 U.S.C. §1391 because the events giving rise to this action occurred within the jurisdiction of the United States District Court for the Southern District of Florida.

6.       All conditions precedent to the bringing of this action, if any, were performed, excused, or waived.

## COUNT I -CONVERSION
### (ALL COUNTER-DEFENDANTS)

7.      MMI 82 restates the allegations contained in paragraphs 1 through 6, and further states:

8.      While working as a front desk Agent for Casa Morada, Counter-Defendants had access to all bookings and reservations through Casa Morada.

9.      While Casa Morada was unaware, Counter-Defendants used their access to Casa Morada's booking system to book themselves hotel rooms for personal use during working and non-working hours without paying for their stays.

10.      As a result of their actions, counter-Defendants incurred significant financial losses for Casa Morada. They never compensated Casa Morada for the numerous hotel rooms they booked and occupied.

11.      Counter-Defendants would also enter rooms that were clean and ready for paying guests and leave them dirty and unclean, which required the housekeeping staff to enter the rooms and clean out the towels and sheets.

12.      MMI 82, as the owner of Casa Morada, had a right to possess all funds derived from using their rooms when Counter-Defendants were using the rooms for personal use without paying for them.

13.      Counter-Defendants never received permission to book rooms at Casa Morada and use them for personal use without paying for them.

14.      Because the Counter-Defendants used the rooms many times without paying for them, MMI 82 has been severely damaged by the loss of funds that were supposed to be generated from those rooms by paying guests.

15.     Further, the Counter-Defendants also received a company-issued laptop from Casa Morada, and when asked to return the computer after they resigned, they refused. Not only did the Counter-Defendants steal the laptop, but they also deleted a significant amount of data once it was finally returned.

## COUNT 2 -TORTIOUS INTERFERENCE
### (THOMPSON)

16.     MMI 82 restates the allegations contained in paragraphs 1 through 6, and further states:

17.     MMI 82, as the owner of Casa Morada, had the right to all benefits derived from guests purchasing rooms there.

18.     As a front desk agent, Thompson knew more than anyone the extent of the relationship and how important it was for Casa Morada to get guests to purchase rooms so that the business could stay operating financially.

19.     Thompson intentionally diverted proceeds away from Casa Morada by sending guests payment requests through her private entities, Hospitality Hub and IConnect, so that the guest would pay for the reservation through her private entities and then lower the price of the room reservation at Casa Morada, to personally profit from the difference in what the client paid her to what the rate was at Casa Morada.

20.     Indeed, MMI 82 was unknowingly damaged multiple times by Thompson's authorized actions of diverting money away from Casa Morada and funneling it through her private entities.

21.      Thompson unambiguously tortiously interfered with the business relationship and process of Casa Moradas reservation system.

## COUNT 3-FRAUD
### (THOMPSON)

22.     MMI 82 restates the allegations contained in paragraphs 1 through 6, and further states:

23.     During and after Casa Morada employed Thompson, she used her position as a employee of Casa Morada to send payment requests to guests through her private entities, so that the guest would pay for the reservation through her private entities and then lower the price of the room reservation at Casa Morada, to personally profit from the difference in what the client paid her to what the rate was at Casa Morada.

24.     Thompson performed these actions without the authority of Casa Morada and with the sole intent to divert money that was supposed to go towards Casa Morada to her own personal benefit, seeking to profit at the expense of Casa Morada.

25.     Multiple instances occurred when guests arrived at Casa Morada, and there was no evidence of payment since Thompson kept the entirety of the payment to herself.

26.     Indeed, Thompson knowingly used Casa Morada to steal money from the hotel and divert it to her personal use.

27.     Thompson never told Casa Morada she was stealing money from the hotel or lowering guest prices.

28.     MMI 82, as the owner of Casa Morada, had the right to benefit from the full amount of funds from the hotel bookings, and Thompson knowingly and intentionally deprived MMI 82 of that right.

29.     MMI 82 has been severely damaged by the lost profits that were supposed to be obtained through the Casa Morada room bookings but were unknowingly diverted to Thompson's personal use.

**WHEREFORE**, Defendant/Counter-Plaintiff, MMI 82, LLC, demands judgment for damages resulting from Plaintiffs/Counter-Defendants, AKARI JOHSNON and HAZEL THOMPSON, including damages, pre-judgment interest, post judgment interest, late fees, attorneys' fees, and costs, and for any further relief this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing document has been furnished to the following by e-mail or e-service on <u>November 1, 2024</u>:

> **Daneil J. Barroukh, Esq.**, Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, Florida 33131, danielb@dereksmithlaw.com, kyle@dereksmithlaw.com, david@dereksmithlaw.com.

**ALMAZAN LAW**
*Counsel for Defendants*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Telephone:     (305) 665-6681
Facsimile:     (305) 665-6684
Service: service@almazanlaw.com

*/s/ Johanna Castellon-Vega*

**JOHANNA CASTELLON-VEGA, ESQ.**
Florida Bar No.: 58345
jvega@almazanlaw.com

**R. EDSON BRIGGS, JR., ESQ.**
Florida Bar No.: 0004448
ebriggs@almazanlaw.com

**CAMERON L. PERKINS, ESQ.**
Florida Bar No. 1039668
cperkins@almazanlaw.com