**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 4:24-CV-10017-JEM

AKARI JOHNSON and
HAZEL THOMPSON

      Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

      Defendants.
_____

## MMI 82, LLC'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' AMENDED COMPLAINT

Defendant, MMI 82, LLC ("Defendant" or "MMI 82"), through undersigned counsel, hereby timely files *MMI 82, LLC's Answer, Affirmative Defenses and Counterclaim to Plaintiffs' Amended Complaint*, and states:

## ANSWER TO COMPLAINT

A.     Except as expressly admitted or qualified below, each and every statement, allegation, contention, or insinuation of the *Amended Complaint* is denied.

B.     The *Amended Complaint*'s headings are reproduced herein for ease of reference only. Defendant does not accept, and expressly rejects, both the contentions in the headings and characterizations of the pleadings as set forth in those headings.

C.     Capitalized terms not otherwise defined herein shall have meanings expressly ascribed to them in the *Amended Complaint*. Plaintiffs AKARI JOHNSON and HAZEL THOMPSON shall be referred to herein as "Plaintiffs".

D.     Numbered paragraphs 1 through 266 of this *Answer* corresponds to the numbered paragraphs of the *Amended Complaint*.

1

E.       Defendant has retained the undersigned law firm to represent their interests in this matter and is obligated to pay their attorneys a reasonable fee for services provided in connection with this matter. Moreover, Defendant is entitled to recover its reasonable attorneys' fees or costs as provided by law or agreement.

## INTRODUCTION

1.       Defendant denies the allegations in Paragraph 1 of the Amended Complaint.

2.       Defendant admits the nature of the action; however, denies that the Plaintiffs are entitled to relief.

## PROCEDURAL HISTORY

3.        Admitted.

4.       Admitted.

5.       Admitted.

6.       Admitted.

## PARTIES

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and therefore the allegations are denied.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and therefore the allegations are denied.

9.    Defendant admits the allegations in Paragraph 5 of the Complaint.

10. Admitted only that Defendant ENTHUSIAST is a Nevada limited liability company. The remainder of the allegations of this paragraph are denied.

11. Admitted that MMI 82 was the employer of Plaintiffs. Denied that ENTHIAST was the employer of Plaintiffs, and denied that MMI82 was the "joint" employer of Plaintiffs. Unknown whether MMI 82 was the "sole employer" of Plaintiffs at the relevant time. Defendant denies the remainder of the allegations in Paragraph 11 of the Complaint.

12. Admitted that Plaintiffs were hourly employees of MMI 82; denied as to ENTHUSIAST. Defendant denies the remainder of the allegations in Paragraph 12 of the Complaint as improperly calling for a legal conclusion.

13. Defendant denies the allegations in Paragraph 13 of the Complaint as vague and as calling for a legal conclusion.

14. Admitted that MMI 82 was the employer of Plaintiffs; denied as to ENTHUSIAST. Defendant denies the allegations in Paragraph 14 of the Complaint as improperly calling for a legal conclusion.

15. Defendant admits as to MMI 82 and denies as to ENTHUSIAST the allegations in Paragraph 15 of the Complaint.

## JURISDICTION AND VENUE

16. Admitted only that jurisdiction is proper. Denied that Plaintiffs have a valid claim against Defendant or that Defendant has any liability to Plaintiffs.

17. Admitted only that venue is proper. The remaining allegations of this paragraph are denied.

## FACTUAL ALLEGATIONS

18. Defendant MMI 82 admits that it hired Plaintiff Thompson in May of 2023; denied as to THE ENTHUSIAST. The remaining allegations of this paragraph are denied.

19. Admitted only as to Defendant MMI 82; denied as to ENTHUSIAST. The remaining allegations of this paragraph are denied.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant admits that one of the Plaintiff's job responsibilities was welcoming and checking-in the guests of Casa Morada.

22. Denied.

23. Denied.

24. Defendant denies the allegations as phrased, and admits only that Mr. Khosa exercised supervisory authority over Plaintiffs as employees of MMI 82.

25. Defendant admits the allegations of this paragraph as to MMI 82. ENTHUSIAST was not Plaintiffs' employer and it has no employees, therefore denied as to ENTHUSIAST.

26. Admitted only as to MMI 82. Defendant denies the remainder of the allegations.

**Defendants Unlawfully Denied Plaintiffs Overtime in Violation of the FLSA**

27. Defendant admits that MMI 82 maintained control, oversight, and direction over the Plaintiffs, including the ability to hire, fire, and discipline them. Denied as to The Enthusiast, LLC and the remaining allegations of this paragraph are denied.

28. Paragraph 28 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions and demands strict proof thereof.

29. This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

30. This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

31. Admitted as to Defendant MMI 82; denied as to Defendant ENTHUSIAST.

32. Denied. ENTHUSIAST does not maintain a website or any other asset.

33. Paragraph 33 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

34. This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

35. This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

36. Defendant admits the allegations in Paragraph 32 as it pertains to MMI 82. Denied as to the remainder.

37. Defendant denies the allegations in Paragraph 33 of the Complaint.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**Defendants Unlawfully Discriminated Against Plaintiffs on the Basis of their Race and Color**

54. Denied as phrased. THE ENTHUSIAST was not the supervisor of Plaintiffs and thus Ms. Summers was not in any supervisory role over Plaintiffs to whatever extent she was employed by ENTHUSIAST, which she was not, because ENTHUSIAST had no employees. Admitted that she was supervisor over Plaintiffs as employees of MMI 82.

55. Admitted as to MMI 82.

56. Admitted as to MMI 82.

57. Admitted as to MMI 82.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Admitted only that Plaintiff Johnson sent a text to Ms. Summers that contains some of the words selectively quoted in this paragraph. Denied as to their truth and denied to the extent they are mischaracterized, taken out of context and omit portions of the language of the text. The remainder of the allegations of this paragraph are denied.

77. Admitted only that Ms. Summers sent a text containing some of the words selectively quoted in this Paragraph. Denied to the extent that they are mischaracterized, taken out of context and portions of the language of the text. The remainder of the allegations of this paragraph are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## **Defendants Unlawfully Retaliated Against Plaintiffs**

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Admitted only that Defendant MMI provided Plaintiffs with the log-in username and password. Specifically denied that Defendants did not change them.

90. Denied.

91. Denied.

92. Denied.

93. Admitted only that Plaintiff Johnson sent a message to Mr. Khosa that contains some of the words selectively quoted in this paragraph. Denied as to their truth and denied to the extent they are mischaracterized, taken out of context and omit portions of the language of the message. The remainder of the allegations of this paragraph are denied.

94. Denied.

95. Denied.

96. Admitted that Defendants returned the laptop, but only on telephonic instruction of a law enforcement officer who insisted they do so or face legal consequences.

97. Admitted.

98. Defendant is without knowledge regarding the allegations and therefore, the allegations are denied.

99. Admitted.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied.

104.     Denied.

105.     Denied.

106.     Denied.

107.     Denied.

108.     Denied.

109.     Denied.

**CAUSES OF ACTION**
**COUNT I**
**42 U.S.C. § 1981**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Johnson against all Defendants)**

110.     Defendant reincorporates its responses to these allegations as if fully restated herein.

111.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

112.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

113.     Admitted that Mr. Johnson is a black individual. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

114.     Denied.

115.     Denied.

116.     Denied.

117.     Denied.

118.     Denied.

119.     Denied.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

**COUNT II**
**42 U.S.C. § 1981**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Johnson against all Defendants)**

124.     Defendant restates its responses to those allegations as if fully set forth herein.

125.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

126.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

127.     Admitted that Mr. Johnson is a black individual. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions to the extent they signify any liability of Defendant to Plaintiffs.

128.     Denied.

129.      Denied.

130.      Denied.

131.      Denied.

132.      Denied.

133.      Denied.

134.      Denied.

135.      Denied.

136.      Denied.

137.      Denied.

138.      Denied.

**COUNT III**
**42 U.S.C § 1981**
**RETALIATION**
**(Plaintiff Johnson against all Defendants)**

139.      Defendant's responses to these allegations are realleged as if fully restated herein.

140.      This paragraph consists of a quotation to a federal statute, to which no response is
required. To the extent a response is required, Defendant denies that it is liable to Plaintiff
under this statute.

141.      This paragraph consists of legal statements and conclusions to which no response
is required. To the extent a response is required, Defendant denies that such legal
statements and conclusions signify any liability of Defendant to Plaintiffs.

142.      Denied.

143.      Denied.

144.      Denied.

145.      Denied.

146.     Denied.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Denied.

155.     Denied.

156.     Denied.

157.     Denied.

158.     Denied.

159.     Denied.

**<u>COUNT IV</u>**
**42 U.S.C. § 1981**
**RACE AND COLOR DISCRIMINATION**
**(Plaintiff Thompson against all Defendants)**

160.     Defendant realleges its responses to these allegations as if fully restated herein.

161.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

162.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

163.     Admitted that Ms. Johnson is a black individual. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions to the extent they signify any liability of Defendant to Plaintiffs.

164.     This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions and that they signify any liability of Defendant to Plaintiffs.

165.     Denied.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Denied.

170.     Denied.

171.     Denied.

172.     Denied.

173.     Denied.

**COUNT V**
**42 U.S.C. § 1981**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Thompson against all Defendants)**

174.     The responses to the named allegations are restated as if fully set forth herein.

175.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

176.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

177.     Admitted that Ms. Thompson is a black individual. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions to the extent they signify any liability of Defendant to Plaintiffs.

178.     Denied.

179.     Denied.

180.     Denied.

181.     Denied.

182.     Denied.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

**COUNT VI**
**42 U.S.C. § 1981**
**RETALIATION**
**(Plaintiff Thompson against all Defendants)**

188.     Defendant realleges its responses to these allegations as if fully restated herein.

189.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

190.      This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

191.      This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions and that they signify any liability of Defendant to Plaintiffs.

192.      Denied.

193.      Denied.

194.      Denied.

195.      Denied.

196.      Denied.

197.      Denied.

198.      Denied.

199.      Denied.

200.      Denied.

201.      Denied.

202.      Denied.

203.      Denied.

204.      Denied.

205.      Denied.

206.      Denied.

207.      Denied.

208.      Denied.

209.      Denied.

## COUNT VII
### 29 U.S.C. § 207(1)
### VIOLATION OF THE FLSA
### (Plaintiff Johnson against all Defendants)

210.     The responses to these allegations are restated as if fully set forth herein.

211.     Admitted that MMI 82 was the employer of Plaintiffs at all times material. Denied that MMI 82 was a joint employer of Plaintiffs. Denied that Enthusiast was Plaintiffs' employer. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

212.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

213.     Denied.

214.     Denied.

215.     This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions signify any liability of Defendant to Plaintiffs.

216.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

217.     Denied.

218.     Denied.

219.     Denied.

220.     Denied.

16

221.     Denied.

222.     Denied.

223.     Denied.

224.     Denied.

## COUNT VIII
### 29 U.S.C. § 215(a)(3)
### VIOLATION OF THE FLSA
### (Plaintiff Johnson against all Defendants)

225.     Defendant restates its responses to these allegations as if fully set forth herein.

226.     Denied that MMI 82 was a joint employer of Plaintiffs. Denied that Enthusiast was Plaintiffs' employer. Admitted that it was the employer of Plaintiffs. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

227.     Denied.

228.     Denied.

229.     Denied.

230.     Denied.

231.     Denied.

232.     Denied.

233.     Denied.

234.     Denied.

235.     Denied.

236.     Denied.

237.     Denied.

### COUNT IX
### 29 U.S.C. § 207(1)
### VIOLATION OF THE FLSA
### (Plaintiff Thompson against all Defendants)

238.    No response to this allegation. To the extent a response is required, the responses to these allegations are restated as if fully set forth herein.

239.    Admitted that MMI 82 was the employer of Plaintiffs at times material. Denied that MMI 82 was ever a joint employer of Plaintiffs with Enthusiast. Denied that Enthusiast was ever Plaintiffs' employer. The remainder of this paragraph consists of legal statements and conclusions that do not require a response. To the extent that a response is required, denied that the legal statements and conclusions signify any liability of Defendant to Plaintiff.

240.    This paragraph consists of legal statements and conclusions that do not require a response. To the extent that a response is required, denied that the legal statements and conclusions signify any liability of Defendant to Plaintiff.

241.    Denied.

242.    Denied.

243.    Denied.

244.    This paragraph consists of legal statements and conclusions that do not require a response. To the extent that a response is required, denied that the legal statements and conclusions signify any liability of Defendant to Plaintiff.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

249.     Denied.

250.     Denied.

251.     Denied.

252.     Denied.

<u>**COUNT IX**</u>
**29 U.S.C. § 207(1)**
**VIOLATION OF THE FLSA**
**(Plaintiff Thompson against all Defendants)**

253.     Defendant realleges and restates its responses to these allegations as if fully set forth herein.

254.     Admitted that MMI 82 was the employer of Plaintiffs at times material. Denied that MMI 82 was ever a joint employer of Plaintiffs with Enthusiast. Denied that Enthusiast was ever Plaintiffs' employer. The remainder of this paragraph consists of legal statements and conclusions that do not require a response. To the extent that a response is required, denied that the legal statements and conclusions signify any liability of Defendant to Plaintiff.

255.     This paragraph consists of legal statements and conclusions that do not require a response. To the extent that a response is required, denied that the legal statements and conclusions signify any liability of Defendant to Plaintiff.

256.     Denied.

257.     This paragraph consists of a quotation from a federal statute and does not require a response. To the extent that a response is required, denied that the statute quoted and the legal statements and conclusions implied signify any liability of Defendant to Plaintiffs.

258.     Denied.

259.     Denied.

260.      Denied.

261.      Denied.

262.      Denied.

263.      Denied.

264.      Denied.

265.      Denied.

266.      Denied.

In answering the unnumbered WHEREFORE clause and Prayer for Relief following Paragraph 266 of the Complaint, Defendant denies Plaintiffs are entitled to any relief whatsoever and, instead, Defendant demands recovery of its recovery attorneys' fees and costs from Plaintiffs for the defense of this action to the greatest extent permitted by law, including, but not limited to, Rule 11 and or § 57.105, Fla. Stat. (2023).

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff and without admitting any of the allegations or claims in the Complaint, Defendant pleads the following defenses to the Complaint. Defendant reserves the right to plead additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim against the Defendant upon which relief can be granted. Among other things, the allegations in Plaintiff's Complaint lack factual support.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for injuries and damages resulting from occurrence alleged in the operative complaint are barred, or in the alternative, are subject to reduction, by any benefits paid or payable.

## THIRD AFFIRMATIVE DEFENSE

Any damages, which are expressly denied, were not the result of Defendant's actions or omissions.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering any alleged or purported damages which are speculative, uncertain, or incapable of calculation.

## RESERVATION OF RIGHTS

Defendant hereby reserves the right to assert any additional defenses or matters in avoidance that may be disclosed during the course of additional investigation and discovery.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, MMI 82, LLC a Florida Limited Liability Company, ("Counter-Plaintiff" or "MMI 82"), by and through its undersigned attorneys, hereby sues Plaintiff/Counter-Defendants, AKARI JOHNSON and HAZEL THOMPSON, LLC ("Counter-Defendants") and states as follows:

## PARTIES

1.      Counter-Defendant, AKARI JOHNSON ("Johnson"), is an individual, a resident of Miami-Dade County, Florida, over the age of eighteen years, and otherwise sui juris.

2.      Counter-Defendant, HAZEL THOMPSON ("Thompson"), is an individual, a resident of Miami-Dade County, Florida, over the age of eighteen years, and otherwise sui Juris.

3.      Counter-Plaintiff, MMI 82, LLC is a Florida limited liability company, authorized to do and doing business in the State of Florida, that owns, manages, exercises control over, possess and/or operates the hotel called Casa Morada ("Casa Morada"), which is located at 136 Madeira Road, Islamorada, FL 33036.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. §1367.

5.      Venue is proper in this Court under 28 U.S.C. §1391 because the events giving rise to this action occurred within the jurisdiction of the United States District Court for the Southern District of Florida.

6.      All conditions precedent to the bringing of this action, if any, were performed, excused, or waived.

## COUNT I -CONVERSION
### (ALL COUNTER-DEFENDANTS)

7.      MMI 82 restates the allegations contained in paragraphs 1 through 6, and further states:

8.      While working as a front desk Agent for Casa Morada, Counter-Defendants had access to all bookings and reservations through Casa Morada.

9.      While Casa Morada was unaware, Counter-Defendants used their access to Casa Morada's booking system to book themselves hotel rooms for personal use during working and non-working hours without paying for their stays.

10.     As a result of their actions, counter-Defendants caused significant financial losses for Casa Morada. They never compensated Casa Morada for the numerous hotel rooms they booked and occupied.

11.     Counter-Defendants would also enter rooms that were clean and ready for paying guests and leave them dirty and unclean, which required the housekeeping staff to enter the rooms and clean out the towels and sheets.

12.     MMI 82, as the owner of Casa Morada, had a right to possess all funds derived from using their rooms when Counter-Defendants were using the rooms for personal use without paying for them.

13.     Counter-Defendants never received permission to book rooms at Casa Morada and use them for personal use without paying for them.

14.     Because the Counter-Defendants used the rooms many times without paying for them, MMI 82 has been severely damaged by the loss of funds that were supposed to be generated from those rooms by paying guests.

15.     Further, the Counter-Defendants also received a company-issued laptop from Casa Morada, and when asked to return the computer after they resigned, they refused. Not only did the Counter-Defendants steal the laptop, but they also deleted a significant amount of data once it was finally returned.

### COUNT 2 -TORTIOUS INTERFERENCE
### (THOMPSON)

16.     MMI 82 restates the allegations contained in paragraphs 1 through 6, and further states:

17.     MMI 82, as the owner of Casa Morada, had the right to all benefits derived from guests purchasing rooms there.

18.     As a front desk agent, Thompson knew more than anyone the extent of the relationship and how important it was for Casa Morada to get guests to purchase rooms so that the business could stay operating financially.

19.     Thompson intentionally diverted proceeds away from Casa Morada by sending guests payment requests through her private entities, Hospitality Hub and IConnect, so that the guest would pay for the reservation through her private entities and then lower the price of the room reservation at Casa Morada, to personally profit from the difference in what the client paid her to what the rate was at Casa Morada.

20.     Indeed, MMI 82 was unknowingly damaged multiple times by Thompson's authorized actions of diverting money away from Casa Morada and funneling it through her private entities.

21.      Thompson unambiguously tortiously interfered with the business relationship and process of Casa Moradas reservation system.

## **COUNT 3-FRAUD**
**(THOMPSON)**

22.     MMI 82 restates the allegations contained in paragraphs 1 through 6, and further states:

23.     During and after Casa Morada employed Thompson, she used her position as a employee of Casa Morada to send payment requests to guests through her private entities, so that the guest would pay for the reservation through her private entities and then lower the price of the room reservation at Casa Morada, to personally profit from the difference in what the client paid her to what the rate was at Casa Morada.

24.     Thompson performed these actions without the authority of Casa Morada and with the sole intent to divert money that was supposed to go towards Casa Morada to her own personal benefit, seeking to profit at the expense of Casa Morada.

25.     Multiple instances occurred when guests arrived at Casa Morada, and there was no evidence of payment since Thompson kept the entirety of the payment to herself.

26.     Indeed, Thompson knowingly used Casa Morada to steal money from the hotel and divert it to her personal use.

27.     Thompson never told Casa Morada she was stealing money from the hotel or lowering guest prices.

28.     MMI 82, as the owner of Casa Morada, had the right to benefit from the full amount of funds from the hotel bookings, and Thompson knowingly and intentionally deprived MMI 82 of that right.

29.     MMI 82 has been severely damaged by the lost profits that were supposed to be obtained through the Casa Morada room bookings but were unknowingly diverted to Thompson's personal use.

**WHEREFORE**, Defendant/Counter-Plaintiff, MMI 82, LLC, demands judgment for damages resulting from Plaintiffs/Counter-Defendants, AKARI JOHNSON and HAZEL THOMPSON, including damages, pre-judgment interest, post judgment interest, late fees, attorneys' fees, and costs, and for any further relief this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing document has been furnished to the following by e-mail or e-service on <u>December 20, 2024</u>:

**Daneil J. Barroukh, Esq.**, Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, Florida 33131, danielb@dereksmithlaw.com, kyle@dereksmithlaw.com, david@dereksmithlaw.com.

**ALMAZAN LAW**
*Counsel for Defendants*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Telephone:      (305) 665-6681
Facsimile:      (305) 665-6684
Service: service@almazanlaw.com

*/s/ Johanna Castellon-Vega*

**JOHANNA CASTELLON-VEGA, ESQ.**
Florida Bar No.: 58345
jvega@almazanlaw.com

**R. EDSON BRIGGS, JR., ESQ.**
Florida Bar No.: 0004448
ebriggs@almazanlaw.com

**CAMERON L. PERKINS, ESQ.**
Florida Bar No. 1039668
cperkins@almazanlaw.com