UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AKARI JOHNSON and
HAZEL THOMPSON,

        Plaintiffs,

   v.

MMI 82, LLC, and
THE ENTHUSIAST LLC,

        Defendants.
_____/

CASE NO.: 4:24-CV-10017-JEM

**PLAINTIFFS' MOTION TO DISMISS DEFENDANT MMI 82, LLC'S COUNTERCLAIMS FOR FAILURE TO STATE A CAUSE OF ACTION**

Plaintiffs, AKARI JOHNSON ("Mr. Johnson") and HAZEL THOMPSON ("Ms. Thompson"), by and through their undersigned counsel, hereby file their Motion to Dismiss Defendant MMI 82, LLC's Counterclaims for Failure to State a Cause of Action (the "Counterclaim"), and in support state as follows:

**INTRODUCTION**

Plaintiffs, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), move this Court to dismiss Defendant, MMI 82 LLC's ("Defendant and/or Defendant MMI"), counterclaims against both Plaintiffs for conversion, and further counterclaims against Ms. Thompson for tortious-interference and fraud, for failure to state a cause of action.

Defendant MMI has asserted the Counterclaims against Plaintiffs based on purported unauthorized use of company property and equipment. These claims must be dismissed because they are unsubstantiated and fail to meet the legal requirements under the law. Moreover, all counterclaims are inherently retaliatory. The timing and context of these counterclaims, asserted

1

only after Plaintiffs initiated this action alleging discrimination, hostile work environment, retaliation, and wage and hour violations, suggest that they are not brought in good faith but rather as a means of intimidation and retaliation against Plaintiffs for exercising their rights.

## STANDARD OF LAW

"'A motion to dismiss a counterclaim is evaluated in the same manner as a motion to dismiss a complaint.'" *Brightstar Corp. v. Maryland*, 2021 U.S. Dist. LEXIS 120801 at *4 (S.D. Fla. 2021) (citing *Martin v. Partsbase, Inc.*, 2020 U.S. Dist. LEXIS 241933 at *2 (S.D. Fla. 2020)). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss should be granted for a plaintiff's "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). The rules of civil procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009).

Courts are required to review Plaintiff's Complaint in the light most favorable to the plaintiff and generally accept the plaintiff's well-plead facts as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, pleadings that "are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft*, 556 U.S. 662, 678 (2009). A court must dismiss a plaintiff's claims if she fails to assert "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**LEGAL ARGUMENT**

I.  **Defendant MMI's Counterclaim for Conversion Must Be Dismissed**

Defendant MMI's Counterclaims do not satisfy the essential elements required for conversion. Defendant's allegations do not meet the essential elements required to establish claims for conversion because Defendant MMI has not adequately alleged that Plaintiffs deprived them of specific and identifiable property for a permanent or indefinite time, which are key components of conversion under Florida law.

"Under Florida law, a conversion is 'an unauthorized act which deprives another of his property permanently or for an indefinite time.'" *Howard v. Gucci Am., Inc.*, 2023 U.S. Dist. LEXIS 95788 at *10-11 (S.D. Fla. 2023) (quoting *Fogade v. ENB Revocable Tr.*, 263 F.3d 1274, 1291 (11th Cir. 2001)). "[T]o state a claim for conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property.'" *Id*. at *11 (quoting *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011)).

In determining whether conversion occurred, Florida Courts routinely consider the Florida Supreme Court's longstanding precedent, which states, "the gist of conversion has been declared to be not the acquisition of property of the wrongdoer, but the wrongful deprivation of a person of property to the possession of which he is entitled." *Utah Power Sys. v. Dog.*, 352 So.3d 504 at 508 (Fla. 1st DCA 2022) (citing *Star Fruit Co. v. Eagle Lake Growers*, 22 So. 2d 858 at 860 (Fla. 1948)). Importantly, the *Utah Power* Court continues to reinforce the notion that,"[f]or there to be wrongful deprivation, there must be a 'wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time.'" *Id*.

### A. Defendant MMI's Counterclaim Does Not Allege that Plaintiffs' Wrongful Deprivation of Property is Permanent or Indefinite

Defendant MMI's counterclaim for conversion fails to detail, with any specificity, the precise manner in which Plaintiffs' actions resulted in an indefinite or permanent wrongful-deprivation of specific or identifiable property. In its counterclaim, Defendant MMI asserts that Plaintiffs reserved hotel rooms for personal use during their tenure as front desk agents for Casa Morada, without permission. *See* D.E. 24 at p. 23. Defendant does not allege that Plaintiffs continue to reserve these hotel rooms, or that Plaintiffs reserved the hotel rooms following Defendant's wrongful termination of Plaintiffs. Defendant clearly indicated that any use of the hotel rooms was in the past and is no longer ongoing, thereby explaining how Plaintiffs' actions are not indefinite or permanent and thus invalidating its claim for conversion. There is no question that Defendant MMI has failed to show that Plaintiffs have permanently or indefinitely deprived Defendant of the property in that respect.

Further, Defendant MMI alleged that Plaintiffs stole a laptop from the company. *See* D.E. 24 at p. 24. Defendant MMI explained that Defendant's agents issued Plaintiffs a "company-issued laptop" and further stated that the laptop was, in fact, returned. *Id*. Defendant's own allegations highlight that Plaintiffs' possession of the laptop was not wrongful, as it was issued by Defendant to them, and was not permanent or indefinite. Even if there was a wrongful deprivation of property, which there was clearly not, Defendant admits the laptop was returned, meaning any deprivation, wrongful or otherwise, cannot be deemed permanent or indefinite.

Importantly, this Court dismissed a claim of conversion where the Plaintiff failed to "sufficiently plead the timing or circumstances" of the conversion of property, explaining that "[s]uch facts are relevant as to whether Plaintiff could have had a possessory interest at the time of the conversion." *Sturmanskie LLC v. Picturemaxx AG*, 2022 U.S. Dist. LEXIS 118528 at *48

(S.D. Fla. 2022) (granting a motion to dismiss Plaintiff's claim). Here, Defendant similarly fails to provide facts as to the timing or circumstances of the Plaintiffs' alleged conversion of both the hotel rooms and laptop. *See* D.E. 24 at pp. 22-23. Defendant alleges that acts of conversion occurred "[w]hile Casa Morada was unaware," demonstrating Defendant's inability to provide necessary facts to support its conversion claim. *Id*. at p. 22. Defendant does not provide any dates or circumstances about the "numerous hotel rooms [Plaintiffs] booked and occupied." *Id*. at 23. Defendant does not provide sufficient details about the booking, which rooms were used, how much money the rooms cost, how long Plaintiffs used the room for, how much money "paying guests" would have offered for the room, or other key details that would deem Defendant's claim to be sufficient. Defendant has failed to sufficiently plead the timing or circumstances surrounding all relevant facts, contributing to the failure to state a claim of conversion. As such, Defendant MMI's claim for conversion must be dismissed.

### B. Defendant MMI's Counterclaim of Conversion for Money Also Fails

At this time, Defendant does not allege that Plaintiffs are in possession of any property apart from funds. To the extent Defendant MMI bases its conversion claim upon monetary funds obtained by booking guests of Defendant MMI, the Counterclaim fares no better. Under Florida law, money can only be the subject of a conversion claim "so long as it consists of specific money capable of identification." *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970). "An action for conversion of money consists of three elements: specific and identifiable money, a deprivation of money belonging to another, and an unauthorized act, which deprives another of his money." *Temurian v. Piccolo*, 2019 U.S. Dist. LEXIS 67469 at *9 (S.D. Fla. 2019) (citing *Navid v. Uiterwyk Corp.*, 130 B.R. 594, 595-596 (M.D. Fla. 1991)).

Defendant MMI's allegations lack any specificity regarding the funds purportedly converted, which is a fundamental requirement under Florida law to establish a claim for conversion. Although Defendant states that there were "significant financial losses" and a "loss of funds," there is no supporting detail alleged regarding those losses. *See* D.E. 24 at p. 23. Without these critical details, the Counterclaim for conversion is legally insufficient. In *Temurian*, the Southern District of Florida dismissed a claim of conversion where the Plaintiffs alleged a "theft of revenues." *Id*. at *10-14. The Honorable Judge Bloom opined that although the Plaintiffs alleged the Defendants "stole the revenue of at least two [] orders… Plaintiffs do not include a serial number, what form the alleged converted revenues were in, or any specific and identifiable funds." *Id*. at *10. Judge Bloom continued, "without alleging what form the converted revenues were in, Plaintiffs cannot sufficiently allege a cause of action for conversion for the alleged stealing of revenues." *Id*.

Similarly in this case, Defendant has entirely failed to allege what form the converted revenues were in, or any specific and identifiable funds, requiring their claim to be dismissed. Defendant MMI's overbroad allegation, that the Company "had a right to possess all funds derived from using their rooms when [Plaintiffs] were using the rooms for personal use without paying for them," does not satisfy the pleading standard under this Court. Defendant MMI has failed to identify even one specific metric of the purported converted revenue: Defendant MMI failed to quantify the number of rooms Plaintiffs allegedly booked without authority, the amount of revenue generated from these rooms, the amount of cleaning costs incurred from these bookings, or any other identifier that could allow the Court to fairly consider Defendant MMI's claim for conversion. As such, Count I of Defendant MMI's Counterclaim must be dismissed.

## II.     <u>Defendant's Counterclaim of Tortious Interference Must Be Dismissed</u>

Defendant cannot prevail on their claim of tortious interference. "To successfully plead a claim for tortious interference, a plaintiff must allege: '(1) the existence of a business relationship, (2) the defendant's knowledge of that relationship, (3) an intentional and unjustified interference with the relationship, and (4) injury resulting from the breach of the relationship.'" *BOF Med. Ctr., Inc. v. CVS Pharm., Inc.*, 2024 U.S. Dist. LEXIS 78490 at *4 (S.D. Fla. 2024) (quoting *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999)).

First and foremost, Defendant MMI does not sufficiently allege the existence of a business relationship. The only time Defendant MMI uses the words "business relationship" in its entire Counterclaim is when it states, "Thompson unambiguously tortiously interfered with the business relationship and process of Casa Morada[']s reservation system." *See* D.E. 24 at. p. 24. Defendant MMI entirely failed to describe this alleged business relationship, define which parties are involved in this business relationship, or explain the nature of the relationship. Further, Defendant MMI makes no effort to explain Ms. Thompson's role in this business relationship and simply states, "… Thompson knew more than anyone the extent of the relationship and how important it was for Casa Morada to get guests to purchase rooms…" *Id*. This ambiguous statement is the only other time a "relationship" is discussed in Defendant MMI's Counterclaim. Defendant provides no further details regarding Ms. Thompson's knowledge of an existing relationship, and therefore Defendant MMI's Counterclaim, as asserted, cannot satisfy the second element of its claim. The clear lack of information and specificity in Defendant MMI's allegations cannot satisfy the first or second element of its claims and must result in the dismissal of Defendant's claim.

With regard to the third element, Defendant MMI again fails to explain that Ms. Thompson's actions were intentional or unjustified. Defendant MMI does not explain what

Hospitality Hub or IConnect are, or that they were third party companies Defendant MMI hired to attract more guests. Defendant does not explain whether Ms. Thompson decreased the price of Casa Morada's room reservations to a number lower than what is expected or reasonable. Defendant MMI admits that as a front desk agent, Ms. Thompson was authorized to lower the price of room reservations, however, fails to identify whether she lowered the rate to an unreasonable or unacceptable amount that interfered with its business. Defendant does not state with any specificity what Ms. Thompson lowered the room rates to or what would have been acceptable, nor does Defendant explain with any specificity the alleged benefits Ms. Thompson derived from taking such action. Defendant's incredibly vague language in its tortious interference claim fails to satisfy the third prong of this claim and must result in the dismissal of their second counterclaim.

      Finally, Defendant MMI cannot satisfy the fourth prong of its claim. Defendant MMI must sufficiently allege the injury resulting from Ms. Thompson's breach of the relationship. The full extent of injury alleged by Defendant MMI in its second Counterclaim is that "MMI 82 was unknowingly damaged multiple times by Thompson's authorized actions..." *Id*. at p. 24. With this statement, Defendant MMI contradicts itself by stating that Ms. Thompson's actions were authorized. However, in the event Defendant meant to write "unauthorized," Defendant still does not provide any specific figures in its Counterclaim. Defendant does not explicitly state how Ms. Thompson breached any existing relationship, provide a frequency of Ms. Thompson's violations, quantify the amount of money Ms. Thompson allegedly diverted away, nor state any other metric that can show Defendant MMI's was injured. As a result, this Court must dismiss Defendant MMI's counterclaim for tortious interference.

### III. Defendant's Claim for Fraud Must Be Dismissed

"To survive a motion to dismiss, a claim of fraud must satisfy Federal Rule of Civil Procedure 9(b) ("Rule 9(b)")." *Bruhl v. Conroy*, 2006 U.S. Dist. LEXIS 66387 at *19 (S.D. Fla. 2006). Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Rule 9(b) pleading standard is heightened compared to Federal Rule of Civil Procedure 12(b). *Tamim Khan v. Palomera*, 2024 U.S. Dist. LEXIS 189809 at *5 (S.D. Fla. Oct. 18, 2024).

The Southern District of Florida maintains that "the purpose of Rule 9(b) is to 'ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of' and to 'eliminate those complaints filed as a pretext for discovery of unknown wrongs…" *Bruhl*, at *19 (quoting *Anderson v. Transglobe Energy Corp.*, 35 F. Supp. 2d 1363, 1369 (M.D. Fla. 1999)).

To determine whether not a complaint survives a Rule 9(b) challenge, "the Eleventh Circuit suggests a complaint specify: 1) precisely what statements were made in what documents or oral representations or what omissions were made; 2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making); 3) the content of such statements and the manner in which they misled the plaintiff; and 4) what the defendants obtained as a consequence of the fraud." *Id*. at *20 (citing *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

Defendant MMI's Counterclaim entirely fails to allege that Ms. Thompson committed fraud under the heightened pleading standard as defined by this Court and the Eleventh Circuit. Not only does Defendant MMI's counterclaim fail to allege fraud, but it falls tremendously short of the mark in satisfying any of the aforementioned factors.

Defendant MMI is first required to specify any precise statements, documents, or misrepresentations made. Defendant MMI fails entirely to use as reference a single statement, document, or misrepresentation made by Ms. Thompson. Defendant merely attempts to generalize Ms. Thompson's actions without any detail. Defendant MMI's Counterclaim does not contain one reference to a specific statement, invoice, room number, guest, booking, etc.

Moreso, the second prong requires a time and place of and person responsible for the statement. Again, Defendant MMI does not allege a single time or date whatsoever for Ms. Thompson's purported actions in its entire Counterclaim. *See* D.E. 24 at p. 23-25. The absence of a time, place, or person responsible for a statement immediately results in the failure to satisfy the second prong of Defendant's claim for fraud.

The third factor requires Defendant MMI to allege the content and manner in which Ms. Thompson's statements misled Defendant MMI. This cannot possibly be satisfied as Defendant MMI stated in its Counterclaim, "Thompson never told Casa Morada she was stealing money from the hotel or lowering guest prices." *Id*. at p.25, ¶27. Defendant MMI alleged that Ms. Thompson did not tell them what she was doing and made no further statement in its Counterclaim about Ms. Thompson's representations. Defendant MMI further fails to address the content or manner of Ms. Thompson's other actions, resulting in Defendant's failure to explain how Ms. Thompson's statements misled Defendant.

Finally, Defendant MMI failed to sufficiently plead the fourth leg of the Eleventh Circuit's test, which considers what Ms. Thompson gained by the alleged fraud. Although Defendant stated that Ms. Thompson committed fraud "to personally profit from the difference in what the client paid to her to what the rate was at Casa Morada," Defendant again does not make any attempt to quantify this number. Defendant fails to allege any amount that Ms. Thompson profited from a

single instance where she committed the alleged fraud. Defendant further fails to reference, in detail, a specific instance of fraudulent conduct committed by Ms. Thompson. Defendant's third counterclaim, as alleged, fails to satisfy each element under the law. Ultimately, Count III of Defendant MMI's Counterclaim must be dismissed.

## **CONCLUSION**

**WHEREFORE**, Plaintiffs respectfully requests this Court deny Defendant MMI's Counterclaims with prejudice for failure to state a claim upon which relief can be granted; and grant any such other relief as the Court deems just and proper.

Dated:  Miami, Florida
    January 21, 2025,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiffs*

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on January 21, 2025, on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**ALMAZAN LAW**
*Counsel for Defendants*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Tel: (305) 665-6681
Fax: (305) 665-6684
Email: service@almazanlaw.com

ALEXANDER P. ALMAZON, ESQ.
Florida Bar No.: 159166
aalmazan@almazanlaw.com

JOHANNA CASTELLON-VEGA, ESQ.
Florida Bar No.: 58345
jvega@almazanlaw.com

CAMERON L. PERKINS, ESQ.
Florida Bar No.: 1039668
cperkins@almazanlaw.com