UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 4:24-CV-10017-JEM

AKARI JOHNSON and
HAZEL THOMPSON

    Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

    Defendants.

_____

**MMI 82, LLC'S RESPONSE IN OPPOSITION TO
PLAINITFFS' MOTION TO DISMISS MMI 82, LLC'S COUNTERCLAIMS**

Defendant/Counter-Plaintiff, MMI 82, LLC ("Defendant" or "MMI 82"), through undersigned counsel, hereby timely files *MMI 82, LLC's Response in Opposition to Plaintiffs' Motion to Dismiss MMI 82, LLC's Counterclaims,* and states:

**INTRODUCTION**

Plaintiffs' Motion contends that this Court should dismiss MMI 82's Counterclaims. Plaintiffs are mistaken; their Motion is without merit and is supported by an incorrect legal analysis of the applicable case law, and therefore, the Court should deny it. Plaintiffs, without any factual or legal basis and supported by mere speculation, argue that MMI 82's claims are "inherently retaliatory" because MMI 82 filed them after Plaintiff initiated its action against MMI 82. Even though Plaintiff's speculation is unfounded, MMI 82 has sufficiently met the pleading standard to survive a motion to dismiss under 12(b)(6). Plaintiff's argument fails in its analysis of the standard for a 12(b)(6) motion and alleges that MMI 82 has the burden to prove the contents of its pleading in its Counterclaims. That is incorrect and improper at this stage, as MMI 82's burden is to satisfy

1

the pleading standard necessary for each element. As explained below MMI 82's counterclaims against the Plaintiffs undeniably and sufficiently meet the pleading standard.

MMI 82's counterclaims against the Plaintiffs are based on Plaintiffs' unauthorized activity to defraud MMI 82 of funds rightfully owed to it. MMI 82 has sufficiently and thoroughly pled, that Plaintiffs, in their roles as employees at Casa Morada Hotel, abused their positions by booking themselves hotel rooms for personal use during working and non-working hours without paying for their stays. This not only diverted rooms for paying guests but also diverted the funds rightfully owed to MMI 82. Furthermore, MMI 82 has sufficiently alleged that Plaintiff Hazel Thompson ("Thompson"), in her capacity as a front desk agent at Casa Morada, intentionally diverted funds rightfully owed to MMI 82 by instructing guests to pay for their rooms at Casa Morada through her private entities, thereby profiting personally from the difference in rates. These are unambiguous actions of fraud. Therefore, because MMI 82 has thoroughly met its pleading standard for each of its Counterclaims, this Court should deny Plaintiffs' Motion to Dismiss.

## LEGAL STANDARD

"A motion to dismiss a complaint for failure to state a claim requires that a court accept the facts pleaded as true and construe them in the light most favorable to the plaintiff." *Gastaldi v. Sunvest Cmtys. USA, LLC*, 637 F. Supp. 2d 1045, 1053 (S.D. Fla. 2009). *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . ..'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The court limits its analysis of a 12(b)(6) motion primarily to the face of the complaint and attachments thereto. *See Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368-69 (11th Cir. 1997).

## **LEGAL ARGUMENT**

**I.        MMI 82's Properly Pled its Counterclaim for Conversion.**

Plaintiff's argument that MMI 82's counterclaim for Conversion fails to state a cause of action lacks merit or legal basis. The elements needed to properly allege a claim for conversion under Florida Law are, "(1) [an] act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with the ownership therein." *Peng v. Mastroinni*, 2021 U.S. Dist. LEXIS 86220, *15, (S.D. Fla. May 3, 2021) (quoting *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1294 (S.D. Fla. 2001).

While completely unauthorized, Plaintiffs used their position as a front desk Agent for Casa Morada and used their access to Casa Morada's booking system to book themselves hotel rooms for personal use during working and non-working hours without paying for their stay. Indeed, Plaintiffs wrongfully asserted dominion over MMI 82's hotel rooms for personal use, which is an act that is inconsistent with their position as Front Desk Agents. Plaintiffs' actions of depriving MMI 82 of the funds that should have been directed to MMI 82 from paying guests were intentional and wrongful, and therefore, MMI 82's claims against Plaintiffs are properly pled. *See Middleton v. M/V Glory Sky I*, 567 Fed. Appx. 811, 813 (11th Cir. 1997) ("Conversion is simply an intentional and wrongful exercise of dominion or control over a chattel, which seriously interferes with the owner's rights in the chattel.").

**II.       MMI 82 Properly Pled its Counterclaim for Tortious Interference.**

Under established Florida Law, MMI 82 sufficiently pled its counterclaim for Tortious Interference against Thompson to survive the Motion to Dismiss, and therefore the Court should deny Plaintiffs' Motion. *See Soho Ocean Resort TRS, LLC v. Rutois*, 2023 U.S. App. LEXIS 1113, at *4 (11th Cir. 2023) ("to state a claim for tortious interference with a business relationship, a

3

plaintiff must allege four elements: (1) the existence of a business relationship, (2) the defendant's knowledge thereof; (3) the defendant's intentional and unjustified interference therewith; and (4) damages."); *see also Ethan Allen, Inc. v. Georgetown Manor, Inc.,* 647 So. 2d 812, 814 (Fla. 1994).

MMI 82 has sufficiently pled all elements necessary to state a valid claim for tortious interference. Thompson was an employee of MMI 82's hotel and was fully aware of her job duties as a front desk agent. Specifically, Thompson knew more than anyone the extent of the relationship and how important it was for Casa Morada to get guests to purchase rooms so the business could stay operating financially. However, Thompson intentionally diverting proceeds away from Casa Morada by sending guests payment requests through her private entities, Hospitality Hub and I Connect, was a clear attempt to harm Casa Morada and profit personally. She achieved this by having the guest pay for the reservation through her private entities and then lowering the price of the room reservation at Casa Morada, to personally profit from the difference in what the client paid her to what the rate was at Casa Morada. Thompson's unauthorized and unjustifiable actions against MMI 82 are actionable under Florida law, and thus, MMI 82's counterclaim for Tortious Interference has sufficiently pled each of the required elements and states a cause of action. *See Florida Power & Light Co. v. Fleitas*, 488 So. 2d 148, 152 (Fla. 3d DCA 1986) ("Intentional interference with a contractual employment relationship—even one, as here, which is terminable at will—is actionable in Florida.").

### III.  MMI 82 Properly Pled its Counterclaim for Fraud.

Contrary to Plaintiffs' Motion, MMI 82 sufficiently pled its counterclaim against Thompson for Fraud. To establish fraud a plaintiff must allege four elements that include "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Houchins v. Weiss*, 2025 U.S. Dist.

LEXIS 11297, at *14 (Fla. SD. Jan 22, 2025) (quoting *Delgado v. Rutledge*, No. 22-CV-23435-DPG, 2024 U.S. Dist. LEXIS 58080, at *4 (S.D. Fla. Mar. 29, 2024). During and after the time that Casa Morada employed Thompson, she used her position as an employee of Casa Morada to instruct guests to pay for their reservation through her private entities to personally profit from the difference in what the client paid her to what the rate was at Casa Morada. Indeed, Thompson knowingly and fraudulently stole funds that the guests and Casa Morada believed were being directed to Casa Morada. Further, MMI 82 has sufficiently pled how Thompson's misconduct severely damaged MMI 82 by the lost profits that Casa Morada was supposed to obtain through the Casa Morada room bookings, but that Thompson diverted to her personal use.

MMI 82 has undeniably sufficiently pled each element of its claim for Fraud against Thompson, and therefore, this Court should deny Plaintiffs' motion to dismiss MMI 82's counterclaim for fraud. *See Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022); *Mizzaro v. Home Depot, Inc*. 544 F.3d 1230, 1237 (11th Cir. 2008).

**WHEREFORE**, Defendant/Counter-Plaintiff, MMI 82, LLC respectfully requests that this Court enter an Order denying Plaintiff's Motion to Dismiss Defendant MMI 82, LLC's Counterclaims, and granting Defendant/Counter-Plaintiff such other and further relief as the Court deems just, equitable and proper under the circumstances.

**[Certificate of Service Appears on Following Page]**

## **CERTIFICATE OF SERVICE**

I certify that counsel for Defendants has furnished a copy of the foregoing document to the following by e-mail or e-service on February 4, 2025:

**Daneil J. Barroukh, Esq.**, Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, Florida 33131, danielb@dereksmithlaw.com, kyle@dereksmithlaw.com, david@dereksmithlaw.com.

**ALMAZAN LAW**
*Counsel for Defendants*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Telephone:   (305) 665-6681
Facsimile:   (305) 665-6684
Service: service@almazanlaw.com

*/s/ Johanna Castellon-Vega*

**JOHANNA CASTELLON-VEGA, ESQ.**
Florida Bar No.: 58345
jvega@almazanlaw.com

**R. EDSON BRIGGS, JR., ESQ.**
Florida Bar No.: 0004448
ebriggs@almazanlaw.com

**CAMERON L. PERKINS, ESQ.**
Florida Bar No. 1039668
cperkins@almazanlaw.com