**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AKARI JOHNSON and
HAZEL THOMPSON,

CASE NO.: 4:24-CV-10017-JEM

Plaintiffs,

v.

MMI 82, LLC, and
THE ENTHUSIAST LLC,

Defendants.
_______________________/

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS DEFENDANT MMI 82, LLC'S COUNTERCLAIMS**

Plaintiffs, AKARI JOHNSON ("Plaintiff Johnson") and HAZEL THOMPSON ("Plaintiff. Thompson"), by and through their undersigned counsel, hereby file their Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Dismiss Defendant MMI 82, LLC's Counterclaims (the "Response"), and in support state as follows:

## INTRODUCTION

Defendant's MMI, 82 LLC's Response [D.E. 30] entirely fails to remedy the fundamental deficiencies in its counterclaims. Defendant MMI 82, LLC's ("Defendant") counterclaims for conversion, tortious interference, and fraud are legally insufficient, unsupported by factual allegations that meet the requisite pleading standards, and are inherently retaliatory. Defendant's arguments in opposition merely attempt to bolster its position by introducing a litany of vague and conclusory allegations rather than presenting a plausible basis for relief. As such, the counterclaims must be dismissed in their entirety.

## I. <u>Defendant's Counterclaim for Conversion Lacks Merit and Fails to Establish a Prima Facie Case</u>

Defendant's conversion claim hinges on the assertion that Plaintiffs improperly booked hotel rooms for personal use and withheld a company-issued laptop. *See* D.E. 28; D.E. 30. However, Defendant, in both its Counterclaim [D.E. 28] and Response, fails to acknowledge an essential aspect of conversion that this court has long maintained, that "[u]nder Florida law, a conversion is 'an unauthorized act which deprives another of his property permanently or for an indefinite time.'" *Howard v. Gucci Am., Inc.*, 2023 U.S. Dist. LEXIS 95788 at *10-11 (S.D. Fla. 2023) (quoting *Fogade v. ENB Revocable Tr.*, 263 F.3d 1274, 1291 (11th Cir. 2001)). Defendant ignores this longstanding principle because it cannot, in good faith, assert that Plaintiff is permanently or indefinitely depriving Defendant of property. Defendant even conceded that Plaintiffs returned the laptop, negating any claim of permanent deprivation of property. *See* D.E. 28 at p. 23. For this reason alone, Defendant's claim for conversion falls short and must be dismissed.

Likewise, Defendant does not provide an analysis for a claim of conversion for money in its Response. *See* D.E. 30 at p.3. In the event Defendant is claiming conversion for money, as opposed to non-money property, Defendant must establish a separate prima facie case pursuant to this Court's holdings, including "specific and identifiable money, a deprivation of money belonging to another, and an unauthorized act, which deprives another of his money." *Temurian v. Piccolo*, 2019 U.S. Dist. LEXIS 67469 at *9 (S.D. Fla. 2019). Defendant's Response does not mention this precedent nor asserts a prima facie case for conversion of money. Defendant's conversion for money claim falls short because of its failure to list specific and identifiable money. Defendant's Counterclaims explain that there were "significant financial losses" and a "loss of funds," without any supporting detail. *See* D.E. 28 at p. 23. In addition, Defendant's Response only

refers to money on one occasion: "funds that should have been directed to MMI 82 from paying guests." *See* D.E. at p.3. Again, Defendant's allegation severely lacks any detail to be deemed specific and identifiable money and falls flat in successfully establishing a claim. In order for Defendant's claim to have been viable, Defendant should have included any specific detail in how the money was collected, the amount of money at issue, or other useful information to deem the money specific and identifiable. Accordingly, Defendant's conversion claim should be dismissed.

## II. Defendant's Counterclaim for Tortious Interference Fails to Establish a Prima Facie Case

Defendant failed to cure its pleading deficiencies in its Response because it has still not satisfied the elements of its prima facie case. Importantly, Defendant has still not provided the necessary details to establish the existence of a business relationship or Ms. Thompson's knowledge thereof. Although Defendant asserts Plaintiff Thompson was an employee of Defendant, Defendant does not further explain any business relationship between Defendant and its guests, Plaintiff Thompson and her guests, or Defendant and Plaintiff Thompson. Defendant continues to allege that Plaintiff Thompson's private entities, Hospitality Hub and I Connect, also engaged in business with guests, without highlighting that these companies were paid to perform work as travel agents for Casa Morada. Defendant's Response, similar to its Counterclaims, clearly lacks information and specificity to establish whether there was an existence of a business relationship or Ms. Thompson's knowledge thereof.

Further, "to properly state a claim for tortious interference, a plaintiff must show that a defendant's actions directly harmed the plaintiff." *Miracle 7, Inc. v. Halo Couture, LLC*, 2014 U.S. Dist. LEXIS 200665 at 11 (S.D. Fla. 2014) (dismissing a claim for tortious interference). Here, Defendant fails to specify which customers were allegedly diverted, the nature of the alleged interference, or how Plaintiff' Thompson's actions differed from the norm to the extent they must

be deemed unjustified. Defendant does not state how much Plaintiff Thompson was "lowering the price of the room reservation," whether the price of room reservations was lowered beyond what Defendant's other travel agents lowered them to, whether Defendant's agents gave Plaintiff Thompson permission to lower the prices as a travel agent, or how much money was diverted by Plaintiff Thompson as a result of her conduct. *See* D.E. at p. 4. Importantly, Defendant does not allege that Plaintiff Thompson's actions resulted in such harm to debilitate Defendant's business. Although Defendant states it relies on guest booking to "stay operating financially," nowhere in its Counterclaims or Response does Defendant allege any specific injury resulting from Plaintiff Thompson's alleged activity or the harm suffered as a result. As such, Defendant's claim for tortious interference must be denied.

**III. <u>Defendant's Counterclaim for Fraud Is Unsupported by Particularized Allegations</u>**

Defendant's counterclaim for fraud is similarly flawed as it fails to meet the heightened pleading standard under Rule 9(b), which requires fraud claims to be stated with particularity. Fed. R. Civ. P. 9(b). Additionally, to reiterate the Eleventh Circuit's precedent in determining whether a complaint may survive a Rule 9(b) challenge, Defendant is required to show the following: "1) precisely what statements were made in what documents or oral representations or what omissions were made; 2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making); 3) the content of such statements and the manner in which they misled the plaintiff; and 4) what the defendants obtained as a consequence of the fraud." *Bruhl v. Conroy*, 2006 U.S. Dist. LEXIS 66387 (S.D. Fla. 2006) (citing *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)).

Here, Defendant's Response merely restates broad accusations without providing the required details regarding the alleged fraudulent conduct. Defendant fails to identify 1) any precise

documents or oral representations, 2) the time or place of each such statement and the person responsible for making it, 3) the content of such statements and the manner in which they misled Defendant, and 4) what Plaintiff obtained as a consequence of the fraud. . Specifically, Defendant does not identify any details of the exact misrepresentations, when they occurred, who they involved, how long they continued for, or how they induced detrimental reliance.

Defendant's Response is riddled with vague allegations that fail to meet the heightened pleading standard under Rule 9(b). For example, Defendant claims that Plaintiff Thompson "diverted" profits "to her personal use," yet fails to specify how she allegedly diverted these profits, the total amount of money involved, or the nature of her supposed "personal use." See D.E. 30 at p. 5. Additionally, in the same paragraph, Defendant inconsistently asserts that Plaintiff Thompson, "…after the time that Casa Morada employed [her]… used her position as an employee… to instruct guests to pay for their reservation through her private entities to personally profit." *Id*. Defendant does not explain how Plaintiff Thompson could have leveraged her position as an employee after her employment had ended, rendering this statement both contradictory and unsupported. Defendant's Counterclaim and Response are vague and inconsistent, and Defendant fails to plead the necessary elements for conversion, tortious interference, and fraud. As such, each of Defendant's counterclaims must be dismissed.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully requests this Court deny Defendant's Counterclaims with prejudice for failure to state a claim upon which relief can be granted; and grant any such other relief as the Court deems just and proper.

Dated: Miami, Florida
February 11, 2025,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiffs*

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on February 11, 2025, on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

**SERVICE LIST**

**ALMAZAN LAW**
*Counsel for Defendants*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Tel: (305) 665-6681
Fax: (305) 665-6684
Email: service@almazanlaw.com

ALEXANDER P. ALMAZON, ESQ.
Florida Bar No.: 159166
aalmazan@almazanlaw.com

JOHANNA CASTELLON-VEGA, ESQ.
Florida Bar No.: 58345
jvega@almazanlaw.com

CAMERON L. PERKINS, ESQ.
Florida Bar No.: 1039668
cperkins@almazanlaw.com