UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 24-10017-CIV-MARTINEZ

AKARI JOHNSON and
HAZEL THOMPSON

  Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

  Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTION TO DISMISS DEFENDANT MMI 82, LLC'S COUNTERCLAIMS

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Dismiss Defendant MMI 82, LLC's ("MMI") Counterclaims, (ECF No. 28 at 21–26), ("Motion"), (ECF No. 29). The Court reviewed the Motion; Defendant MMI's Response, (ECF No. 30); Plaintiffs' Reply, (ECF No. 31); and pertinent portions of the record and is otherwise fully advised. After careful consideration, the Motion is **GRANTED**.

### I. BACKGROUND

Plaintiffs worked as front desk agents at Casa Morada, a hotel located in Islamorada, Florida, owned and operated by Defendants. (Compl., ECF No. 1 ¶ 3–7). Plaintiffs allege that they were subjected to unlawful discrimination and retaliation during their employment and unlawfully deprived of wages. (*See generally* Compl.). Defendant MMI brought counterclaims against both Plaintiffs for conversion, and against Plaintiff Thompson for tortious interference and fraud. (*See* ECF No. 28 at 21–26). Plaintiffs argue that these counterclaims should be dismissed because they are inherently retaliatory, unsubstantiated, and not sufficiently pled. (*See* Mot.).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), the Court will grant a motion to dismiss if the complaint fails to state a claim for which relief can be granted. At this stage of the case, "the question is whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Worthy v. Phenix City*, 930 F.3d 1206, 1217 (11th Cir. 2019) (alteration adopted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff." *Speaker v. U.S. Dep't of Health and Human Servs. For Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Although a complaint need not include detailed factual allegations, a plaintiff must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. DISCUSSION

### A. Count I: Conversion

"Under Florida law, a conversion consists of an act in derogation of the plaintiff's possessory rights." *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1258 (11th Cir. 2015) (quoting *Star Fruit Co. v. Eagle Lake Growers, Inc.*, 160 Fla. 130, 132 (Fla. 1948)) (alterations adopted). "[A]ny wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently or for an indefinite time, is a

conversion." *Id.* MMI alleges that Plaintiffs/Counter-Defendants improperly booked and occupied hotel rooms for their personal use and withheld company-issued laptops. (ECF No. 28 at 22–23). However, MMI fails to allege any facts as to the timing or circumstances of Plaintiffs' alleged conversion of the hotel rooms and laptops. As Plaintiffs have returned the company-issued laptops and no longer work at Casa Morada and cannot book or occupy rooms for their personal use, MMI fails to sufficiently allege that it will be deprived of its property for a permanent or indefinite period of time. (*See id.*). Therefore, Count I of MMI's Counterclaim is **DISMISSED**.

### B. Count II: Tortious Interference

"Under Florida law, 'the elements of tortious interference with a business relationship are (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship.'" *Duty Free Americas, Inc. v. Estee Lauder Co.*, 797 F.3d 1248, 1279 (11th Cir. 2015) (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 637 So. 2d 812, 814 (Fla. 1994)) (alteration adopted). MMI does not explain the existence of any alleged business relationship, such as defining which parties are involved or the nature of the alleged relationship. Further, MMI does not sufficiently allege that Thompson's alleged interference was unjustified. MMI's claim is simply too vague and devoid of specific factual allegations. As such, Count II of MMI's Counterclaim is **DISMISSED**.

### C. Count III: Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Eleventh Circuit has explained that this "means identifying the who, what, when, where, and how of the fraud alleged." *Omnipol, A.S. v. Multinational Def. Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022). Rule 9(b) is satisfied if the

complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997). MMI fails to reference any statement, document or misrepresentation made by Thompson, and instead, generalizes Thompson's alleged actions. (*See* ECF No. 28 at 24–25). MMI also fails to allege any dates or times of Thompson's purported actions, how MMI was misled, and what exactly Thompson gained by the alleged fraud. (*See id.*). MMI's claim does not include sufficient factual allegations to meet Rule 9(b)'s heightened pleading standard. Thus, Count III of MMI's Counterclaim is **DISMISSED**.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that

1. Plaintiffs' Motion to Dismiss Defendant MMI's Counterclaims, (ECF No. 29), is **GRANTED**.
2. Defendant MMI's Counterclaims, (ECF No. 28 at 21–26), are **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9 day of April 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record