UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 4:24-CV-10017-JEM

AKARI JOHNSON and
HAZEL THOMPSON

    Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

    Defendants.

_____/

**DEFENDANT MMI 82, LLC'S AMENDED RESPONSES TO
AKARI JOHNSON'S FIRST SET OF INTERROGATORIES**

Defendant, MMI 82, LLC ("MMI 82" or DEFENDANT"), through undersigned counsel, and in accordance with Fla. R. Civ. P. 1.280, 1.340, and all other applicable rules, statutes, orders, case law, and other authorities, hereby responds to the *First Set of Interrogatories to Defendant* (the "Interrogatories", and as to each "Interrogatory") propounded by Plaintiff, AKARI JOHNSON, and states:

**GENERAL CLARIFICATIONS AND
QUALIFICATIONS APPLICABLE TO EACH INTERROGATORY**

    A.    MMI 82 construes the Interrogatories, including any instructions, definitions, or procedures, in a manner that is consistent with the requirements of the Florida Rules of Civil Procedure and the Florida Rules of General Practice & Judicial Administration. Also, MMI 82 construes the Interrogatories, including any instructions, definitions, or procedures, as not requiring MMI 82 to undertake any action or obligation not required by the Florida Rules of Civil Procedure or the Florida Rules of General Practice & Judicial Administration. To be clear, in

**EXHIBIT A**

responding to the Interrogatories, MMI 82 will undertake those actions, and only those actions, required by the applicable rules.

      B.     None of MMI 82's answers are intended as, or should be construed as, a waiver or relinquishment of the attorney-client privilege, the work-product doctrine, or any other applicable privileges or protections from disclosure. MMI 82's failure to make any objection through inadvertence, ignorance of facts giving rise to such objection, or any other reason, should not be considered a waiver of such objection.

      C.     In responding to these Interrogatories, MMI 82 does not concede that any information or materials disclosed is relevant to this action or would be admissible, and expressly reserves the right to challenge the admissibility of any information or materials disclosed.

      D.     MMI 82 construes the Interrogatories, including any instructions, definitions, or procedures, as not seeking the disclosure of any information protected by the "work product" doctrine or any similar or related doctrines, the attorney-client privilege, or any other applicable rule or doctrine of privilege or confidentiality that protects such information from disclosure (e.g., trade secrets, etc.).

      E.     MMI 82 expressly rejects any assertions or conclusions which are implied by any of the Interrogatories or on which any of the Interrogatories are premised. By responding to an Interrogatory, MMI 82 does not concede or admit any premised or implied assertions or conclusions.

      F.     MMI 82 notes that the Interrogatories are overbroad in that they are not generally limited to a time-period; accordingly, in the event a specific Interrogatory does not specify a relevant time-period, MMI 82 construes such Interrogatory as seeking information for the period beginning on the morning of the incident which is the subject of the operative complaint.

G.  Because discovery is ongoing, MMI 82 reserves the right, but does not undertake the obligation, to supplement or amend its responses and objections to the Interrogatories.

## RESPONSES TO INTERROGATORIES

1. Identify all persons whom you contend have knowledge of the facts and circumstances, including but not limited to any claims and/or defenses, alleged in the Pleadings, including the facts which you contend are known to each person, and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person.

> **ANSWER: Oneil Khosa, Owner of MMI 82, may have knowledge regarding the duties of the Plaintiff.**
> **Ellen Summers (Guest Services Manager) may have knowledge regarding the Plaintiff's duties.**
> **c/o Almazan Law, 7901 Ludlam Road, Suite 100, Miami, FL 33143; 305-665-6681**
>
> **Aileen Gonzalez may have knowledge regarding the hiring, duties, and performance of the Plaintiff.**
> **Daniella Rodriguez, no longer employed by MMI 82, may have knowledge regarding the room rate changes made by Plaintiff and reservations made by the Plaintiff and not paid.**

2. Identify the name, address, telephone number and email address of any person, entity or internal department who provided information, consultation, or assistance with answering these Interrogatories. If applicable, please include an identified person's official position or relationship to the Defendant.

> **ANSWER:  Oneil Khosa, Owner of MMI 82 and Ellen Summers, Guest Services Manager of MMI 82 c/o Almazan Law with the assistance of our attorney Johanna Castellon Vega, Esq., c/o Almazan Law, 7901 Ludlam Road, #100, Miami, Florida 33143.**

3. List all documents, with particularity, that you consulted, relied on, or have any relation to the substance of these interrogatories even if you did not consult with such documents to prepare these Interrogatories. Please state the title of each document, identify its signatories, including their titles, the date the document was prepared or signed, and the name of its present custodian and present location. Please include and list separately, any and all drafts of each document. Finally, if a document is stored electronically and/or in binary format, please state the location of the hard drive or other media where the information is stored.

> **ANSWER: Please see the following documents in MMI 82's production of responsive documents attached to the Defendant's response to the Plaintiff's request for production**:
>
> 1. **All emails coming up in your email system referring to Akari and Hazel**
>    **DEF 00001-00010**
> 2. **Posters or any written material regarding the overtime policies, good faith efforts to comply with the FLSA with respect to compensation for employees, and policies regarding discrimination on the basis of race and color**
>    **DEF 00011-00012**
> 3. **Mr. Johnson's Timecards**
>    **DEF 00013-00018**
> 4. **Timecards – All Employees**
>    **DEF 00001-00218**
> 5. **All documents that would reflect the hours of employment and compensation of all employees at MMI 82 from January 2023 through the present including timecards, work schedules, and payroll records**
>    **DEF 00219-00220**
> 6. **Checks**
>    - **Checks Issued to Mr. Johnson**
>    - **Checks Issued to Ms. Thompson**
>    - **Checks Issued to Hospitality Hub**
>    **DEF 00221-00254**
> 7. **Letter of Employment**
>    - **Hazel Thompson**
>    - **Oneil Khosa Attestation**
>    **DEF 00257-00258**
> 8. **Casa Morada Letter to Credit Cards re: Hazel and Akari Fraudulent Actors**
>    **DEF 00259**
> 9. **Hospitality Hub/Hazel Thompson Fraud**

   **DEF 00260-00269**

**10.**
- **Text messages between Oneil and Akari and Hazel**
- **Text messages between Ellen and Akari**
- **Text messages between Ellen and Hazel**
- **Text messages between JW and Akari**

   DEF 00270-00355
11. **Hazel and Akari's stays at Casa Morada**
   DEF 00356-00359909090
12. **Employee Letters from Candee, Julio, and Adriana re: Hazel and Akari**
   DEF 00360-00362
13. **Casa Morada Operating Procedures**
   DEF 00363-00657
14. **Casa Morada Training Program**
   00658-00673
15. **Hotel Property and Guest Stay Information**
   DEF 00674-00697
16. **Business Licenses**
   DEF 00698-00701
17. **New Employee Packet**
   DEF 00702-00748
18. **All documents that Daniella sent Tapia (the Dept of Labor investigator**
   DEF 00749-00795

4.   State every known instance Defendant or Defendant's agent(s) reprimanded, counseled, or otherwise disciplined Plaintiff, whether oral, written, or otherwise. Include the extent of the punishment for Plaintiff's alleged violation and describe the applicable internal policy. Additionally, please include the name of the individual who reprimanded Plaintiff on Defendant's behalf.

**ANSWER: On December 16, 2023, Mr. Johnson and Ms. Thompson were overseeing and supervising a wedding event at Casa Morada. Both of them left the area, the wedding guests were looking for them for some time, because they needed the wedding cake and champagne which were in the office. Ellen Summers was called to assist. When Ms. Summers arrived on the property, Mr. Johnson was leaving the office with numerous papers in his hands. Ms. Summers asked him what was going on since she had received a call regarding the guests not being able to get their cake and champagne. Mr. Johnson left and said he would be right back. Mr. Johnson did not return. Ms. Summers contacted Mr. Johnson by phone and told him he needed to get back to the property, because he needed to open up the office so that the wedding guests could get their cake and champagne. Mr. Johnson and Ms. Thompson began screaming at Ms. Summers, they cursed at her with numerous profane words, and Ms. Thompson told Ms. Summers that she was going to get several people from Miami that were going to "f_ _ _ her up."   Thereafter, neither Mr. Johnson nor Ms. Thompson returned to work.**

> **Mr. Thompson and Ms. Johnson were not supposed to abandon a wedding event that they were overseeing and supervising.**
>
> **Mr. Johnson nor Ms. Thompson were never disciplined or punished.**

5.  For the last seven (7) years, state in detail any and all prior allegations made against Defendant for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance. Such complaints include those your employees/agents made, internally, formal, or otherwise, and those employment grievances filed against Defendant with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance with the Defendant's policy. For each claim, list the following:

a. the name, address and telephone number for the claimant and his/her attorney;

b. the nature of the event;

c. the names and address of all parties involved;

d. the date and manner in which the event was resolved; and

e. if any Court filings, the caption of the action with the name and address of

the Court and the file/index number assigned to the action.

> **ANSWER: In 2024, the U.S Department of Labor conducted an investigation against the Defendant in connection with a wage claim initiated by the Plaintiffs in this case. The Defendant paid the Department of Labor $10,710.00 in connection with this matter. These documents are produced as DEF 00749-00795**
>
> ***Keith Morcroft v. MMI 82, LLC*, County Court of the 20th Judicial Circuit, Monroe County, Case No.: 44-2024-CC-000155-AI-01PK. Keith Morcroft is represented by Daniel Hunt. The matter has not been resolved.**

*Keith Morcroft v. MMI 82, LLC*, State of Florida, Office of the Judge of Compensation Claims, Miami District Office. Keith Morcroft is represented by Daniel Hunt. The matter has not been resolved.

6. State in detail any and all prior allegations made against ONIEL KHOSA for discrimination, retaliation, or any unlawful employment practice under State, Federal or local law or ordinance. Such complaints include those your employees/agents made, internally, formal, or otherwise, and those employment grievances filed against ONIEL KHOSA with any governmental administrative agency, including, but not limited to the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations ("FCHR"), or any other federal, state or local agency, concerning an employee's grievance. For each claim, list the following:

a. the name, address and telephone number for the claimant and his/her attorney;

b. the nature of the event;

c. the names and address of all parties involved;

d. the date and manner in which the event was resolved; and

e. if any Court filings, the caption of the action with the name and address of the Court and the file/index number assigned to the action.

**ANSWER:** None.

7. Identify if ONIEL KHOSA has ever been arrested and/or convicted of a criminal offense, either by trial or guilty plea, identify the county and/or federal judicial district where he was convicted, the crime, date of conviction, and the case number. For each arrest and/or conviction, please describe in detail the circumstances surrounding the arrest and/or subsequent conviction.

**ANSWER:** No.

8. Describe any employment benefits Plaintiff received during his employment with Defendant, including but not limited to, Plaintiff's salary, in addition to health insurance benefits, sick leave benefits, or any other benefits Plaintiff was entitled to or eligible to receive as an employee of Defendant.

> **ANSWER:** **Akari Johnson was paid hourly. After a year of employment, he would have been entitled to vacation. He did not work a year.**

9. Identify each and every person from whom you, or anyone acting in your behalf, has obtained any report, statement, recording, memorandum or testimony, whether signed or not, and whether prepared by someone other than said person or not, concerning the facts of this lawsuit. Include in your answer the identity of the custodian of same.

> **ANSWER: Documents responsive to this request are included in the documents responsive to the Plaintiff's request for production.**
> **They include:**
> 1. **All emails coming up in your email system referring to Akari and Hazel**
>    **DEF 00001-00010**
> 2. **Letter of Employment**
>    - **Hazel Thompson**
>    - **Oneil Khosa Attestation**
>    **DEF 00257-00258**
> 3. **Casa Morada Letter to Credit Cards re: Hazel and Akari Fraudulent Actors**
>    **DEF 00259**
> 4. **Hospitality Hub/Hazel Thompson Fraud**
>    **DEF 00260-00269**
> 5. 
>    - **Text messages between Oneil and Akari and Hazel**
>    - **Text messages between Ellen and Akari**
>    - **Text messages between Ellen and Hazel**
>    - **Text messages between JW and Akari**
>    **DEF 00270-00355**
> 6. **Hazel and Akari's stays at Casa Morada**
>    **DEF 00356-00359909090**
> 7. **Employee Letters from Candee, Julio, and Adriana re: Hazel and Akari**
>    **DEF 00360-00362**
> 8. **All documents that Daniella sent Tapia (the Dept of Labor investigator**
>    **DEF 00749-00795**

10. List any and all written and/or recorded statements or reports of all witnesses or potential witnesses in this lawsuit in your possession, custody or control, excluding any privileged reports or statements between any party to this action and the party's attorneys.

> **ANSWER: Documents responsive to this request are included in the documents responsive to the Plaintiff's request for production.**
> 1. **All emails coming up in your email system referring to Akari and Hazel**
>    **DEF 00001-00010**
>    **DEF 00219-00220**
> 2. **Letter of Employment**
>    - **Hazel Thompson**
>    - **Oneil Khosa Attestation**
>    **DEF 00257-00258**
> 3. **Casa Morada Letter to Credit Cards re: Hazel and Akari Fraudulent Actors**
>    **DEF 00259**
> 4. **Hospitality Hub/Hazel Thompson Fraud**
>    **DEF 00260-00269**
> 5. 
>    - **Text messages between Oneil and Akari and Hazel**
>    - **Text messages between Ellen and Akari**
>    - **Text messages between Ellen and Hazel**
>    - **Text messages between JW and Akari**
>    **DEF 00270-00355**
> 6. **Hazel and Akari's stays at Casa Morada**
>    **DEF 00356-00359909090**
> 7. **Employee Letters from Candee, Julio, and Adriana re: Hazel and Akari**
>    **DEF 00360-00362**
> 8. **All documents that Daniella sent Tapia (the Dept of Labor investigator**
>    **DEF 00749-00795**

11. Identify all persons involved in and/or otherwise aware of the investigation into Plaintiff's complaints and accusations as related to his employment with Defendant and the asserted discriminatory practices, including, but not limited to, human resources personnel, supervisors, employees, independent contractors, or any other person who acted as Defendant's agent(s), and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone

number of that person. Include in your response all documents prepared, obtained, and/or otherwise reviewed during the course of any such investigation.

**ANSWER: Same response as interrogatory #1.**

12. Identify all employees who were responsible for either preparing and/or administering Defendant's personnel, employee(s) and human resources policies, trainings, and/or procedures during the Plaintiff's employment with Defendant, including but not limited to the employee(s) designated and responsible for receiving and investigating complaints of discrimination, harassment, and/or retaliation from employees.

**ANSWER: Aileen Gonzalez and Oneil Khosa.**

13. Describe in detail any alleged deficiencies or issues that Defendant had with Plaintiff's work performance or attendance during Plaintiff's employment with Defendant, if any. In doing so, identify any and all documents which reflect said deficiencies or issues.

**ANSWER: In addition to what is stated in #4 above, Akari Johnson, together with Hazel Thompson, occupied rooms at the hotel for personal use during working and non-working hours and did not pay for the stays. This caused the housekeeping staff to enter the rooms and clean out towels and sheets.**
**In addition, there were several occasions where Johnson booked stays for himself at Casa Morada and he did not pay for the reservations.**
**Moreover, Mr. Johnson on many occasions purchased food from a local restaurant, named Bayside Grill, put the order on the bill for MMI82, LLC and used the food for personal consumption.**
**Mr. Johnson together with Ms. Thompson, also took the Defendant's laptop, refused to return it even after they resigned, and deleted a significant amount of data once the laptop was returned.**
**Lastly, Mr. Johnson changed the user name and password for Casa Morada's Instagram account and has never provided this information to the Defendant, despite being asked numerous times after he left.**

14. Describe in detail the reason for the Plaintiff's termination, including the date of termination, and the name, title, supervisor, and race, of any employee(s) involved, whether in whole or in part, in the decision to terminate the Plaintiff.

> **ANSWER: Akari Johnson was not terminated.  He voluntarily resigned.**

15. Identify all employee(s) of Defendant in the State of Florida who have been terminated from January 1, 2020, to the present, for the same reason described in response to Interrogatory No. 14 above, including the name, title, supervisor, worksite, and race, of any employee(s) identified.

> **ANSWER: Objection.  This interrogatory is overbroad, unduly burdensome, vague, not likely to lead to the discovery of admissible evidence.  The question is unclear as it relates to "identifying all employees who have been terminated for the same reason described in response to Interrogatory No. 14 above."**

16. Identify any complaint(s) of discrimination or harassment reported by the Plaintiff to the Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any remedial action taken in connection with, or in response to, such complaint(s).

> **ANSWER: No discrimination or harassment was reported by Akari Johnson during his employment.**

17. Identify any complaint(s) of discrimination or harassment reported by any employee against ONIEL KHOSA during his employment with Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated

in, or had knowledge of any investigation or inquiry in connection with, or in response to, such complaint(s).

**ANSWER: None.**

18. Identify any investigations or inquiries conducted in response to any complaint(s) of discrimination or harassment reported by the Plaintiff to Defendant. For each investigation or inquiry identified, please state: (1) the nature of the complaint or allegation being investigated, (2) the date the investigation was initiated, (3) the date the investigation was concluded, (4) any conclusions or findings made at the conclusion of the investigation, and (4) the name, title, and race of any employee(s) responsible for conducting the investigation.

**ANSWER: Same response as the response on number 16.**

19. Identify any complaint(s) of wage or hour violation(s) reported by any employee against Defendant during his employment with Defendant and what action, if any, was taken in response to such complaint(s), including but not limited to the names and titles of any of Defendant's supervisors, representatives, or employees who conducted, supervised, participated in, or had knowledge of any investigation or inquiry in connection with, or in response to, such complaint(s).

**ANSWER: None other than the Plaintiffs in this case.**

20. Identify any investigations or inquiries conducted in response to any complaint(s) of wage or hour violation(s) reported by the Plaintiff to Defendant. For each investigation or inquiry identified, please state: (1) the nature of the complaint or allegation being investigated, (2) the date the investigation was initiated, (3) the date the investigation was concluded, (4) any conclusions or findings made at the conclusion of the investigation, and (4) the name, title, and race of any employee(s) responsible for conducting the investigation.

**ANSWER: The Plaintiff did not report any complaint of wage or hour violations during his employment.**

21. Identify all employees of Defendant whom you contend had supervisory authority over the Plaintiff during the course of the Plaintiff's employment with the Defendant, and provide the name, title, supervisor, and race, and indicate whether they are still employed with Defendant.

**ANSWER: Aileen Gonzalez was Akari Johnson's supervisor.  She is no longer employed by the Defendant.**

22. From June 1, 2023 until the present, state with particularity Plaintiff's rate of pay or at all times relevant to this controversy and the total amount of compensation received by Plaintiff during the course of his employment with Defendant, providing for each pay period, the (a) pay date, (b) the actual number of hours shown on the time cards/sheets, (c) if the time worked was rounded, the manner in which it was rounded, (d) the number of hours over forty for each week, (e) the actual numbers of hours worked, (f) the description of the work, (g) the rate of pay for each type of work described in the preceding section, (h) the check number, and (i) a description of each document containing the forgoing information. (In lieu of a description of each document, you may produce the document and reference the document by bates number in place of the description).

**ANSWER: Please see MMI 82's production of responsive documents attached to the Defendant's response to the Plaintiff's request for production.**

23. From June 1, 2023 until the present, state with particularity the number of hours worked by Plaintiff, identifying the procedure used for monitoring and recording said hours and identifying all personnel involved in these procedures and their specific responsibilities.

**ANSWER: Please see MMI 82's production of responsive documents attached to the Defendant's response to the Plaintiff's request for production.**

24. State the terms of any insurance agreement under which any person or entity engaged in the insurance business may be liable to satisfy part or all of any judgment which may be entered against Defendant in this action.

**ANSWER: None.**

## **VERIFICATION**

**MMI 82, LLC**

By: _____
       Print Name: _____
       Title: _____

STATE OF <u>FLORIDA</u>
COUNTY OF _____

    The foregoing instrument was acknowledged before me this _____ day of

_____, 2024, by _____, who is personally known to

me OR who has produced _____ and who did / did not take an oath.


                                                _____
                                                NOTARY PUBLIC – State of _____
                                                Print Name: _____
                                                My Commission Expires: _____
                                                My Commission Number: _____

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document has been furnished to the following by e-mail or e-service on October 1, 2024:

**Daneil J. Barroukh, Esq.**, Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, Florida 33131, danielb@dereksmithlaw.com, kyle@dereksmithlaw.com, david@dereksmithlaw.com.

       **ALMAZAN LAW**
       *Counsel for Defendant*
       7901 Ludlam Road, Suite 100
       Miami, Florida 33143
       Telephone:  (305) 665-6681
       Facsimile:  (305) 665-6684
       Service: service@almazanlaw.com

       */s/ Johanna Castellon-Vega*

       **ALEXANDER P. ALMAZAN, ESQ.**
       Florida Bar No.: 159166
       aalmazan@almazanlaw.com

       **JOHANNA CASTELLON-VEGA, ESQ.**
       Florida Bar No.: 58345
       jvega@almazanlaw.com

       **CAMERON PERKINS, ESQ.**
       Florida Bar No. 1039668
       cperkins@almazanlaw.com

       ***Counsel for Defendant MMI 82, LLC***