UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 4:24-CV-10017-JEM

AKARI JOHNSON and
HAZEL THOMPSON

    Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

    Defendants.

### DEFENDANT MMI 82, LLC'S RESPONSES TO PLAINITFF HAZEL THOMPSON'S FIRST REQUEST FOR PRODUCTION

Defendant, MMI 82, LLC ("MMI 82" or "DEFENDANT"), through undersigned counsel, and in accordance with Fla. R. Civ. P. 1.280, 1.350, and all other applicable rules, statutes, orders, and authorities, and hereby responds to the *First Request for Production to Defendant* (the "Requests", and as to each, "Request") propounded by Plaintiff, HAZEL THOMPSON, and states:

### GENERAL CLARIFICATIONS AND QUALIFICATIONS APPLICABLE TO EACH REQUEST

A.    MMI 82 construes the Requests, including any instructions, definitions, or procedures, in a manner that is consistent with the requirements of the Federal Rules of Civil Procedure and the Southern District of Florida's local rules. Also, MMI 82 construes the Requests, including any instructions, definitions, or procedures, as not requiring MMI 82 to undertake any action or obligation not required by the Federal Rules of Civil Procedure and the Southern District of Florida's local rules. To be clear, in responding to the Requests, MMI 82 will undertake those actions, and only those actions, which are consistent with those rules.

EXHIBIT D

B. None of MMI 82's answers are intended as, or should be construed as, a waiver or relinquishment of the attorney-client privilege, the work-product doctrine, or any other applicable privileges or protections from disclosure. MMI 82's failure to make any objection through inadvertence, ignorance of facts giving rise to such objection, or any other reason, should not be considered a waiver of such objection.

C. In responding to these Requests, MMI 82 does not concede that any documents produced are relevant to this action or would be admissible, and expressly reserves the right to challenge the admissibility of any document produced or made available for inspection.

D. By agreeing to produce responsive documents, MMI 82 does not acknowledge that any particular document exists.

E. MMI 82 expressly rejects any assertions or conclusions which are implied by any of the Requests or on which any of the Requests are premised. By agreeing to produce responsive documents, MMI 82 does not concede or admit any premised or implied assertions or conclusions.

F. Because discovery is ongoing, and various parties are seeking stay or dismissal for binding arbitration or lack of personal jurisdiction, and these are informal responses, MMI 82 reserves the right, but does not undertake the obligation, to supplement or amend its responses and objections to the Requests or provide formal responses which may be different than these responses should the Litigation proceed.

G. Consistent with the above-referenced rules, MMI 82's production of any electronically-stored information or ESI is limited to those sources that are reasonably accessible, such discovery is not unreasonably cumulative or duplicative, and those situations where the burden of expense does not outweigh the likely benefit considering the needs of the case.

## RESPONSE TO REQUEST FOR PRODUCTION

1. All documents in the possession or control of Defendant that relate or pertain to the Plaintiff.

**RESPONSE:** Documents responsive to this request are attached hereto.

2. All documents identified and/or listed in your answers to Plaintiff's First Set of Interrogatories.

**RESPONSE:** Documents responsive to this request are attached hereto.

3. All documents that relate to or support any affirmative defense set forth in the Answer or that you could use in response to any claim asserted by the Plaintiff.

**RESPONSE:** Documents responsive to this request are attached hereto.

4. Any and all photographs, negatives, recordings, and/or videos of Plaintiff.

**RESPONSE:** Documents responsive to this request are attached hereto.

5. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Plaintiff and Defendant and/or Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

6. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Oniel Khosa, and any of Defendant's employees, agents, officers, or

representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

**RESPONSE:** None in Defendant's possession.

7. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Ailleen Gonzalez, and any of Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

**RESPONSE:** None in Defendant's possession.

8. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Ellen Summers and any of Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

**RESPONSE:** Documents responsive to this request are attached hereto.

9. All communications sent or received via the Defendant's internal messaging system, referring or relating to the keyword terms "HAZEL THOMPSON" and/or "Ms. Thompson" from January of 2023 to the present.

**RESPONSE:** Objection. Vague as it is unclear what is meant by "internal messaging system. Nonetheless, none.

10. Any and all non-privileged communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, or other forms of internal communication between Defendant's employees, managers, officers, and/or other staff discussing Plaintiff and/or the claims asserted in this lawsuit, from January of 2023 to the present.

**RESPONSE:** None.

11. All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

**RESPONSE:** None.

12. All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of her employment with Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

13. All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during her employment with the Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

14. All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by the Defendant, including but not limited to payroll records, commission records, W-2 forms, and 1099s Forms.

**RESPONSE:** Documents responsive to this request are attached hereto.

15. If Defendant contends the gross volume of Defendant MMI 82, LLC was less than $500,000 annually for 2022, and 2023, the following documents:

a. IRS form 1120 (or 1120-S) for each of those years; and

b. Florida Sales and Use Tax Return for each month of those years; and

c. Florida Forms RT-6 and RT-8, and

d. Defendant's financial statements for those years, including but not limited to, balance statements, income statements and cash flow statement

**RESPONSE:** None in Defendant's possession; however, discovery is still ongoing.

16. All documents regarding Defendant's compensation of Plaintiff from or around January of 2023, through present, including but not limited to tip-sharing and/or tip-pooling policies, tip-sharing and/or tip-pooling agreements, tip sharing and/or tip-pooling records from each shift.

**RESPONSE**: Documents responsive to this request are attached hereto.

17. From or covering the period of January of 2023 to the present, any written material referring or relating to Defendant's policies regarding regular and overtime pay as it relates to Plaintiff.

**RESPONSE:** Documents responsive to this request are attached hereto.

18. All documents regarding the hours of employment that reflect work shifts and/or hours worked by Plaintiff in 2023, including but not limited to timesheets/punchcards, shift

schedules, training schedules, payroll records, disciplinary/advisory meetings, and meeting schedules.

**RESPONSE:** None.

19. Any and all documents regarding the hours of employment and compensation of all employees at MMI 82, LLC from January 2023 through the present, including but not limited to timecards (punchcards), work schedules, payroll records, and state and local tax records.

**RESPONSE:** Objection, this request is overbroad, vague, unduly burdensome and not likely to lead to the discovery of admissible evidence. Nonetheless, timecards are attached hereto.

20. All documents reflecting correspondence with any payroll provider regarding Plaintiff's compensation or hours of work in 2023.

**RESPONSE:** None.

21. Notes, reports, e-mails, correspondence and other communications, and data entries regarding:

a. Hours worked by Plaintiff in 2023;

b. Plaintiff's rate of pay in 2023;

c. Tip-share agreements in 2023;

d. Tip-share data from in 2023;

e. Wages paid to Plaintiff in 2023;

f. Overtime pay for Plaintiff in 2023

**RESPONSE:** Documents responsive to this request are attached hereto.

22. Correspondence, including but not limited to e-mails, between Defendant and the Department of Labor or any governmental entity (other than the court in which this action was brought) regarding:

a. Hours worked by Plaintiff;

b. Wages paid to Plaintiff;

c. Any investigation conducted by the Department of Labor regarding overtime wages paid by Defendant;

d. Any investigation conducted by the Department of Labor regarding tips and tippools regulated by Defendant;

e. Defendant's efforts to comply with the FLSA with respect to the compensation of their employees.

**RESPONSE:** Documents responsive to this request are attached hereto.

23. Documents showing policies of Defendant in effect during the period covered by this action regarding:

a. Hours of work;

b. Overtime;

c. Methods of compensation;

d. Distribution of compensation;

**RESPONSE:** Documents responsive to this request are attached hereto.

24. All documents related to Defendant's alleged good faith efforts to comply with the FLSA with respect to their compensation of employees.

**RESPONSE:** Documents responsive to this request are attached hereto.

25. All documents relating to any charges or claims against the Defendant within the past 7 years for violations of the FLSA and the Florida Minimum Wage Act.

**RESPONSE:** None.

26. All documents relating to any charges or claims against the Defendant within the past 7 years for violations of Section 1981.

**RESPONSE:** None.

27. All written statements, notes, diaries, calendars, memoranda, reports or other documents made by Defendant, or on Defendant's behalf, relating to the issues raised by Plaintiff in his Complaint, or relating to Defendant's discriminatory conduct towards Plaintiff.

**RESPONSE:** Documents responsive to this request are attached hereto.

28. All documents that relate or pertain to any position(s) that Plaintiff held with Defendant, including but not limited to, documents referring to or relating to Plaintiff's performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

**RESPONSE:** Documents responsive to this request are attached hereto.

29. All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

**RESPONSE:** None.

30. All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of his employment with Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

31. All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during his employment with the Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

32. All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by the Defendant, including but not limited to payroll records, commission records, W-2 forms, and 1099s Forms.

**RESPONSE:** Documents responsive to this request are attached hereto.

33. The complete personnel file of Plaintiff HAZEL THOMPSON including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, investigations, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time; and, if not included in the personnel file, all documents which reflect or set forth Plaintiff's job duties and responsibilities during his relationship with Defendant, all performance evaluations and any other documents reflecting Defendant's evaluation of Plaintiff's work performance, formal discipline reports or write-ups, and all documents that evidence, reflect or describe any complaints made by Plaintiff against

Defendant or Defendant's employees or agents or complaints made about Plaintiff's work performance or complaints of any kind against Plaintiff.

**RESPONSE:** Documents responsive to this request are attached hereto.

34.     The complete personnel file of Oneil Khosa, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Oneil Khosa, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

**RESPONSE:** None.

35.     The complete personnel file of Ellen Summers, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Ellen Summers, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

**RESPONSE:** None.

36.     The complete personnel file of Ailleen Gonzalez, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Ailleen Gonzalez, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

**RESPONSE:** None.

37.     All documents that relate or pertain to Defendant's personnel handbook provided to employees at the outset of their employment, which was in effect during the course of Plaintiff's employment, which describes Defendant's employment policies to prevent discrimination under federal and state employment discrimination laws.

**RESPONSE:** Documents responsive to this request are attached hereto.

38.     All documents that relate or pertain to Defendant's policies or procedures regarding harassment, discrimination, and retaliation which were in effect during Plaintiff's employment with the Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

39. All documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding the investigation of employee complaints of discrimination or retaliation, which were in effect during Plaintiff's employment with Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

40. All documents that relate or pertain to Defendant's policies, including EEO (Equal Employment Opportunity) policies, employee computer and internet use policies, internal complaint or grievance procedures, EAP Program, vacation and paid time off policies and procedures, and employee discipline policies (including but not limited to, counseling, written warnings, suspension, demotion, and termination policies), policies on promotions and/or severance pay, which were in effect during Plaintiff's employment with Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

41. All documents that relate or pertain to Defendant's policies concerning discrimination on the basis of race and/or color, which were in effect during Plaintiff's employment with Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

42. All documents that relate or pertain to Defendant's policies concerning protected activity and/or retaliation, which were in effect during Plaintiff's employment with Defendant.

**RESPONSE:** Documents responsive to this request are attached hereto.

43. All documents that relate or pertain to Defendant's policies regarding reporting and complaining about unlawful and/or discriminatory behavior, which were in effect at any time during Plaintiff's employment.

**RESPONSE:** Documents responsive to this request are attached hereto.

44. All documents that reflect, describe, or relate to the financial condition (including all assets and liabilities) of Defendant, for the past five (5) years, including but not limited to, financial statements, annual reports, balance sheets, asset and liability statements and profit and loss, and income tax returns (including information returns).

**RESPONSE:** Objection, this request is overbroad, vague, unduly burdensome, contains confidential information, and is not likely to lead to the discovery of admissible evidence.

45. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Defendant since January 1, 2021.

**RESPONSE:** Documents responsive to this request are attached hereto.

46. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal complaints, discrimination, and/or retaliation, which were made by any person against any of Defendant's employees, agents, managers, officers, supervisors or directors at any time during Plaintiff's employment with Defendant.

**RESPONSE:** None.

47. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Oniel Khosa at any time during his employment.

**RESPONSE:** None.

48. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Ellen Summers at any time during her employment.

**RESPONSE:** None.

49. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Ailleen Gonzalez at any time during her employment.

**RESPONSE:** None.

50. All non-privileged documents of Plaintiff's complaints of harassment, discrimination, or retaliation, during the course of Plaintiff's employment with the Defendant.

**RESPONSE:** None.

51. All documents, including emails and text messages, relating to or evidencing any investigation by Defendant into Plaintiff's complaints of discrimination and/or harassment, which are at issue in this lawsuit, and the action taken in response to those complaints and/or investigations.

**RESPONSE:** None.

52. All documents supplied to any state, federal and/or local agency by Defendant regarding Plaintiff, including but not limited to any and all documents showing communications

between Agency and any city, state, federal and/or local Official concerning Plaintiff, including position statements given to the U.S. Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations.

**RESPONSE:** Documents responsive to this request are attached hereto.

53. All documents that relate or pertain to Plaintiff's applications for promotions or alternative positions with Defendant throughout the entirety of his employment, including but not limited to applications, job postings, resumes, candidate lists, interview records/notes, and calendaring.

**RESPONSE:** None.

54. All documents, including emails and text messages evidencing, reflecting, or describing, in whole or in part, the Plaintiff's termination.

**RESPONSE:** None. The Plaintiff was not terminated.

55. All documents you intend to introduce at trial and/or summary judgment to defend against Plaintiff's claims or to support the affirmative defenses raised in your answer.

**RESPONSE:** Documents responsive to this request are attached hereto.

56. All documents that relate or pertain to those persons who Defendant intends to call as an expert witness, as well as the copy of said expert's report, memoranda or other items contained in said expert witness' file including all correspondence or emails between said expert and Defendant or Defendant's counsel, if any.

**RESPONSE:** None; however, discovery is still ongoing.

57. All documents received as a result of any subpoena(s), release(s), or FOIA request(s), you have issued in connection with this matter.

**RESPONSE:** None.

58. All statements, oral or written, sworn or otherwise, taken from any witnesses, Defendant's current or former employees, officers, representatives, or agents or any third parties, and any memoranda of interviews concerning the subject matter of this litigation.

**RESPONSE:** Documents responsive to this request are attached hereto.

59. Any report or other documents provided to you by a private investigator that relate or refer to the above-styled matter.

**RESPONSE:** None.

60. All documents which relate or pertain to any agreements between you and any third parties concerning Plaintiff or the subject matter of this action.

**RESPONSE:** None.

61. All insurance policies pursuant to which any portion of claims alleged in this case will or may be indemnified.

**RESPONSE:** None.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been furnished to the following by e-mail or e-service on September 6, 2024:

**Daneil J. Barroukh, Esq.**, Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, Florida 33131, danielb@dereksmithlaw.com, kyle@dereksmithlaw.com, david@dereksmithlaw.com.

**ALMAZAN LAW**
*Counsel for Defendant*
7901 Ludlam Road, Suite 100
Miami, Florida 33143
Telephone:   (305) 665-6681
Facsimile:   (305) 665-6684
Service: service@almazanlaw.com

*/s/ Johanna Castellon-Vega*

**ALEXANDER P. ALMAZAN, ESQ.**
Florida Bar No.: 159166
aalmazan@almazanlaw.com

**JOHANNA CASTELLON-VEGA, ESQ.**
Florida Bar No.: 58345
jvega@almazanlaw.com

**CAMERON PERKINS, ESQ.**
Florida Bar No. 1039668
cperkins@almazanlaw.com

*Counsel for Defendant MMI 82, LLC*