UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 4:24-CV-10017-JEM

AKARI JOHNSON and
HAZEL THOMPSON

    Plaintiffs,

v.

MMI 82, LLC,
and THE ENTHUSIAST LLC,

    Defendants.
_____ /

### DEFENDANT THE ENTHUSIAST LLC'S RESPONSES TO PLAINTIFF AKARI JOHNSON'S FIRST REQUEST FOR PRODUCTION

Defendant, THE ENTHUSIAST LLC ("The Enthusiast" or "DEFENDANT"), through undersigned counsel, and in accordance with Fla. R. Civ. P. 1.280, 1.350, and all other applicable rules, statutes, orders, and authorities, and hereby responds to the *First Request for Production to Defendant* (the "Requests", and as to each, "Request") propounded by Plaintiff, AKARI JOHNSON, and states:

### GENERAL CLARIFICATIONS AND QUALIFICATIONS APPLICABLE TO EACH REQUEST

A. The Enthusiast construes the Requests, including any instructions, definitions, or procedures, in a manner that is consistent with the requirements of the Federal Rules of Civil Procedure and the Southern District of Florida's local rules. Also, The Enthusiast construes the Requests, including any instructions, definitions, or procedures, as not requiring The Enthusiast to undertake any action or obligation not required by the Federal Rules of Civil Procedure and the Southern District of Florida's local rules. To be clear, in responding to the Requests, The

EXHIBIT F

Enthusiast will undertake those actions, and only those actions, which are consistent with those rules.

B.  None of The Enthusiast's answers are intended as, or should be construed as, a waiver or relinquishment of the attorney-client privilege, the work-product doctrine, or any other applicable privileges or protections from disclosure. The Enthusiast's failure to make any objection through inadvertence, ignorance of facts giving rise to such objection, or any other reason, should not be considered a waiver of such objection.

C.  In responding to these Requests, The Enthusiast does not concede that any documents produced are relevant to this action or would be admissible, and expressly reserves the right to challenge the admissibility of any document produced or made available for inspection.

D.  By agreeing to produce responsive documents, The Enthusiast does not acknowledge that any particular document exists.

E.  The Enthusiast expressly rejects any assertions or conclusions which are implied by any of the Requests or on which any of the Requests are premised. By agreeing to produce responsive documents, The Enthusiast does not concede or admit any premised or implied assertions or conclusions.

F.  Because discovery is ongoing, and various parties are seeking stay or dismissal for binding arbitration or lack of personal jurisdiction, and these are informal responses, The Enthusiast reserves the right, but does not undertake the obligation, to supplement or amend its responses and objections to the Requests or provide formal responses which may be different than these responses should the Litigation proceed.

G.  Consistent with the above-referenced rules, The Enthusiast's production of any electronically-stored information or ESI is limited to those sources that are reasonably accessible,

such discovery is not unreasonably cumulative or duplicative, and those situations where the burden of expense does not outweigh the likely benefit considering the needs of the case.

**RESPONSE TO REQUEST FOR PRODUCTION**

1. All documents in the possession or control of Defendant that relate or pertain to the Plaintiff.

**RESPONSE:** None.

2. All documents identified and/or listed in your answers to Plaintiff's First Set of Interrogatories.

**RESPONSE:** None

3. All documents that relate to or support any affirmative defense set forth in the Answer or that you could use in response to any claim asserted by the Plaintiff.

**RESPONSE:** None.

4. Any and all photographs, negatives, recordings, and/or videos of Plaintiff.

**RESPONSE:** None.

5. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Plaintiff and Defendant and/or Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

**RESPONSE:** None.

6. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages,

exchanged between Oniel Khosa, and any of Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

**RESPONSE:** None.

7. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Ailleen Gonzalez, and any of Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's employment with Defendant.

**RESPONSE:** None.

8. Any and all communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Ellen Summers and any of Defendant's employees, agents, officers, or representatives, from January of 2023 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

**RESPONSE:** None.

9. All communications sent or received via the Defendant's internal messaging system, referring or relating to the keyword terms "AKARI JOHNSON" and/or "Mr. Johnson" from January of 2023 to the present.

**RESPONSE:** None.

10. Any and all non-privileged communication, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media

messages, or other forms of internal communication between Defendant's employees, managers, officers, and/or other staff discussing Plaintiff and/or the claims asserted in this lawsuit, from January of 2023 to the present.

**RESPONSE:** None.

11. All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

**RESPONSE:** None.

12. All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of his employment with Defendant.

**RESPONSE:** None.

13. All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during his employment with the Defendant.

**RESPONSE:** None.

14. All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by the Defendant, including but not limited to payroll records, commission records, W-2 forms, and 1099s Forms.

**RESPONSE:** None.

15. If Defendant contends the gross volume of Defendant The Enthusiast LLC was less than $500,000 annually for 2022, and 2023, the following documents:

a. IRS form 1120 (or 1120-S) for each of those years; and

b. Florida Sales and Use Tax Return for each month of those years; and

c. Florida Forms RT-6 and RT-8, and

d. Defendant's financial statements for those years, including but not limited to,

balance statements, income statements and cash flow statement

**RESPONSE:** None.

16.  All documents regarding Defendant's compensation of Plaintiff from or around June of 2023, through present, including but not limited to tip-sharing and/or tip-pooling policies, tip-sharing and/or tip-pooling agreements, tip sharing and/or tip-pooling records from each shift.

**RESPONSE:** None.

17.  From or covering the period of June of 2023 to the present, any written material referring or relating to Defendant's policies regarding regular and overtime pay as it relates to Plaintiff.

**RESPONSE:** None. The Enthusiast does not have employees.

18.  All documents regarding the hours of employment that reflect work shifts and/or hours worked by Plaintiff in 2023, including but not limited to timesheets/punchcards, shift schedules, training schedules, payroll records, disciplinary/advisory meetings, and meeting schedules.

**RESPONSE:** None.

19.  Any and all documents regarding the hours of employment and compensation of all employees at The Enthusiast LLC from January 2023 through the present, including but not limited to timecards (punchcards), work schedules, payroll records, and state and local tax records.

**RESPONSE:** None in Defendant's possession. The Defendant does not have employees.

20. All documents reflecting correspondence with any payroll provider regarding Plaintiff's compensation or hours of work in 2023.

**RESPONSE:** None.

21. Notes, reports, e-mails, correspondence and other communications, and data entries regarding:

a. Hours worked by Plaintiff in 2023;

b. Plaintiff's rate of pay in 2023;

c. Tip-share agreements in 2023;

d. Tip-share data from in 2023;

e. Wages paid to Plaintiff in 2023;

f. Overtime pay for Plaintiff in 2023

**RESPONSE:** None.

22. Correspondence, including but not limited to e-mails, between Defendant and the Department of Labor or any governmental entity (other than the court in which this action was brought) regarding:

a. Hours worked by Plaintiff;

b. Wages paid to Plaintiff;

c. Any investigation conducted by the Department of Labor regarding overtime wages paid by Defendant;

d. Any investigation conducted by the Department of Labor regarding tips and tippools regulated by Defendant;

e. Defendant's efforts to comply with the FLSA with respect to the compensation of their employees.

**RESPONSE:** None.

23. Documents showing policies of Defendant in effect during the period covered by this action regarding:

a. Hours of work;

b. Overtime;

c. Methods of compensation;

d. Distribution of compensation;

**RESPONSE:** None.

24. All documents related to Defendant's alleged good faith efforts to comply with the FLSA with respect to their compensation of employees.

**RESPONSE:** None.

25. All documents relating to any charges or claims against the Defendant within the past 7 years for violations of the FLSA and the Florida Minimum Wage Act.

**RESPONSE:** None.

26. All documents relating to any charges or claims against the Defendant within the past 7 years for violations of Section 1981.

**RESPONSE:** None.

27. All written statements, notes, diaries, calendars, memoranda, reports or other documents made by Defendant, or on Defendant's behalf, relating to the issues raised by Plaintiff in his Complaint, or relating to Defendant's discriminatory conduct towards Plaintiff.

**RESPONSE:** None.

28. All documents that relate or pertain to any position(s) that Plaintiff held with Defendant, including but not limited to, documents referring to or relating to Plaintiff's performance, evaluation, salary or wages, position(s) applied for, or any other employment related matters.

**RESPONSE:** None.

29. All documents that relate or pertain to any performance evaluations or job reviews of Plaintiff, during the course of Plaintiff's employment with Defendant.

**RESPONSE:** None.

30. All written job descriptions or any other documents that relate or pertain to the work duties and/or responsibilities of each position held by the Plaintiff, during the course of his employment with Defendant.

**RESPONSE:** None.

31. All documents that relate or pertain to any write-ups, complaints, comments, criticisms, or warnings, oral or written, concerning Plaintiff's work performance during his employment with the Defendant.

**RESPONSE:** None.

32. All documents that relate or pertain to Plaintiff's salary and wage records for the period in which the Plaintiff was employed by the Defendant, including but not limited to payroll records, commission records, W-2 forms, and 1099s Forms.

**RESPONSE:** None.

33. The complete personnel file of Plaintiff AKARI JOHNSON including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, investigations, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of Plaintiff's personnel file at any time; and, if not included in the personnel file, all documents which reflect or set forth Plaintiff's job duties and responsibilities during his relationship with Defendant, all performance evaluations and any other documents reflecting Defendant's evaluation of Plaintiff's work performance, formal discipline reports or write-ups, and all documents that evidence, reflect or describe any complaints made by Plaintiff against Defendant or Defendant's employees or agents or complaints made about Plaintiff's work performance or complaints of any kind against Plaintiff.

**RESPONSE:** None.

34. The complete personnel file of Ellen Summers, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Ellen Summers, and any 13 complaints or reports about him made by any employee or agent of Defendant, or third party

(including all communications with any supervisors, managers and Human Resources representatives).

**RESPONSE**: None.

35. The complete personnel file of Ellen Summers, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Ellen Summers, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

**RESPONSE**: None.

36. The complete personnel file of Ailleen Gonzalez, including employment application, resume, acknowledgments of receipt of employment handbook, performance evaluations, written warnings, complaints, reprimands, salary and benefit information, and any other documents, records, memoranda, notes, or computer printouts which were part of his personnel file at any time; and, if not included in the personnel files, all performance evaluations, formal discipline reports or write-ups, charges or lawsuits of any kind filed against Ailleen Gonzalez, and any complaints or reports about him made by any employee or agent of Defendant, or third party (including all communications with any supervisors, managers and Human Resources representatives).

**RESPONSE**: None.

37. All documents that relate or pertain to Defendant's personnel handbook provided to employees at the outset of their employment, which was in effect during the course of Plaintiff's employment, which describes Defendant's employment policies to prevent discrimination under federal and state employment discrimination laws.

**RESPONSE:** None.

38. All documents that relate or pertain to Defendant's policies or procedures regarding harassment, discrimination, and retaliation which were in effect during Plaintiff's employment with the Defendant.

**RESPONSE:** None.

39. All documents that relate or pertain to any of Defendant's policies, guidelines or procedures regarding the investigation of employee complaints of discrimination or retaliation, which were in effect during Plaintiff's employment with Defendant.

**RESPONSE:** None.

40. All documents that relate or pertain to Defendant's policies, including EEO (Equal Employment Opportunity) policies, employee computer and internet use policies, internal complaint or grievance procedures, EAP Program, vacation and paid time off policies and procedures, and employee discipline policies (including but not limited to, counseling, written warnings, suspension, demotion, and termination policies), policies on promotions and/or severance pay, which were in effect during Plaintiff's employment with Defendant.

**RESPONSE:** None.

41. All documents that relate or pertain to Defendant's policies concerning discrimination on the basis of race and/or color, which were in effect during Plaintiff's employment with Defendant.

**RESPONSE:** None.

42. All documents that relate or pertain to Defendant's policies concerning protected activity and/or retaliation, which were in effect during Plaintiff's employment with Defendant.

**RESPONSE:** None.

43. All documents that relate or pertain to Defendant's policies regarding reporting and complaining about unlawful and/or discriminatory behavior, which were in effect at any time during Plaintiff's employment.

**RESPONSE:** None.

44. All documents that reflect, describe, or relate to the financial condition (including all assets and liabilities) of Defendant, for the past five (5) years, including but not limited to, financial statements, annual reports, balance sheets, asset and liability statements and profit and loss, and income tax returns (including information returns).

**RESPONSE:** None.

45. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Defendant since January 1, 2021.

**RESPONSE:** None.

46. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal complaints, discrimination, and/or retaliation, which were made

by any person against any of Defendant's employees, agents, managers, officers, supervisors or directors at any time during Plaintiff's employment with Defendant.

**RESPONSE:** None.

47. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Oniel Khosa at any time during his employment.

**RESPONSE:** None.

48. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Ellen Summers at any time during her employment.

**RESPONSE:** None.

49. All documents that relate or pertain to any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination, and/or retaliation, which were made by any person other than Plaintiff, against Ailleen Gonzalez at any time during her employment.

**RESPONSE:** None.

50. All non-privileged documents of Plaintiff's complaints of harassment, discrimination, or retaliation, during the course of Plaintiff's employment with the Defendant.

**RESPONSE:** None.

51. All documents, including emails and text messages, relating to or evidencing any investigation by Defendant into Plaintiff's complaints of discrimination and/or harassment, which

are at issue in this lawsuit, and the action taken in response to those complaints and/or investigations.

**RESPONSE:** None.

52. All documents supplied to any state, federal and/or local agency by Defendant regarding Plaintiff, including but not limited to any and all documents showing communications between Agency and any city, state, federal and/or local Official concerning Plaintiff, including position statements given to the U.S. Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations.

**RESPONSE:** None.

53. All documents that relate or pertain to Plaintiff's applications for promotions or alternative positions with Defendant throughout the entirety of his employment, including but not limited to applications, job postings, resumes, candidate lists, interview records/notes, and calendaring.

**RESPONSE:** None.

54. All documents, including emails and text messages evidencing, reflecting, or describing, in whole or in part, the Plaintiff's termination.

**RESPONSE:** None.

55. All documents you intend to introduce at trial and/or summary judgment to defend against Plaintiff's claims or to support the affirmative defenses raised in your answer.

**RESPONSE:** Objection, premature. Defendant has not yet prepared its exhibit list but will disclose it in accordance with the Rules of Procedure and the Court's orders.

56. All documents that relate or pertain to those persons who Defendant intends to call as an expert witness, as well as the copy of said expert's report, memoranda or other items contained in said expert witness' file including all correspondence or emails between said expert and Defendant or Defendant's counsel, if any.

**RESPONSE:** Objection, premature. Defendant has not yet prepared its exhibit list but will disclose it in accordance with the Rules of Procedure and the Court's orders.

57. All documents received as a result of any subpoena(s), release(s), or FOIA request(s), you have issued in connection with this matter.

**RESPONSE**: None.

58. All statements, oral or written, sworn or otherwise, taken from any witnesses, Defendant's current or former employees, officers, representatives, or agents or any third parties, and any memoranda of interviews concerning the subject matter of this litigation.

**RESPONSE**: None.

59. Any report or other documents provided to you by a private investigator that relate or refer to the above-styled matter.

**RESPONSE**: None.

60. All documents which relate or pertain to any agreements between you and any third parties concerning Plaintiff or the subject matter of this action.

**RESPONSE**: None.

61. All insurance policies pursuant to which any portion of claims alleged in this case will or may be indemnified.

**RESPONSE:** None.

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been furnished to the following by e-mail or e-service on November 8, 2024:

**Daneil J. Barroukh, Esq.**, Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, Florida 33131, danielb@dereksmithlaw.com, kyle@dereksmithlaw.com, david@dereksmithlaw.com.

        **ALMAZAN LAW**
        *Counsel for Defendant*
        7901 Ludlam Road, Suite 100
        Miami, Florida 33143
        Telephone:   (305) 665-6681
        Facsimile:   (305) 665-6684
        Service: service@almazanlaw.com

        */s/ R. Edson Briggs, Jr.*

        **JOHANNA CASTELLON-VEGA, ESQ.**
        Florida Bar No.: 58345
        jvega@almazanlaw.com

        **R. EDSON BRIGGS, JR., ESQ.**
        Florida Bar No. 0004448
        ebriggs@almazanlaw.com

        **CAMERON PERKINS, ESQ.**
        Florida Bar No. 1039668
        cperkins@almazanlaw.com

        *Counsel for Defendant THE ENTHUSIAST LLC*