

New York | New Jersey | Philadelphia | Miami | Los Angeles | San Francisco | San Diego

January 31, 2024

**PERSONAL AND CONFIDENTIAL**

<u>VIA EMAIL (oneil@enthusiasthotels.com)</u>
Attn: Mr. Oneil Khosa
THE ENTHUSIAST LLC
3930 Coral Ridge Dr.
Coral Spring, FL 33065

**Re: Our Clients – A'KARI JOHNSON and HAZEL THOMPSON**

Dear Mr. Khosa:

Please be advised that this law firm represents Mr. A'kari Johnson and Ms. Hazel Thompson (hereinafter referred to as "Claimants") pertaining to the to the serious race/color discrimination, hostile work environment, overtime pay violations, and retaliation claims arising from Claimant's employment with THE ENTHUSIAST LLC (hereinafter referred to as "ENTHUSIAST" or the "Company"). Specifically, Claimants allege that ENTHUSIAST has engaged in conduct that is prohibited to employers under several federal and state laws, including but not limited to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); 42 U.S.C. § 1981 *et seq.* ("1981"); and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq.* ("FCRA").

We write to you in a good faith attempt to resolve this matter. At this time, a Complaint has been prepared to be filed with United States District Court, Southern District of Florida. Please contact our firm to discuss this matter by **Monday, February 12, 2024**. Conversely, if we do not hear from you, we will assume that ENTHUSIAST is not interested in an amicable resolution, and we will proceed accordingly.

Regardless of whether you choose to resolve this matter at this stage, it is your company's legal duty to provide certain insurance information to me and to preserve company records. I have attached a brief statement of your obligations in this regard.

We hereby demand that ENTHUSIAST preserve the following electronically stored information (ESI) relating to Claimants in its original state, and that all backup of this data, regardless of its storage, shall not be erased or deleted:

1. The entire contents of Claimants' personnel files;

**EXHIBIT J**

2. All photos and video recordings of Claimants and all or any of those individuals with whom they worked since the start of their respective employment;

3. All communications sent by or received by Claimants and any of those individuals with whom they have worked with since the start of their respective employment;

4. All communications and documents pertaining to Claimants' complaints of wages, unfair treatment, harassment, and/or discrimination.

I look forward to hearing from you or your representative and working with you to resolve this matter.

| | |
|---|---|
| Dated: Miami, Florida<br>January 31, 2024 | **DEREK SMITH LAW GROUP, PLLC**<br>*Counsel for Claimants*<br><br>*s/ Daniel J. Barroukh*<br>Daniel J. Barroukh, Esq.<br>Derek Smith Law Group, PLLC<br>520 Brickell Key Drive, Suite O-301<br>Miami, FL 33131<br>Tel: (305) 946-1884<br>Fax: (305) 503-6741<br>Danielb@dereksmithlaw.com |

(cc: oneilrk@gmail.com)

*Enc.:*

Notice of Obligation to Provide Insurance Information

Notice of Obligation to Preserve All Records

## OBLIGATION TO PROVIDE INSURANCE INFORMATION

In accordance with Florida Statute §627.4137(1), please furnish us with a statement setting forth the following information regarding Claimants' claims, including:

1. The name of each known insurer; and
2. The coverage information for each known insurer

Additionally, in accordance with Florida Statute §627.4137(1), please forward this request to each affected insurer, and have each insurer supply to our office a statement under oath with the following information within thirty (30) days of such insurer's receipt of this request:

A. The name of the insurer;
B. The name of each insured;
C. The limits of the liability coverage- including excess or umbrella insurance;
D. A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement; and
E. A copy of each policy.

Further, in accordance with Florida Statute §627.4137(2), please ensure that the statement required above is amended immediately upon delivery of facts calling for an amendment to such statement.

## OBLIGATION TO PRESERVE ALL RECORDS

This shall also serve as formal notice to THE ENTHUSIAST LLC (hereinafter referred to as "ENTHUSIAST" or the "Company") to preserve all evidence and information that may be relevant to the pending legal claim and lawsuit. Specifically, the Company must make an affirmative effort to preserve all documents and electronically stored information ("ESI") on all devices in your possession or control, regardless of the source of the documents or ESI. "Preserving" the documents and ESI means that they must not be destroyed, deleted, or modified. Your Company's failure to comply can result in sanctions being imposed by the Court for spoliation of evidence or potential evidence.

For these purposes, the terms "Documents" and "ESI" have a very broad meaning and include not only hard copy documents (both drafts and final copies) but also provide a wide range of electronic data. ESI can include, but is not limited to, all digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical, or other storage media, including but not limited to flash drives or other portable devices your Company computers, and any backup media (e.g., other hard drives, backup drives, flash drives, CDs) or otherwise, regardless of whether such files have been reduced to paper printouts. The same is time for all cell phones in your Company's possession and control, including any personal smart/cell phone your Company has used within the past year. As a non- exhaustive list, your Company is to preserve all e-mails and tech messages, both sent and received, whether internally or externally; all work-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all data generated by e-mailing, calendaring, task

management, and personal information management (PIM) software (such as Microsoft Outlook), whether personal or provided your Company; all data created with the use pf personal data assistants (PDAs), including but not limited to iPhone, Blackberry, Pocket PC, or Windows Mobile devices; all data created with the use of mobile phones, whether personal or provided by your Company, including but not limited to text messages and instant messages; all data created with the use of paper and electronic mail logging and routing software all internet and Web-browser generated history files, caches, and "cookies" files generated; all information pertaining to social networking accounts, including but not limited to Facebook, Twitter, Linkedin, Instagram, Snapchat, Pinterest, and all other forms of social networking accounts; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail.

Further, your Company is to preserve any log or logs of network use, whether kept in paper or electronic form, and to preserve all copies of your backup drives and the software necessary to reconstruct the data on those drives, so there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer and network server in your Company's control and custody, as well as image copies of all hard drives retained by your Company's control and custody, as well as image copies of all hard drives retained by your Company and no longer in service, but in use at any time from the beginning of our client employment with your Company to the present. The sources for these Documents and ESI could include, but are not limited to, all hard copy files and computer hard drives personal and work), removable media (such as CDs, DVDs, and thumb drives), computer servers, laptop computers, PDAs, Blackberry Devices, and other mobile phones. Ms. Garcia requests that your Company make efforts to preserve the information regardless of the source or location of the information.

In an abundance of caution, your Company is to undertake these preservation obligations as to all of the above information, sources, and devices regardless of whether the Company thinks the information, source or device is relevant- e.g., preserve **all text messages** on any cell phone or PDA has used within the past year regardless of the sender or recipient and regardless of their content.

In order to preserve all existing documents and ESI, please have the Company stop any deletion, overwriting, or other possible destruction of the documents and ESI. Your Company's preservation of evidence obligations also requires you to suspend **all** processes and routines in place on **all** sources for filing, modifying, deleting, removing, altering, or recycling any electronically stored information, data, and documents and to take all other steps necessary for the preservation of such evidence.

We request that your Company capture and print all such text messages now to avoid any inadvertent deletion of the same. To the extent that text messages are or have been deleted, we request that your Company preserve all evidence and records that show how and when such text messages were deleted and who was responsible for the deletion.

With regard to electronic data created after the date of delivery of this letter, relevant evidence is not to be destroyed and your Company is to take whatever steps are appropriate to avoid destruction of evidence. To assure that your Company's obligation to preserve documents

and things will be met, please forward a copy of this letter to any other persons or entities with custodial responsibility for the items referred to in this letter.

It is also your obligation to preserve all pay records as well as any other records relating to our client.