UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 4:24-CV-10017-MARTINEZ/SANCHEZ**

AKARI JOHNSON and
HAZEL THOMPSON,

     Plaintiffs,

vs.

MMI 82, LLC and
THE ENTHUSIAST LLC,

     Defendants.

_____/

**DEFENDANT MMI 82, LLC'S MOTION FOR LEAVE TO AMEND ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant, MMI 82, LLC ("MMI"), pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b), files this Motion for Leave to Amend Answer, Affirmative Defenses, and Counterclaim.[1]

**FACTUAL BACKGROUND**

Plaintiffs filed the operative Amended Complaint on November 20, 2024—10 days before the original deadline for amending pleadings. DE 26. MMI filed its Answer, Affirmative Defenses, and Counterclaim to Plaintiffs' Amended Complaint on December 20, 2024. DE 27. Plaintiffs filed their Motion to Dismiss Defendant MMI, 82 LLC's Counterclaims for Failure to State a Cause of Action on January 21, 2025. DE 29. Plaintiffs' motion was fully briefed as of February 11, 2025. *See, e.g.,* DE 30 (Defendant's Response); DE 31 (Plaintiffs' Reply). On April 9, 2025, the Court

---

[1] Pursuant to Local Rule 15.1 and Section 3I(1) of the CM/ECF Administrative Procedures, Defendants MMI 82, LLC's Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiffs' Amended Complaint is attached hereto as **Exhibit A**.

dismissed MMI's counterclaims for failure to state a claim, however, the dismissal was not done with prejudice. DE 39.

Shortly thereafter, on April 30, 2025, Defendants filed a motion requesting the substitution of their counsel [DE 40], which the Court granted on May 2, 2025 [DE 41]. In the short period of time since then, MMI's new counsel has conducted the necessary written discovery, depositions, and background research to perfect its claims for conversion, unjust enrichment, and under the Computer Fraud and Abuse Act. The amendment could have only been perfected after MMI took the depositions of the former general managers of the subject hotel, Aileen Gonzalez and Daniella Rodriguez, who helped clarify the extent of Plaintiffs' wrongdoing.

## MEMORANDUM OF LAW

### I.      Legal Standard

Rule 16(b) of the Federal Rules of Civil Procedure governs the amendment of pleadings after the date has passed under the court's scheduling order. Under Rule 16, a party must show good cause to amend the pleadings after the deadline. *Hyundai Motor Am. Corp. v. N. Am. Auto. Servs., Inc*., No. 20-82102-CV, 2021 WL 7082972, at *1 (S.D. Fla. June 11, 2021); *Uselmann v. Allied Prop. & Cas. Ins. Co*., 588 F. Supp. 3d 1308, 1310 (S.D. Fla. 2022) ("[W]hen a party's motion to amend is filed after the deadline set by the court's scheduling order, the party must show good cause why leave to amend the untimely complaint should be granted."). "The primary consideration in determining whether a movant has established good cause to amend is the diligence of the moving party." *Uselmann*, 588 F. Supp. 3d at 1310. After a party establishes good cause under Rule 16(b), the court must then consider whether amendment would be proper under Rule 15, which provides that a trial court shall "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The court should only deny a motion to amend if substantial

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

circumstances, such as undue delay, undue prejudice to the [opposing party], and futility of the amendment, exist." *See Hogben v. Wyndham International, Inc.*, 2006 WL 8433120 (S.D. Fla. Oct. 18 2006) (citing *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992)).

## II.   MMI Meets the Requirements of Rule 16(b)

There is good cause to allow MMI to amend its pleadings. While the original deadline to amend was November 30, 2024 [DE 13], this Court did not dismiss MMI's counterclaim until April 9, 2025. Accordingly, it was impossible for MMI to meet the scheduling deadline when filing the amendment at issue herein.

MMI also required additional discovery to perfect its allegations that Plaintiffs defrauded hotel guests and converted funds paid by guests for reservations that were meant to be paid to the hotel, as well as Plaintiffs' unauthorized conversion of the hotel's social media accounts. In this regard, MMI's new counsel took the depositions of Daniella Rodriguez and Aileen Gonzalez, the former general managers of the subject hotel. During her deposition, Daniella Rodriguez testified under oath that after Plaintiffs resigned from their positions at the hotel, she discovered discrepancies in the guest reservation system in connection with reservations made by Plaintiffs' through their entity, and that a police report was filed in connection with fraudulent guest reservations made by Plaintiffs' entity. *See* **Exhibit B** (Dep. D. Rodriguez 38:8-43:19, 62:7-66:1). In addition, during her deposition, Aileen Gonzalez confirmed under oath that the password to the hotel's Instagram account was changed and the hotel was locked out of its account in December 2023, in the same time period that Plaintiffs left their employment with Defendant MMI, supporting Defendant's counterclaims pertaining to Plaintiffs' hijacking of the social media account. *See* **Exhibit C** (Dep. A. Gonzalez 116:18-24; 117:16-19; 118:3-5; 173:13-174:18).

### III.       MMI Meets the Requirements of Rule 15(a)(2)

MMI has acted diligently in amending its pleadings. Indeed, it has only been two months since this Court granted Defendant MMI's motion to substitute its new counsel and since the new counsel has begun actively litigating and analyzing the matter. And, the amended pleadings will in no way disrupt the remaining scheduling order deadlines. Indeed, the Plaintiff has inquired about these counterclaims in deposition, and Defendant already issued written discovery requests associated with these proposed counterclaims which should not disrupt the final pre-trial stages of this case.

Additionally, MMI intends to bring claims which are based on already disclosed and known factual bases as the previously raised counterclaims, and has already produced documents supporting these allegations to Plaintiffs. Specifically, Defendant raised counterclaims for conversion, tortious interference, and fraud based on Plaintiffs "intentionally divert[ing] proceeds away from" the hotel "by sending guest payment requests through [Plaintiffs'] private entities." *See* DE 28 at 23-25. In the proposed amended counterclaims, Defendant MMI raises causes of action for conversion and unjust enrichment, similarly alleging that Plaintiffs unlawfully diverted proceeds away from the hotel that rightfully belonged to the hotel. *See* **Exhibit A** at 29-30. Similarly, Plaintiffs have long known about Defendant's allegations that they improperly changed and withheld the login credentials to the social media accounts. As such, Plaintiffs have already been put on notice of these allegations and will not be unduly prejudiced or surprised by the familiar allegations. Moreover, Plaintiffs would not require any additional discovery regarding these allegations, as Defendant MMI has already turned over relevant documents and several witnesses have testified regarding these allegations. Likewise, with regard to the amendments to Defendant's answer and affirmative defenses, Plaintiffs will likewise not be prejudiced or surprised

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

by these amendments. These amendments and defenses are based on common factual allegations that have already been disclosed and the subject of discovery in this matter.

Finally, amendment is not futile. MMI has meritorious claims for conversion, unjust enrichment, violation of the CFAA, and breach of duty of loyalty based on Plaintiffs' unlawful diversion of revenue from Defendant and their unlawful hijacking of the hotel's social media accounts. *See, e.g.*, *MasterMind Involvement Mktg., Inc. v. Art Inst. of Atlanta, LLC*, 389 F. Supp. 3d 1291, 1294 (N.D. Ga. 2019) (finding defendants to "have a substantial likelihood of succe[ss] on th[e conversion] counterclaim" where defendants had "valid legal title to the social media accounts and login information; that [plaintiff] currently ha[d] actual possession of the social media accounts and login information; that the AI Defendants and AII demanded return of the accounts and login information, and that [plaintiff] ha[d] refused to transfer back the accounts and login information to the AI Defendants and AII"); *Treasure Salvors, Inc. v. Unidentified, Wrecked & Abandoned Sailing Vessel*, 556 F. Supp. 1319, 1339 (S.D. Fla. 1983) (As an employee, JORDAN was in a fiduciary relationship to TREASURE SALVORS. JORDAN owed a duty to his employer to act with the highest degree of good faith and loyalty. He owed a duty to TREASURE SALVORS not to act for an adverse party *or himself* in any transaction within the scope of the agency.").

## **CONCLUSION**

For all the foregoing reasons, MMI respectfully requests this Court enter an Order granting MMI leave to amend its Answer, Affirmative Defenses, and Counterclaim and granting any other and further relief deemed just and proper.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

Respectfully submitted,

**CALDERA LAW PLLC**
7293 NW 2nd Ave.
Miami, Florida 33150
Telephone: (786) 321-3811

By:    */s/ Anthony V. Narula*
       Anthony V. Narula, Esq. (FBN 56546)
       anthony@caldera.law
       Rasheem Johnson, Esq. (FBN 1011350)
       rasheem@caldera.law
       Joanna Niworowski, Esq. (FBN 1031440)
       joanna@caldera.law
       eservice@caldera.law

       *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on July 1, 2025 on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

       */s Anthony V. Narula*
       Anthony V. Narula

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150