# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 4:24-CV-10017-MARTINEZ/SANCHEZ

AKARI JOHNSON and
HAZEL THOMPSON,

      Plaintiffs,

vs.

MMI 82, LLC and
THE ENTHUSIAST LLC,

      Defendants.

_____/

## DEFENDANT MMI 82, LLC'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT

Defendant MMI 82, LLC ("Defendant" or "MMI") hereby files its Amended Answer, Affirmative Defenses, and Counterclaims in response to Plaintiffs Akari Johnson and Hazel Thompson's ("Plaintiffs") Amended Complaint, filed on November 20, 2024 [DE 26]. The paragraph numbers and letters and the headings in this Amended Answer correspond to the paragraph numbers and letters and the headings in Plaintiffs' Amended Complaint. Defendant respectfully refers all questions of law to the Court and refers to the documents mentioned or incorporated into the Amended Complaint for the terms and content thereof. Defendant denies all allegations of the Amended Complaint directed at or pertaining to Defendant The Enthusiast LLC. Defendant denies all allegations of the Amended Complaint not specifically admitted in this Amended Answer.

## INTRODUCTION

1.    Defendant denies the allegations in Paragraph 1 of the Amended Complaint.

2.      Defendant admits the nature of the action; however, denies that the Plaintiffs are entitled to relief.

## PROCEDURAL HISTORY

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

## PARTIES

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint and therefore the allegations are denied.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Amended Complaint and therefore the allegations are denied.

9.      Defendant admits the allegations in Paragraph 9 of the Amended Complaint.

10.      Admitted only that Defendant ENTHUSIAST is a Nevada limited liability company and that Casa Morada is listed on Defendant ENTHUSIAST's website. The remainder of the allegations of this paragraph are denied.

11.      Admitted that MMI 82 was the employer of Plaintiffs. Denied that ENTHUSIAST was the employer of Plaintiffs, and denied that MMI 82 was the "joint" employer of Plaintiffs. Unknown whether MMI 82 was the "sole employer" of Plaintiffs at the relevant time. Defendant denies the remainder of the allegations in Paragraph 11 of the Amended Complaint.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

12.    Admitted that Plaintiff Akari Johnson was an hourly employee of MMI 82, but denied that Plaintiff Hazel Thompson was an hourly employee; denied as to ENTHUSIAST. Defendant denies the remainder of the allegations in Paragraph 12 of the Amended Complaint as improperly calling for a legal conclusion.

13.    Defendant denies the allegations in Paragraph 13 of the Amended Complaint as calling for a legal conclusion.

14.    Admitted that MMI 82 was the employer of Plaintiffs; denied as to ENTHUSIAST. Defendant denies the allegations in Paragraph 14 of the Amended Complaint as improperly calling for a legal conclusion.

15.    Defendant admits as to MMI 82 and denies as to ENTHUSIAST the allegations in Paragraph 15 of the Amended Complaint.

## JURISDICTION AND VENUE

16.    Admitted only that jurisdiction is proper. Denied that Plaintiffs have a valid claim against Defendant or that Defendant has any liability to Plaintiffs.

17.    Admitted only that venue is proper. The remaining allegations of this paragraph are denied.

## FACTUAL ALLEGATIONS

18.    Defendant MMI 82 admits that it hired Plaintiff Thompson in May of 2023; denied as to ENTHUSIAST. The remaining allegations of this paragraph are denied.

19.    Admitted only as to Defendant MMI 82; denied as to ENTHUSIAST. The remaining allegations of this paragraph are denied.

20.    Defendant denies the allegations in Paragraph 20.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

21.     Defendant admits that one of the Plaintiffs' job responsibilities was welcoming and checking-in the guests of Casa Morada.

22.     Denied.

23.     Denied.

24.     Defendant denies the allegations as phrased, and denies that Mr. Khosa exercised supervisory authority over Plaintiffs as employees of MMI 82, as he did not oversee day-to-day operations or supervision of employees.

25.     Defendant denies that Mr. Khosa exercised supervisory authority over employees of MMI 82, as he did not oversee day-to-day operations or supervision of employees. ENTHUSIAST was not Plaintiffs' employer and it has no employees, therefore denied as to ENTHUSIAST.

26.     Denied.

### **Defendants Unlawfully Denied Plaintiffs Overtime in Violation of the FLSA[1]**

27.     Defendant admits that MMI 82 maintained control, oversight, and direction over the Plaintiffs, including the ability to hire, fire, and discipline them. Denied as to ENTHUSIAST and the remaining allegations of this paragraph are denied.

28.     Paragraph 28 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions and demands strict proof thereof.

---

[1] To the extent Plaintiffs' subject headings purport to assert any factual allegations, the same are denied.

C A L D E R A   L A W   P L L C

7293 NW 2nd Avenue, Miami, FL 33150

29.     This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

30.     This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

31.     Admitted as to Defendant MMI 82; denied as to Defendant ENTHUSIAST.

32.     The allegations of paragraph 32 pertain to a party other than Defendant MMI 82 and are, therefore, denied.

33.     Paragraph 33 consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

34.     This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

35.     This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

36.     Admitted that MMI 82, as part of Plaintiff Johnson's employment, agreed to pay Plaintiff Johnson $18 per hour. . Denied as to ENTHUSIAST. The remaining allegations of this paragraph are denied.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Denied.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

39.     Denied.

40.     Denied.

41.     Denied.

42.     Admitted that Aileen Gonzalez had "supervisory authority over Plaintiffs, including the power to hire, fire, demote, and/or promote Plaintiffs." Defendant MMI 82 is without knowledge as to the remaining allegations and, therefore, denies them.

43.     Defendant MMI 82 is without knowledge as to the allegations and, therefore, denies them.

44.     Defendant MMI 82 is without knowledge as to the allegations and, therefore, denies them.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied that Defendant MMI 82 issued bad checks. Defendant MMI 82 is without knowledge as to the remaining allegations and, therefore, denies them.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

### **Defendants Unlawfully Discriminated Against Plaintiffs on the Basis of their Race and Color**

54.     Denied as phrased. Denied as to ENTHUSIAST. Admitted that Ms. Summers was a supervisor over Plaintiffs as employees of MMI 82.

6

55.     Admitted as to MMI 82.

56.     Admitted as to MMI 82.

57.     Denied..

58.     Denied.

59.     Admitted that Plaintiff Johnson had to perform various tasks assigned to all front desk agents, including moving furniture, cleaning toilets, serving alcohol, running errands for guests, and posting to the Hotel's social media. Denied that other staff members were not asked to perform the same or similar tasks. The remining allegations in this paragraph are denied.

60.     Admitted that Plaintiff Thompson had to perform various tasks assigned to all front desk agent, including moving furniture, serving alcohol, running errands for guests, and posting to the Hotel's social media. Denied that other staff members were not asked to perform the same or similar tasks. The remining allegations in this paragraph are denied.

61.     Admitted that Plaintiffs were provided with a work-issued laptop.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Defendant MMI 82 is without knowledge as to the allegations and, therefore, denies them.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

71.     Defendant MMI 82 is without knowledge as to the allegations and, therefore, denies them.

72.     Defendant MMI 82 is without knowledge as to the allegations and, therefore, denies them.

73.     Admitted that Plaintiff Johnson was assigned to help with a wedding event hosted at the Hotel. Defendant MMI 82 is without knowledge as to the remaining allegations and, therefore, denies them

74.     Defendant MMI 82 is without knowledge as to the allegations and, therefore, denies them.

75.     Defendant is without knowledge of the allegations in Paragraph 75 and therefore denies the same.

76.     Admitted only that Plaintiff Johnson sent a text to Ms. Summers that contains some of the words selectively quoted in this paragraph. Denied as to their truth and denied to the extent they are mischaracterized, taken out of context and omit portions of the language of the text. The remainder of the allegations of this paragraph are denied.

77.     Admitted only that Ms. Summers sent a text containing some of the words selectively quoted in this Paragraph. Denied to the extent that they are mischaracterized, taken out of context and portions of the language of the text. The remainder of the allegations of this paragraph are denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

82.    Denied.

83.    Denied.

**Defendants Unlawfully Retaliated Against Plaintiffs**

84.    Denied.

85.    Denied.

86.    Defendant refers to the quoted messages for the terms and contents thereof and denies any allegations inconsistent therewith. Defendant further denies the allegations contained in this paragraph to the extent they seek to impose any liability on Defendant.

87.    Denied.

88.    Admitted that Plaintiffs were asked to help with making social media posts. The remaining allegations are denied.

89.    Admitted only that Defendant provided Plaintiffs with the log-in username and password. The remaining allegations are denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Admitted only that Plaintiff Johnson sent a message to Mr. Khosa that contains some of the words selectively quoted in this paragraph. Denied as to their truth and denied to the extent they are mischaracterized, taken out of context and omit portions of the language of the message. The remainder of the allegations of this paragraph are denied.

94.    Admitted only that Mr. Khosa sent a message that contains some of the words selectively quoted in this paragraph. Denied as to their truth and denied to the extent they are

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

mischaracterized, taken out of context and omit portions of the language of the message. The remainder of the allegations of this paragraph are denied.

95.    Denied.

96.    Admitted that Plaintiffs returned the laptop, but only on telephonic instruction of a law enforcement officer who insisted they do so or face legal consequences.

97.    Admitted.

98.    Defendant is without knowledge regarding the allegations and therefore, the allegations are denied.

99.    Admitted only that Defendant MMI filed its initial counterclaims on November 1, 2024. Denied as to the remaining allegations.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Defendant is without knowledge of the allegations in Paragraph 105 and therefore denies the same.

106.   Denied.

107.   Denied.

108.   Defendant is without knowledge of the allegations in Paragraph 108 and therefore denies the same.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

109.    This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

## CAUSES OF ACTION
### COUNT I
### 42 U.S.C. § 1981
### RACE AND COLOR DISCRIMINATION
#### (Plaintiff Johnson against all Defendants)

110.    Defendant reincorporates its responses to these allegations as if fully restated herein.

111.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

112.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

113.    Admitted that Mr. Johnson is a black individual. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

114.    This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

115.    Denied.

116.    Denied.

117.    Denied.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

118.     Denied.

119.     Defendant is without knowledge of the allegations in Paragraph 108 and therefore denies the same.

120.     Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 120.

121.     Denied.

122.     Denied.

123.     Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 123.

**COUNT II**
**42 U.S.C. § 1981**
**HOSTILE WORK ENVIRONMENT**
**(Plaintiff Johnson against all Defendants)**

124.     Defendant restates its responses to those allegations as if fully set forth herein.

125.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

126.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

127.     Admitted that Mr. Johnson is a black individual. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions to the extent they signify any liability of Defendant to Plaintiffs.

128.     Denied.

129.     Denied.

130.     Denied.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

131.    Defendant is without knowledge of the allegations in Paragraph 131 and therefore denies the same.

132.    Defendant is without knowledge of the allegations in Paragraph 132 and therefore denies the same.

133.    Defendant is without knowledge of the allegations in Paragraph 133 and therefore denies the same.

134.    Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 134.

135.    Denied.

136.    Denied.

137.    Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 137.

**<u>COUNT III</u>**
**42 U.S.C § 1981**
**RETALIATION**
**(Plaintiff Johnson against all Defendants)**

138.    Defendant's responses to these allegations are realleged as if fully restated herein.

139.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

140.    This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies that such legal statements and conclusions signify any liability of Defendant to Plaintiffs.

141.    This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

142.    Denied.

13

C A L D E R A   L A W   P L L C

7293 NW 2nd Avenue, Miami, FL 33150

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Defendant is without knowledge of the allegations in Paragraph 155 and therefore denies the same.

156. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 156.

157. Denied.

158. Denied.

159. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 159.

## COUNT IV
### 42 U.S.C. § 1981
### RACE AND COLOR DISCRIMINATION
### (Plaintiff Thompson against all Defendants)

160. Defendant realleges its responses to these allegations as if fully restated herein.

14

161.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

162.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

163.     Admitted that Ms. Johnson is a black individual. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions to the extent they signify any liability of Defendant to Plaintiffs.

164.     This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions and that they signify any liability of Defendant to Plaintiffs.

165.     Denied.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Defendant is without knowledge of the allegations in Paragraph 169 and therefore denies the same.

170.     Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 170.

171.     Denied.

172.     Denied.

173.     Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 173.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

## <u>COUNT V</u>
### 42 U.S.C. § 1981
### HOSTILE WORK ENVIRONMENT
### (Plaintiff Thompson against all Defendants)

174.    Defendant realleges its responses to these allegations as if fully restated herein.

175.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

176.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

177.    Admitted that Ms. Thompson is a black individual. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions to the extent they signify any liability of Defendant to Plaintiffs.

178.    Denied.

179.    Denied.

180.    Denied.

181.    Defendant is without knowledge of the allegations in Paragraph 181 and therefore denies the same.

182.    Defendant is without knowledge of the allegations in Paragraph 182 and therefore denies the same.

183.    Defendant is without knowledge of the allegations in Paragraph 183 and therefore denies the same.

184.    Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 184.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

185.    Denied.

186.    Denied.

187.    Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 187.

**COUNT VI**
**42 U.S.C. § 1981**
**RETALIATION**
**(Plaintiff Thompson against all Defendants)**

188.    Defendant realleges its responses to these allegations as if fully restated herein.

189.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

190.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

191.    This paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions and that they signify any liability of Defendant to Plaintiffs.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Defendant is without knowledge of the allegations in Paragraph 205 and therefore denies the same.

206. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 206.

207. Denied.

208. Denied.

209. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 209.

**COUNT VII**
**29 U.S.C. § 207(1)**
**VIOLATION OF THE FLSA**
**(Plaintiff Johnson against all Defendants)**

210. Defendant realleges its responses to these allegations as if fully restated herein.

211. Admitted that MMI 82 was the employer of Plaintiff Johnson at all times material. Denied that MMI 82 was a joint employer of Plaintiff Johnson with ENTHUSIAST. Denied that ENTHUSIAST was Plaintiff's employer. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

212. This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

213. Denied.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

214.    Denied.

215.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

216.    Denied.

217.    Denied.

218.    Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 218.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 223.

**<u>COUNT VIII</u>**
**29 U.S.C. § 215(a)(3)**
**VIOLATION OF THE FLSA**
**(Plaintiff Johnson against all Defendants)**

224.    Defendant restates its responses to these allegations as if fully set forth herein.

225.    Admitted that MMI 82 was the employer of Plaintiff Johnson at all times material. Denied that MMI 82 was a joint employer of Plaintiff Johnson with ENTHUSIAST. Denied that ENTHUSIAST was Plaintiff's employer. The remainder of this paragraph consists of legal statements and conclusions to which no response is required. To the extent a response is required, Defendant denies such legal statements and conclusions.

226.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

19

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

234.    Denied.

235.    Defendant is without knowledge of the allegations in Paragraph 235 and therefore denies the same. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 235.

236.    Denied.

237.    Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 237.

**<u>COUNT IX</u>**
**29 U.S.C. § 207(1)**
**VIOLATION OF THE FLSA**
**(Plaintiff Thompson against all Defendants)**

238.    Defendant restates its responses to these allegations as if fully set forth herein.

239.    Admitted that MMI 82 was the employer of Plaintiff Thompson at times material. Denied that MMI 82 was ever a joint employer of Plaintiff with ENTHUSIAST. Denied that ENTHUSIAST was ever Plaintiff's employer. The remainder of this paragraph consists of legal statements and conclusions that do not require a response. To the extent that a response is required, denied that the legal statements and conclusions signify any liability of Defendant to Plaintiff.

240.    This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

C A L D E R A   L A W   P L L C

7293 NW 2nd Avenue, Miami, FL 33150

241.   Denied.

242.   Denied.

243.   Denied.

244.   This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

245.   Denied.

246.   Denied.

247.   Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 247.

248.   Denied.

249.   Denied.

250.   Denied.

251.   Denied.

252.   Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 252.

**COUNT IX**
**29 U.S.C. § 207(1)**
**VIOLATION OF THE FLSA**
**(Plaintiff Thompson against all Defendants)**

253.   Defendant realleges and restates its responses to these allegations as if fully set forth herein.

254.   Admitted that MMI 82 was the employer of Plaintiff Thompson at times material. Denied that MMI 82 was ever a joint employer of Plaintiff with ENTHUSIAST. Denied that ENTHUSIAST was ever Plaintiff's employer. The remainder of this paragraph consists of legal statements and conclusions that do not require a response. To the extent that a response is required, denied that the legal statements and conclusions signify any liability of Defendant to Plaintiff.

21

255.     This paragraph consists of a quotation to a federal statute, to which no response is required. To the extent a response is required, Defendant denies that it is liable to Plaintiff under this statute.

256.     Denied.

257.     Denied.

258.     Denied.

259.     Denied.

260.     Denied.

261.     Denied.

262.     Denied.

263.     Denied.

264.     Defendant is without knowledge of the allegations in Paragraph 264 and therefore denies the same. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 264.

265.     Denied.

266.     Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 266.

In answering the unnumbered WHEREFORE clause and Prayer for Relief following Paragraph 266 of the Complaint, Defendant denies Plaintiffs are entitled to any relief whatsoever and, instead, Defendant seeks a judgment of dismissal of the Amended Complaint with prejudice and demands recovery of its recovery attorneys' fees and costs from Plaintiffs for the defense of this action to the greatest extent permitted by law.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs and without admitting any of the allegations or claims in the Amended Complaint, Defendant pleads the

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

following defenses to the Amended Complaint. Defendant reserves the right to plead additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim under Section 1981 against the Defendant upon which relief can be granted. Among other things, the allegations in Plaintiffs' Amended Complaint lacks factual support as to how Plaintiffs were treated differently from comparator employees, lacks sufficient allegations regarding the existence and identity of comparator employees, and lacks sufficient allegations to establish racial or color discrimination or a hostile work environment.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for injuries and damages resulting from occurrence alleged in the operative complaint are barred, or in the alternative, are subject to reduction, by any benefits paid or payable.

### THIRD AFFIRMATIVE DEFENSE

Any damages, which are expressly denied, were not the result of Defendant's actions or omissions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovering any alleged or purported damages which are speculative, uncertain, or incapable of calculation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands as a result of Plaintiffs' conversion, theft, and hijacking of Defendant's laptop and social media accounts, and Plaintiffs'

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

unauthorized booking of guest reservations through their entities and withholding of portions of the payment owed to the Hotel in connection with the reservations.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to damages as a result of Plaintiffs' conversion and hijacking of the laptop and social media accounts, and Plaintiffs' unauthorized booking of guest reservations through their entities and withholding of portions of the payment owed to the Hotel in connection with the reservations. Defendant is entitled to set-off these sums against any amounts found or determined to be owed to Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to take steps to mitigate their alleged damages, delayed unreasonably in doing so, or have taken steps that have exacerbated their alleged damages, by failing to timely demand the payment of any unpaid wages, salary, and/or overtime during the course of their employment, and by failing to exercise reasonable diligence in finding alternative employment substantially equivalent to the positions held with Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of waiver and acquiescence. Plaintiffs failed to timely demand the payment of any unpaid wages, salary, and/or overtime during the course of their employment.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Amended Complaint fails to state a claim under the FLSA against the Defendant upon which relief can be granted. Among other things, the allegations in Plaintiffs' Amended Complaint lacks factual support as to Plaintiff Thompson's entitlement to overtime wages. Plaintiff Thompson was an exempt salaried employee.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs are seeking to recover more than Plaintiffs are entitled to recover in this case, and award of the judgment sought by Plaintiffs would unjustly enrich the Plaintiffs. Moreover, Plaintiffs' claim for alleged emotional distress is unsubstantiated and non-compensable.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts that, even if Plaintiffs' other allegations are true, Plaintiffs did not suffer any damages.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff Thompson's claims were released and are now barred by virtue of her final payment demand on wages owed, which was paid along with an additional $1,000 in settlement of all claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that both Plaintiffs resigned from their employment with Defendant on the same day as the alleged discriminatory conduct and resulting report to Defendant, such that there was no opportunity or ability for Defendant to retaliate against Plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiffs voluntarily resigned from their employment, without prior notice regarding the alleged discriminatory conduct, and were not terminated, thereby limiting their entitlement to lost wages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant asserts that any discrimination experienced by Plaintiffs was *de minimis* and would not satisfy the severe and pervasive element for Plaintiffs' hostile work environment claims.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

## COUNTERCLAIMS

Counter-Plaintiff MMI 82, LLC ("Counter-Plaintiff" OR "MMI") hereby files these Counterclaims against Counter-Defendants Akari Johnson ("Johnson") and Hazel Thompson ("Thompson") (collectively, the "Counter-Defendants") for conversion, unjust enrichment, violation of the CFAA, and breach of duty of loyalty.

## JURISDICTION AND VENUE

1.      This is a civil action seeking damages for conversion, unjust enrichment, violations of the Computer Fraud and Abuse Act, and breach of duty of loyalty.

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all parties reside in the State of Florida and the events giving rise to Counter-Plaintiff's claims occurred in this District.  Also, Counter-Plaintiff was injured in this District as a result of Counter-Defendants' conduct.

## FACTUAL ALLEGATIONS

### A.  Counter-Defendants Converted Money Paid by Guests for Reservations That Should Have Been Paid to the Hotel.

4.      Counter-Plaintiff MMI 82 owns and operates a small, boutique hotel, called Casa Morada (the "Hotel"), in Islamorada, Florida.

5.      Due to its small size and nature, the employees of the Hotel regularly perform various tasks that may be outside of their standard job responsibilities on an as-needed basis.

6.      Counter-Defendants, therefore, performed a variety of tasks that were performed by all front desk agents alike, including moving furniture, running errands and picking up food for guests, and supervising events.

7.      Counter-Defendant Johnson worked as Front Desk Agent for the Hotel.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

8.      Counter-Defendant Thompson worked as the Lead Front Desk Agent for the Hotel.

9.      While working as a Front Desk Agent for the Hotel, Counter-Defendants had access to all bookings and reservations made by guests.

10.     Counter-Defendants were also able to make bookings and reservations for guests at the Hotel.

11.     Counter-Defendant Thompson owned and operated Hospitality Hub Int. LLC ("Hospitality Hub"), which, upon information and belief, was a travel agency.

12.     During the course of Counter-Defendants' employment, Counter-Defendants made guest reservations under the name of Hospitality Hub, instead of under the name of the particular guest in the Hotel's system.

13.     Counter-Defendants would have the guests pay Hospitality Hub instead of the Hotel for the reservations.

14.     The guests believed they were paying the Hotel for the reservations.

15.     In at least one instance, Counter-Defendants overcharged a guest for a reservation. In other words, the guest paid more money to Hospitality Hub than they would have paid if Counter-Defendants made the reservation directly with the Hotel.

16.     In at least one instance, Counter-Defendants lowered the price of the room in the Hotel's system to increase their profit margin on a reservation made through Hospitality Hub.

17.     Counter-Defendants did not have authority to make guest reservations under the name of Hospitality Hub, nor to receive money from guest reservations through Hospitality Hub.

18.     Counter-Defendants transferred only a portion of the total funds received for the reservations to the Hotel, withholding the other portions of the funds owed to the Hotel for the reservations, thus causing financial damage to the Hotel.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

19.     In at least one instance, when a guest arrived at the Hotel, there was no record of a reservation or of any payment by a guest who had made a reservation with Hospitality Hub, nor any payment from Hospitality Hub to the Hotel in connection with the reservation.

20.     To date, Counter-Defendants have not transferred to the Hotel all funds received by Hospitality Hub for guest reservations that were properly due to the Hotel.

**B. Counter-Defendants Restricted and Refused to Reinstate the Hotel's Access to Its Own Social Media.**

21.     In addition to welcoming and checking-in guests, Counter-Defendants were asked by the general manager of the Hotel to help with the Hotel's social media accounts.

22.     The Hotel owns a Facebook and Instagram account, which it uses to promote its business and services to potential customers.

23.     Upon their resignation from their employment with the Hotel, Counter-Defendants lost the authority given to them to access or post to the Hotel's social media.

24.     Counter-Defendants, however, did not cease to access the Hotel's social media.

25.     Counter-Defendants changed the passwords and authentication phone number to the Hotel's social media, thereby restricting the Hotel's access to its own social media.

26.     Specifically, Counter-Defendant Johnson changed the backup phone number necessary to reset the password to the social media accounts to his phone number, thereby making it impossible for MMI to reset the password without Counter-Defendant Johnson's cooperation.

27.     Despite numerous demands, Counter-Defendants failed to reinstate the Hotel's access to the social media accounts.

28.     The Hotel was unable to access its social media accounts for several months.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

29.     Because a large part of the Hotel's promotion and advertising was performed through its social media pages, the Hotel suffered a significant financial loss as a result of its inability to advertise its services and attract potential guests.

30.     Due to Counter-Defendants' refusal to restore access, MMI was forced to hire a vendor to restore its access to the Hotel's social media accounts.

31.     All conditions precedent to this action have been performed, excused, waived, or would have proven futile if attempted.

**COUNT I – CONVERSION**
**Guest Payments**
**(Against Counter-Defendant Thompson)**

32.     MMI 82 adopts and realleges the allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

33.     Counter-Defendant Thompson obtained funds from guests for room reservations made by Counter-Defendants through Hospitality Hub, and deprived the Hotel of the benefit of the entirety of those payments, which should have been paid directly to the Hotel.

34.     Counter-Defendant Thompson was not entitled to and did not possess a superior right to the money paid by the guests for reservations with the Hotel.

35.     Counter-Defendant exercised wrongful dominion and control over the guests' funds to the detriment of MMI 82.

36.     As a direct and proximate result of Counter-Defendant's actions, MMI 82 has suffered and will suffer damages in an amount to be determined at trial.

WHEREFORE, MMI 82 respectfully requests this Court enter judgment in its favor for damages, including pre-judgment interest, post-judgment interest, and costs, and grant any other and further relief deemed just and proper.

29

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

## COUNT II – UNJUST ENRICHMENT[2]
### Guest Payments
### (Against Counter-Defendant Thompson)

37.     MMI 82 adopts and realleges the allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

38.     Counter-Defendant Thompson received a direct benefit in the form of profit from the guest reservations made through Hospitality Hub that was not remitted to the Hotel. This benefit is of real and tangible value to Counter-Defendant.

39.     Counter-Defendant had knowledge of the benefit conferred upon her and voluntarily accepted and retained those benefits.

40.     Under the circumstances, it would be inequitable and unjust for Counter-Defendant to retain the guest payments that are properly due to the Hotel.

41.     As a direct and proximate result of Counter-Defendant's actions, MMI 82 has suffered damages in an amount to be determined at trial.

42.     MMI 82 does not have an adequate remedy at law.

WHEREFORE, MMI 82 respectfully requests this Court enter judgment in its favor for damages, including pre-judgment interest, post-judgment interest, and costs, and grant any other and further relief deemed just and proper.

## COUNT III – CONVERSION
### Social Media
### (Against Counter-Defendants Johnson and Thompson)

43.     MMI 82 adopts and realleges the allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

---

[2] Defendant pleads Count II in the alternative to Count I.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

44.     Counter-Defendants deprived the Hotel of the benefit of its social media accounts by changing and converting the login credentials and refusing to reinstate the Hotel's access despite numerous demands, thereby depriving the Hotel of access to the accounts.

45.     Counter-Defendants were not entitled to and did not possess a superior right to the Hotel's social media accounts.

46.     Counter-Defendants exercised wrongful dominion and control over the Hotel's social media accounts.

47.     MMI is the rightful owner of and had legal title to the Hotel's social media accounts, and has at all times had the right to possess and control the social media accounts' passwords and administrative rights.

48.     As a direct and proximate result of Counter-Defendants' actions, MMI 82 has suffered damages in an amount to be determined at trial.

WHEREFORE, MMI 82 respectfully requests this Court enter judgment in its favor for damages, including pre-judgment interest, post-judgment interest, and costs, and grant any other and further relief deemed just and proper.

## COUNT IV – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
### 18 U.S.C. § 1030(a)
### (Against Counter-Defendants Johnson and Thompson)

49.     MMI 82 adopts and realleges the allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

50.     Counter-Defendants intentionally accessed without authorization and/or exceeded authorized access to log into the Hotel's social media accounts and change the password and authorization phone number to the accounts.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

51.    Counter-Defendants intentionally withheld the password to the Hotel's social media accounts from MMI and refused to reinstate MMI's access to the accounts despite numerous demands.

52.    Counter-Defendants were not entitled to access the Hotel's social media after their resignation to change the login credentials to the social media accounts.

53.    Counter-Defendants exercised wrongful dominion and control over the Hotel's social media accounts and were not entitled to withhold the password to the accounts from MMI.

54.    As a direct and proximate result of Counter-Defendants' actions, MMI 82 has suffered damages in an amount exceeding $5,000 and to be determined at trial.

WHEREFORE, MMI 82 respectfully requests this Court enter judgment in its favor for damages, including pre-judgment interest, post-judgment interest, attorney's fees, and costs, and grant any other and further relief deemed just and proper.

## COUNT V – BREACH OF DUTY OF LOYALTY
### (Against Counter-Defendants Johnson and Thompson)

55.    MMI 82 adopts and realleges the allegations contained in paragraphs 1 through 31 above as if fully set forth herein.

56.    As employees, Counter-Defendants owed a duty of loyalty to MMI.

57.    Specifically, Counter-Defendants were bound to act solely for the benefit of MMI and the Hotel, advance only the interests of MMI and the Hotel in all matters within the scope of their employment, and avoid conflicts between their duties to the Hotel and their own self-interests.

58.    Counter-Defendants further owed a duty to exercise the utmost good faith and loyalty to MMI and the Hotel in the performance of their duties as employees.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

59.     As a consequence of these duties, Counter-Defendants were prohibited from acting in a manner inconsistent with their agency for MMI and the Hotel and the trust bestowed upon them.

60.     Counter-Defendants breached their duties to MMI and the Hotel by, among other things: (1) directing guest reservations and payments to their entity, Hospitality Hub; (2) withholding money paid by guests for reservations from the Hotel; (3) charging guests a higher price than the guests would have paid if they made a reservation directly with the Hotel instead of with Hospitality Hub; (4) lowering the price of rooms to increase their profit margin on reservations made through Hospitality Hub; (5) changing the login credentials to the Hotel's social media accounts; and (6) refusing to reinstate the Hotel's access to the social media accounts despite numerous demands.

61.     As a direct and proximate result of Counter-Defendants' actions, MMI 82 has suffered damages in an amount to be determined at trial.

WHEREFORE, MMI 82 respectfully requests this Court enter judgment in its favor for damages, including pre-judgment interest, post-judgment interest, and costs, and grant any other and further relief deemed just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant MMI 82 demands a trial by jury on all issues so triable.

## **DEMAND FOR ATTORNEYS' FEES AND COSTS**

Defendant MMI 82 demands an award of its reasonable attorneys' fees and costs incurred in connection with this lawsuit as provided by law.

CALDERA LAW PLLC

7293 NW 2nd Avenue, Miami, FL 33150

Respectfully submitted,

**CALDERA LAW PLLC**
7293 NW 2nd Ave.
Miami, Florida 33150
Telephone: (786) 321-3811

By:      */s/ Anthony V. Narula*
           Anthony V. Narula, Esq. (FBN 56546)
           anthony@caldera.law
           Rasheem Johnson, Esq. (FBN 1011350)
           rasheem@caldera.law
           eservice@caldera.law

           *Counsel for Defendant MMI 82, LLC*