## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

AKARI JOHNSON and
HAZEL THOMPSON,

               Plaintiffs,

CASE NO.: 4:24-CV-10017-JEM

v.

MMI 82, LLC, and
THE ENTHUSIAST LLC,

               Defendants.

_____/

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS BASED ON DEFENDANTS' SPOLIATION OF EVIDENCE

Plaintiffs, Akari Johnson ("Mr. Johnson") and Hazel Thompson ("Ms. Thompson"), by and through their undersigned counsel and pursuant to Local Rule 7.1(c)(1) and other applicable rules and laws, hereby file their Reply to Defendants' Response to Plaintiffs' Motion for Sanctions (ECF No. 51; the "Response"), and in support thereof state as follows:

### INTRODUCTION

In their Response, Defendants first seek to evade the imposition of sanctions for their intentional spoliation of evidence by cherry-picking the newly obtained deposition testimony of Defendants' former General Manager, Daniella Rodriguez ("Ms. Rodriguez"), in an attempt to cast doubt on Ms. Rodriguez's prior sworn admission that the timecards at issue were in fact destroyed under the direction and supervision of Defendants' owner and manager, Oneil Khosa. Not surprisingly, Defendants entirely omit those portions of Ms. Rodriguez's testimony which further substantiate this conclusion and her sworn declaration, and fail to disclose that the newly obtained deposition testimony of Ms. Rodriguez's predecessor as General Manager of the Casa Morada

1

hotel, Aileen Gonzalez ("Ms. Gonzalez"), further sheds light on Defendants' pattern and practice of intentionally and unlawfully destroying its employees' time and pay records.

Next, Defendants suggest that their recent supplemental production of documents containing Defendants' employee schedules and payroll spreadsheet (which Defendants improperly withheld for nearly one year, and produced only after the filing of Plaintiffs' Motion) "now moots the Motion." (ECF No. 51, at 1.) However, these belatedly disclosed documents serve merely as a red herring, fail to reconcile the testimony of Defendants' General Managers, and do not include the documents that Plaintiffs purport to have been destroyed: their timecards.

Given that these arguments skirt the central issue to Plaintiffs' Motion—that Defendants intentionally destroyed the Plaintiffs' timecards, which Defendants possessed a duty to preserve— the Court should sanction the Defendants for spoliation of evidence.

### I.     <u>Sufficient Evidence Exists To Justify The Imposition Of Sanctions.</u>

Plaintiffs filed their Motion to address the concern that Defendants destroyed Plaintiffs' timecards, which Defendants possessed a duty to preserve by virtue of: (i) the FLSA; (ii) Plaintiffs' pre-suit claim letters; and (iii) Defendants' investigation by the U.S. Department of Labor ("DOL"). Initially, this Motion was primarily based on the sworn declaration of Defendants' former General Manager, Ms. Rodriguez, who admitted that during the DOL's investigation of Defendants' Casa Morada hotel, Defendants' owner/manager, Oneil Khosa ("Mr. Kohsa"), "instructed [her] to make key files, including paychecks, paystubs, and other financial records, 'disappear,' as if 'there was a hurricane that destroyed them.'" (ECF No. 44-3, at ¶ 18.)

After Plaintiffs filed their Motion, Defendants conducted the deposition of Ms. Rodriguez, during which she admitted her sworn statements contained in the declaration were truthful—i.e. that Oneil Khosa instructed her to destroy key personnel documents. (*See* Rodriguez Dep., attached

hereto as "Exhibit A", at 167:7-9). When questioned during the deposition whether Oneil Khosa

asked Ms. Rodriguez "to destroy key documents, as if there was a hurricane that destroyed them[,]"

however, Ms. Rodriguez testified that she did not recall. (*Id.* at 166:7-11.) But when pressed further

on this issue, Ms. Rodriguez proceeded to testify that on one occasion, Mr. Khosa did in fact

instruct her and two of her coworkers to throw away timecards of the hotel's employees. (*Id.* at

114:14-115:16, 166:12-23.) This incident took place in approximately August of 2024—around

the time that Ms. Rodriguez's employment was terminated after being accused of stealing Ms.

Khosa's Rolex watch. (*See id.* at 26:18-27:1, 70:21-71:7, 114:14-115:16.)  However, at the time

that Mr. Khosa orchestrated the destruction of these timecards, he had been aware of Plaintiffs'

claims and his duty to preserve evidence relevant thereto for approximately seven months—after

being served with Plaintiffs' claim letters dated January 25 and 31, 2024. (*See* Plaintiffs' Claim

Letter to MMI 82 LLC, ECF No. 44-9; *see also* Plaintiffs' Claim Letter to The Enthusiast LLC,

ECF No. 44-10.)

   In addition to Ms. Rodriguez's sworn testimony, her predecessor as General Manager, Ms.

Gonzalez, proffered further evidence substantiating the notion that Defendants destroyed or

discarded Plaintiffs' timecards. During Ms. Gonzalez's deposition (also taken after the filing of

Plaintiffs' Motion), Ms. Gonzalez testified as to Defendants' pattern or practice of destroying time

and pay records despite their duty to maintain such records under the FLSA. Ms. Gonzalez testified

that around November of 2020, Mr. Khosa instructed her to rent a dumpster from Discount Rock

& Sand for the purpose of throwing away personnel records of the hotel's employees (some of

whom still worked at Casa Morada), including their timecards and pay records. (Gonzalez Dep.,

attached hereto as "Exhibit B," at 178:5-181:1.) Per Mr. Khosa's instructions, Ms. Gonzalez and

multiple hotel employees discarded these personnel records in the dumpster rented by Casa Morada while "on the clock," working for Defendants. (*Id.* at 182:3-20.)

Finally, Ms. Gonzalez maintained that Plaintiff Johnson was required to clock in and out for every shift using Defendants' card-punch time tracking device (*Id.* at 184:9-12), and that Plaintiff Thompson was similarly required to clock in and out during the time she was paid an hourly, rather than salaried, rate (*Id.* at 185:19-22). Ms. Gonzalez testified that after Plaintiffs submitted their timecards to her, she would store them in a banker's box located in the back office of Casa Morada. (*Id.* at 127:6-10, 184:24-185:3.) Nonetheless, in response to Plaintiffs' Requests for Production, Defendants produced zero (0) timecards for Plaintiff Thompson, and only twelve (12) daily timecards for Plaintiff Johnson (ECF No. 52-6)—although Mr. Johnson typically worked four (4) to five (5) shifts per week during his tenure with Defendants, from June 2023 through December 2023. (*See* ECF No. 52-5, at 32-51.) During Ms. Gonzalez's deposition, when presented with Mr. Johnson's timecards (ECF No. 52-6) and asked whether these were the extent of Johnson's timecards maintained by hotel, Ms. Gonzalez testified that "There was way more." (Exhibit B, at 184:13-18.) Defendants have failed to proffer any explanation as to these timecards' disappearance.

II.     **Defendants' Supplemental Production Does Not Obviate Their Duty To Preserve Relevant Evidence.**

Next, Defendants contend—without citing to any supporting legal authority—that because they supplementally produced Defendants' employee schedules and payroll spreadsheet, Plaintiffs' Motion is now rendered "moot." Notably, this spreadsheet was produced only after Plaintiffs filed their Motion, one year after being served with Plaintiffs' Requests for Production, and approximately two weeks prior to the parties' deadline to complete discovery (*see* ECF No. 43).

Such belated compliance does not erase Defendants' earlier failure to engage in good-faith discovery efforts.

Defendants argue that the payroll spreadsheet may be a sufficient replacement to calculate Plaintiffs' hours, however this document falls short. Defendants' payroll spreadsheet is insufficient because it reflects only aggregated hours and pay totals without the underlying daily start and stop times that timecards would show. It omits critical information such as when Plaintiffs actually worked each day, whether they took breaks, or whether the hours were modified—details essential to proving FLSA violations. Additionally, the spreadsheet was produced only in PDF format, preventing analysis of metadata and edit history, and lacks the contemporaneous reliability of original timekeeping records, which Defendants were legally required to preserve.

Most importantly, Defendants' production of the PDF-version of the payroll spreadsheet and work schedules does not rectify or address the central issue to Plaintiffs' Motion: that Defendants intentionally destroyed Plaintiffs' timecards which they were required to maintain, and which serve as the most critical pieces of evidence to proving Plaintiffs' FLSA claims. While Defendants maintain that they have now "produced evidence of all time worked by Plaintiff[s] that they recorded" (ECF No. 51, at 2), this contention is clearly contradicted by Ms. Gonzalez's testimony that, during her tenure, "way more" timecards existed for Plaintiff Johnson, and at least some timecards existed for Plaintiff Thompson (although none were produced).

A simple but critical fact remains: despite their supplemental discovery responses, Defendants still have not produced a single timecard or daily timesheet for Ms. Thompson, and have produced only a small fraction of the timecards for Mr. Johnson. This failure persists even though Ms. Gonzalez, Defendants' long-time General Manager, testified unequivocally that timecards were kept for both Plaintiffs and stored in Casa Morada's back office. Given that

Defendants had a statutory duty to preserve these records, and that multiple former managers testified that Defendants routinely destroyed time and pay records at the direction of Mr. Khosa, the only reasonable and legally supportable inference is that these timecards were intentionally destroyed. Defendants' silence on this issue is telling—and fatal.

Further, Defendants contend that "MMI complied with the FLSA's recordkeeping requirements for both Plaintiffs." *See* Def. Resp. at p. 15-16. Defendant makes this entirely inaccurate statement just a few lines after citing 29 CFR 516.2, which states in part:

> "Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:
> …
> (7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays)…"

29 CFR 516.2 (a)(7). Defendants boldly claim they have adhered to all requirements under 29 CFR 516.2, however this is untrue. Defendants cannot accurately and truthfully identify these statutory requirements, nor can they identify which days Plaintiffs worked, when Plaintiffs arrived to work, when Plaintiffs clocked in and out for lunch, when Plaintiffs left, and when Plaintiffs worked any hours in excess of forty (40). Any attempt made by Defendants to calculate Plaintiffs' total hours has been made without all necessary documentation, as illustrated by Defendants' shortcomings during the discovery process, and the failure to produce these records comes without any substantial explanation.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Sanctions. The record is clear that Defendants intentionally destroyed critical timekeeping records— documents they were legally required to preserve under the FLSA and after receiving notice of

Plaintiffs' claims. Defendants' destruction of these records was not accidental, isolated, or harmless; it was deliberate, repeated, and prejudicial. The belated production of incomplete payroll summaries in PDF format does not cure the loss of contemporaneous, detailed timekeeping data necessary to establish Plaintiffs' entitlement to and calculation of overtime wages. Accordingly, Plaintiffs request the imposition of sanctions in the form of default judgment or, in the alternative, a jury instruction that the Defendants intentionally destroyed timekeeping records that would have otherwise been favorable to Plaintiffs and unfavorable to Defendants.

Dated:  Miami, Florida
    July 11, 2025,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiffs*

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.
Florida Bar No.: 1049271
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Danielb@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on July 11, 2025, on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Daniel J. Barroukh*
Daniel J. Barroukh, Esq.

## SERVICE LIST

**CALDERA LAW**
*Counsel for Defendants*
7293 NW 2nd Ave
Miami, Florida 33150
Tel: (786) 321-3811
Fax: (305) 665-6684
Email: eservice@caldera.law

ANTHONY V. NARULA, ESQ.
Florida Bar No.: 56546
anthony@caldera.law

RASHEEM JOHNSON, ESQ.
Florida Bar No.: 1011350
rasheem@caldera.law

JOANNA NIWOROWSKI, ESQ.
Florida Bar No.: 1031440
joanna@caldera.law