UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AKARI JOHNSON and
HAZEL THOMPSON,

        Plaintiffs,

CASE NO.: 4:24-CV-10017-JEM

v.

MMI 82, LLC, and
THE ENTHUSIAST LLC,

        Defendants.
_____/

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISSAL WITH PREJUDICE**

Plaintiffs, Akari Johnson ("Mr. Johnson") and Hazel Thompson ("Ms. Thompson") (collectively "Plaintiffs"), and Defendants, MMI 82, LLC and THE ENTHUSIAST LLC (collectively "Defendants"), hereby file this Joint Motion to Approve Settlement and Dismissal with Prejudice, and state as follows:

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs' Amended Complaint asserts claims against Defendants for, among other things, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). [ECF No. 26.] Defendants timely filed an Answer denying Plaintiffs' claim for unpaid overtime wages. The parties negotiated a settlement agreement as to the FLSA claims with no admission of liability (the "Settlement Agreement") to avoid incurring additional attorneys' fees and costs and the uncertainty of litigation. A copy of the signed Settlement Agreement containing every term and condition of the parties' settlement is attached hereto as Exhibit "A." The parties respectfully request the Court's review and approval of the Settlement Agreement pursuant to *Lynn's Food Stores, Inc. v. United*

1

*States*, 679 F.2d 1350 (11th Cir. 1982) and to dismiss this case with prejudice upon receipt of the settlement payment by Plaintiffs.

Under the negotiated settlement agreement, Plaintiffs will receive the total amount of $11,000.00 in unpaid overtime wages and in alleged liquidated damages.

Plaintiffs' counsel will receive the total amount of $9,000.00, which counsel for Plaintiffs represents is a fair and reasonable compromise of Plaintiffs' attorneys' fees and costs as to the FLSA claims.

## II. MEMORANDUM OF LAW

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977), Courts are to consider the following factors

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F.Supp.3d 1237 (11th Cir. 2016).

**(1) There Was No Fraud or Collusion.**

In this case, there was no fraud or collusion, as both parties were represented by counsel experienced in FLSA claims.

**(2) The Complexity, Expense, and Length of Litigation Support Early Resolution.**

The expense and length of litigation weigh heavily in favor of settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and exceed any damages Plaintiffs could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each parties' resources.

**(3) The Parties Resolved this Case at the Appropriate Stage.**

Before resolving this case, the parties exchanged sufficient information that enabled them to consult with their counsel and make an informed decision about whether to continue litigating or to resolve this case. The parties exchanged time and pay records and took depositions of key witnesses. Based on this analysis and after participating in a mediation with Robyn S. Hankins, Monday, July 15, 2025, the parties resolved this matter.

**(4) The Probability of Success on the Merits Supports Settlement.**

The parties disagree about the merits of the Plaintiffs' claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved.

Defendant MMI 82, LLC argued that (1) Plaintiff Ms. Thompson was an exempt, salaried employee as a Lead Front Desk Agent and Event Coordinator who supervised other employees, had discretion in connection with the performance of her duties, and was a professional with specialized skills and training, (2) Plaintiff Johnson was paid all due overtime, (3) Plaintiff

3

Thompson released all claims for overtime wages upon receipt of additional compensation in connection with her final payroll payment, and (4) Defendant The Enthusiast, LLC was not the employer of the Plaintiffs. Accordingly, the Plaintiffs' probability of success on the merits and the uncertainty they would recover any amount—let alone an amount greater than what the settlement provides—further support the validity, reasonableness, and fairness of the settlement at issue.

### (5) The Range of Possible Recovery Supports Approval.

The parties' settlement takes into account the validity of Plaintiffs' claims, the defenses thereto, and the length of time it would take for Plaintiffs to present their claims at trial.

### (6) Counsel Agree That The Settlement Is Fair.

The parties agree that there are genuine disputes as to whether or not Plaintiffs worked the alleged number of hours on a weekly basis. Considering the facts of this case, including the amount claimed, the records produced, as well as the defenses asserted, the parties agree that the proposed settlement reached by the parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiffs' claims. Plaintiffs' counsel's fees are reasonable given the time expended, the rates of Plaintiffs' counsel, and the potential for protracted litigation. Plaintiffs' counsel represents that he compromised the attorneys' fees incurred as to the FLSA claims to resolve this case at this juncture.

Plaintiffs' counsel's attorneys' fees and costs were negotiated separate and apart and did not compromise the settlement amount to Plaintiffs. Counsel for Plaintiffs shall receive $9,000.00 in attorneys' fees and costs, which have been incurred in this action. Plaintiffs' counsel charges an hourly rate of $300. As such, Plaintiffs' recovery was not adversely affected by the amount of attorneys' fees paid to counsel, and the settlement is fair and reasonable on its face.

Based upon the foregoing, Plaintiffs and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiffs' FLSA action with prejudice, with each party to bear its own costs, attorneys' fees, and expenses (except as otherwise set forth in the parties' Settlement Agreement). The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement and upon receipt of the settlement payment by Plaintiffs.

Respectfully submitted this 21st day of July 2025,

| **DEREK SMITH LAW GROUP, PLLC** | **CALDERA LAW PLLC** |
|---|---|
| */s/ Daniel J. Barroukh* | */s/ Anthony Narula* |
| Daniel J. Barroukh, Esq. | Anthony V. Narula, Esq. |
| Florida Bar No.: 1049271 | Florida Bar No.: 56546 |
| DEREK SMITH LAW GROUP, PLLC | CALDERA LAW PLLC |
| 520 Brickell Key Drive, Suite O-301 | 7293 NW 2nd Ave |
| Miami, Florida 33131 | Miami, Florida 33150 |
| Tel: (786) 688-2335 | anthony@caldera.law |
| danielb@dereksmithlaw.com | |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |