## SETTLEMENT AGREEMENT
## PURSUANT TO FAIR LABOR STANDARDS ACT

Akari Johnson ("Johnson") and Hazel Thompson ("Thompson") (collectively referred to as "Plaintiffs"), on the one hand, and MMI 82 LLC ("MMI") and The Enthusiast LLC ("Enthusiast"), together with each of their predecessors, successors, subsidiaries, parent companies, owners, and related entities, legal representatives and any other related entities (collectively referred to as "Defendants"), on the other hand, hereby enter this Settlement Agreement (this "Agreement"). Plaintiffs and Defendants may be collectively referred to hereinafter as the "Parties" or individually referred to hereinafter as a "Party".

**WHEREAS**, Plaintiffs filed a lawsuit in federal court, styled as *Johnson, et al. v. MMI 82, LLC, et al.*, Case No. 4:24-cv-10017-JEM, currently pending in the U.S. District Court for the Southern District of Florida, alleging that they were each owed compensation for unpaid overtime, along with liquidated damages and attorney's fees (the "Lawsuit"); and

**WHEREAS,** the Parties intend to fully and completely resolve such claims,

**NOW THEREFORE**, in consideration of the mutual promises and other consideration provided in this Agreement, the Parties hereby agree as follows:

1. MMI shall pay a total settlement amount of $20,000.00 (the "Settlement Sum"), in four separate checks made payable as follows:

    A. One check payable to Plaintiff Johnson in the amount of $2,750, for alleged unpaid overtime for which MMI shall issue a W-2 to him;

    B. One check payable to Plaintiff Johnson in the amount of $2,750, for alleged liquidated damages for which MMI shall issue a 1099-MISC to him;

    C. One check payable to Plaintiff Thompson in the amount of $2,750, for alleged unpaid overtime for which MMI shall issue a W-2 to her;

    D. One check payable to Plaintiff Thompson in the amount of $2,750, for alleged liquidated damages for which MMI shall issue a 1099-MISC to her; and

    E. One check payable to Derek Smith Law Group, PLLC in the amount of $9,000, for all attorneys' fees and costs Plaintiffs have incurred in connection with their FLSA matter.

2. The Settlement Sum shall be federal expressed to Derek Smith Law Group, PLLC, 520 Brickell Key Drive, Suite O-301, Miami, Florida 33131, U.S. within ten (10) days of the Court's entering an order approving the terms of the Agreement.

3. Plaintiffs' counsel will file a joint motion to approve this Agreement seeking dismissal of the FLSA claims (Counts VII-X of the operative Amended Complaint, DE 26, filed in the Lawsuit) with prejudice upon receipt of the Settlement Sum.

4.      Upon receipt of the Settlement Sum by the Derek Smith Law Group, PLLC, the Parties will file a Stipulation of Dismissal of the Action with Prejudice for the FLSA claims (Counts VII-X of the operative Amended Complaint, DE 26, filed in the Lawsuit) with prejudice upon receipt of the Settlement Sum.

5.      The Parties agree that the Settlement Sum is to compensate Plaintiffs fully for their claims brought under the FLSA. Defendants have denied, and continue to deny, that Plaintiffs incurred such damages, but wish to settle the claims raised in the Lawsuit. The Parties agree that there is a dispute as to whether Plaintiffs properly paid their overtime wages, whether Plaintiff Thompson was appropriately classified as an exempt employee under the FLSA, and  agree that this Agreement is intended to fully and finally resolve all issues as to the Plaintiffs.  Neither the negotiation nor execution of this Agreement shall constitute, operate, or be construed as an acknowledgement or admission of any kind either that Defendants or any of the Releasees (as that term is hereinafter defined) violated the FLSA.

6.      Plaintiffs shall pay all taxes associated with the payment of the Settlement Sum, if any, and shall indemnify and hold harmless Defendants from all liabilities, claims, costs, fees and damages, if any, pertaining to such tax obligations.  Plaintiffs acknowledge that no representations have been made to them with respect to the taxability of the payments made under this Agreement, that they have been advised that the payments are taxable as income, and that they are advised to seek advice from a qualified tax professional as to the taxability of the payments made under this Agreement. Plaintiffs will be provided a W-2 and a 1099 for the Settlement Sum paid to them individually. If Plaintiffs individually or collectively do not pay taxes, the interest and penalties are the responsibility of Plaintiffs alone.  Moreover, it is further agreed that this is a final settlement and that, in the event the Internal Revenue Service ("IRS") or any other government entity determines that Plaintiffs owe taxes based on receipt of the Settlement Sum, Plaintiffs have no right to seek additional funds from any of the Defendants, even though the actual amount of settlement proceeds will decrease by amounts owed to the government.

7.      Plaintiffs, upon receipt of the Settlement Sum, individually and on their own behalf and on behalf of each of their respective descendants, dependents, heirs, executors, administrators, assigns and successors ("Releasors"), covenants not to sue, and releases, absolves and discharge Defendants, and each of Defendants' predecessors, successors, assigns, subsidiaries, parent corporations, affiliated and constituent partnerships and corporations, affiliates or related business entities, past and present and each of their trustees, directors, officers, shareholders, principals, agents, attorneys, employees and managers, past and present (collectively "Releasees"), from any and all claims, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, wages, obligations, debts, expenses, attorneys' fees, costs, damages, judgments, orders and liabilities that were or could have been raised arising out of their employment or working relationship with Defendants or the separation of that working relationship, based in law, equity or otherwise, known or unknown, suspected or unsuspected, which Plaintiffs or any of them, now own or hold, has at any time owned or held, or may in the future discover that they

2

owned or held, against Releasees, or any of them, which are alleged or set forth in the Amended Complaint, DE 26, filed in the Lawsuit. Without in any way limiting the foregoing provisions, this is a full and complete release of all claims, demands, and causes of action raised or that could have been raised by Plaintiffs against the Defendants.

8.      Releasees, on their own behalf and on behalf of their successors and assigns, hereby release Plaintiffs, and each of them, of any and all claims they have, could have, or may hereafter learn they (or any of them) had, from the beginning of the world to the date of this Agreement.

9.      The Parties, and specifically Johnson, Thompson, MMI and Enthusiast individually, represent and agree that this Agreement is reasonable as to resolution, that it is a compromise of a disputed claim, that the Parties each have participated in the negotiation process and agree to the attorneys' fees and costs being reasonable.  All Parties stipulate to the reasonableness of the attorneys' fees and intend to have this Court approve this Agreement.

10.     Defendants agree that, in the event an employment reference is sought for Plaintiffs it will release no information relating to Plaintiffs other than a neutral employment reference and verify for each Plaintiff their position(s) held and dates of employment.

11.     The Parties acknowledge and agree that neither has promised the other consideration other than as provided for by this Agreement in connection with Plaintiffs' FLSA claims.

12.     This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, both substantive and remedial, with venue being appropriate in Miami-Dade County, Florida.  Moreover, should any dispute as to this Agreement arise, the Parties specifically agree that any action to enforce this Agreement should be brought in Miami-Dade County, Florida, and the Parties waive any argument or issue with respect to personal jurisdiction in this regard.

13.     THE PARTIES AGREE TO WAIVE ANY RIGHT TO TRIAL BY JURY IN ANY PROCEEDING, ACTION, OR LITIGATION RELATING TO OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH, DIRECTLY OR INDIRECTLY, THIS AGREEMENT.

14.     The failure of any provision of this Agreement shall in no manner affect the right to enforce the same, and the waiver by any party of any breach of any provision of this Agreement shall not be construed to be a waiver of such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

15.     The prevailing party shall be entitled to any attorney's fees and court costs incurred in enforcing this Agreement or in defending any claim brought in violation hereof,

3

including, but not limited reasonable attorneys' fees and costs incurred in litigation entitlement to attorneys' fees and costs and in determining or quantifying the amount of recoverable attorneys' fees and costs.

16.   This Agreement represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and there are no promises, agreements, conditions, undertakings, warranties, or representations, whether written or oral, express or implied, between the parties other than as set forth herein.

17.   The Parties intend this Agreement to be a complete and exclusive statement of the terms of their agreement which may not be explained or supplemented by evidence of consistent additional terms. This Agreement may not be altered or modified except by a written instrument executed by all the Parties.

18.   This Agreement may be executed in counterparts, and upon such execution, shall be complete, and the terms, provisions and obligations set forth shall be in full force and effect.

19.   Plaintiffs represent and warrant (a) that this Agreement is written in a manner calculated to be understood by them; (b) that they fully understand the meaning and intent of this Agreement; (c) that they are waiving rights and claims in exchange for consideration that is in addition to anything of value to which they are already entitled; (d) that they have consulted with their attorney before executing this Agreement; and (e) that they have knowingly and voluntarily executed this Agreement.

20.   The signatory on behalf of Defendants represents and warrants that he has the full authority to enter into this Agreement on Defendants' behalf.

21.   This Agreement was drafted and entered into after careful review and upon the advice of the respective Parties' competent counsel; it may not be construed more strongly for or against any of the Parties.

22.   In the event any provisions in this Agreement shall be held to be invalid, such a determination shall not affect the validity of the remainder of this Agreement.

23.   This Agreement shall be binding upon, and inure to the benefit of the Parties hereto, their legal representatives, successors, and assigns.

**SIGNATURES CONTAINED ON THE NEXT PAGE**

| This Agreement is hereby accepted and agreed to: | **Akari Johnson**<br><br>By: _Akari Johnson_<br><span style="font-size:small">Akari Johnson (Jul 15, 2025 22:49 EDT)</span><br><br>Print Name: Akari Johnson<br><br>Date: 15/07/2025 |
|---|---|
| This Agreement is hereby accepted and agreed to: | **Hazel Thompson**<br><br>By: _____<br><span style="font-size:small">Hazel Thompson (Jul 15, 2025 22:52 EDT)</span><br><br>Print Name: Hazel Thompson<br><br>Date: 15/07/2025 |
| This Agreement is hereby accepted and agreed to: | **MMI 82, LLC**<br><br>By: _____<br><br>Title: Member<br><br>Print Name: Oneil Khosa<br><br>Date: 16/07/2025 |
| This Agreement is hereby accepted and agreed to: | **The Enthusiast, LLC**<br><br>By: _____<br><br>Title: Member<br><br>Print Name: Oneil Khosa<br><br>Date: 16/07/2025 |

# CONFIDENTIAL SETTLEMENT AGREEMENT

Final Audit Report                                                                                                  2025-07-16

| | |
|---|---|
| Created: | 2025-07-16 |
| By: | Robyn Hankins (robyn@hankins-law.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAU8VjPaK8OhX6Py-mJ02oRGHYB0RreuOI |

## "CONFIDENTIAL SETTLEMENT AGREEMENT" History

📄 Document created by Robyn Hankins (robyn@hankins-law.com)
2025-07-16 - 2:25:49 AM GMT- IP address: 69.111.180.7

✉️ Document emailed to Akari Johnson (akarijohnson7@gmail.com) for signature
2025-07-16 - 2:25:54 AM GMT

✉️ Document emailed to Hazel Thompson (ms.hazelcthompson@gmail.com) for signature
2025-07-16 - 2:25:54 AM GMT

✉️ Document emailed to Oneil Khosa (oneilrk@gmail.com) for signature
2025-07-16 - 2:25:54 AM GMT

📧 Email sent to danielb@dereksmithlaw.co bounced and could not be delivered
2025-07-16 - 2:25:59 AM GMT

📄 Email viewed by Oneil Khosa (oneilrk@gmail.com)
2025-07-16 - 2:26:04 AM GMT- IP address: 74.125.209.8

📄 Email viewed by Hazel Thompson (ms.hazelcthompson@gmail.com)
2025-07-16 - 2:26:05 AM GMT- IP address: 74.125.210.166

📄 Email viewed by Akari Johnson (akarijohnson7@gmail.com)
2025-07-16 - 2:26:13 AM GMT- IP address: 64.246.133.4

✒️ Document e-signed by Oneil Khosa (oneilrk@gmail.com)
Signature Date: 2025-07-16 - 2:32:26 AM GMT - Time Source: server- IP address: 49.36.192.254

✒️ Document e-signed by Akari Johnson (akarijohnson7@gmail.com)
Signature Date: 2025-07-16 - 2:49:58 AM GMT - Time Source: server- IP address: 172.58.133.101

✒️ Document e-signed by Hazel Thompson (ms.hazelcthompson@gmail.com)
Signature Date: 2025-07-16 - 2:52:39 AM GMT - Time Source: server- IP address: 172.58.131.237



Law Office of Robyn S. Hankins

Powered by
Adobe
Acrobat Sign

✅ Agreement completed.
2025-07-16 – 2:52:39 AM GMT

Law Office of
Robyn S. Hankins

Powered by
Adobe
Acrobat Sign